**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 0 5 2024

MITCHELL R. ELFERS
CLERK

**JARROD LOWREY,**
       **Plaintiff,**

**Jury Trial Demanded**

**vs.**

Case No. **CV 24-225**

**NANCY COLLELA, in her official capacity,   CHERYL H. JOHNSTON, in her official capacity,**
**JAMES NOEL, in his official capacity,        CHRISTOPHER PEREZ, in his official capacity,**
**KARL REIFSTECK, in his official capacity,          MEGAN DUFFY, in her official capacity,**
**SHAMARRAH HENDERSON, in her official capacity, SHANNON BACON, in her official capacity,**
**EDNA SPRAGUE, in her official capacity,          SARAH COFFEY, in her official capacity,**
**SONYA BELLAFANT, in her official capacity,   AMBER CHAVEZ-BAKER, in her official capacity,**
**and JENNIFER REGAN, in her private capacity as a 3rd party co-conspirator,**
       **Defendants.**

## PLAINTIFF'S CIVIL RIGHTS COMPLAINTS

1      NOW COMES the Plaintiff, Jarrod Lowrey, to hereby complain against the above named defendants as follows:

## JURISDICTION AND VENUE

2      Plaintiff now brings this complaint under 42 U.S.C. Section 1983  for injunctive prospective relief resulting from the deprivation of civil rights inflicted upon Plaintiff by the Defendants.  The court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. Section 1331, 28 U.S.C. Section 1343, 28 U.S.C. Section 1367, Civil Rights Act (1964), 42 U.S.C. Section 2996, New Mexico Civil Rights Act (2021), New Mexico Constitution, and of the parties.  Venue is proper in this judicial district as the incidents complained of occurred in New Mexico and all parties reside and work in this Court's jurisdiction.

3      At all times material to this lawsuit, all defendants listed above acted within the course and scope of their duties as public employees, are state actors, and are acting under the color of the law, with the exception of Jennifer Regan, who is acting as a 3rd party conspiring with defendants Sprague, Coffey, and Bellafant through fraud to deprive Plaintiff of his Constitutional Rights.  Plaintiff alleges as follows:

## PARTIES TO COMPLAINT

4      Jarrod Lowrey is a private citizen who lives in Rio Rancho, New Mexico.

5      Nancy Collela is an unelected hearing officer in the 13th Sandoval County Court.

6      Cheryl H. Johnston is a judge in the 13th Judicial District Court of Sandoval County.

7      James Noel, is the Chief Justice of the 13th Judicial District Court of Sandoval County.

8      Christopher Perez is a judge in the 13th Judicial District Court of Sandoval County.

9      Karl Reifsteck is a judge in the 13th Judicial District Court of Sandoval County.

10     Megan Duffy is a judge in the New Mexico Court of Appeals.

11     Shammarah Henderson is a judge in the New Mexico Court of Appeals.

12    Shannon Bacon is the Chief Justice of the New Mexico Supreme Court.
13    Edna Sprague is an attorney who is employed through New Mexico Legal Aid.
14    Sarah Coffey an attorney who is employed through New Mexico Legal Aid.
15    Sonya Bellafant is the Executive Director of New Mexico Legal Aid, and LSC Grantee.
16    Amber Chavez-Baker is a judge in the 2nd Judicial District Court of Bernalillo County.
17    Jennifer Regan is Plaintiff's non-domestic co-parent with Plaintiff who resides in Rio Rancho, NM.

## GENERAL ALLEGATIONS

18    Each of the above named defendant's in this complaint are currently depriving Plaintiff of his New Mexico and U.S. Constitutional Rights, with some acting jointly and some acting individually.  Plaintiff is currently being denied any meaningful access to the New Mexico district courts, the New Mexico Court of Appeals, and the New Mexico Supreme Court.  Plaintiff has exhausted all paths of state remedy to petition the New Mexico judicial courts for the unlawful and ongoing deprivations he is currently suffering by the above defendants.

19    Additionally, Plaintiff is currently being deprived of his right to petition the 13th Sandoval Court for redress of the deprivation of his Constitutional Rights set forth in this complaint.  Plaintiff does not have any adequate opportunity to raise federal claims or state claims in any of the state proceedings referenced in this complaint.  Each of the above named defendants are acting unlawfully, through willful disregard of the New Mexico and U.S. Constitution, to deprive Plaintiff of his constitutionally protected rights enumerated in this complaint. All counts of each defendants are being brought under the ex-parte young exception.

## KEY TO COMPLAINTS

20    Plaintiff has abbreviated the following words for well known legally accepted acronyms for the Court's ease of access and efficiency reasons. Domestic Violence=DV, Civil Restraining Order=CRO, New Mexico Legal Aid=NMLA, Family Violence Protection Act=FVPA, Family Preservation Act=FPA, Domestic Relations Hearing Officer=DRHO.

## COUNTS AGAINST NANCY COLLELA

**COUNT 1**: 1A Violation, Freedom Of Speech          **COUNT 2:** 1A Violation, Retaliation
**COUNT 3:** 1A Violation, Right To Petition Courts          **COUNT 4:**  6A Violation, Pro Se Discrimination
**COUNT 5:**  14A Violation, Denial Of Meaningful Access To Courts
**COUNT 6:**  14A Violation, Fabrication Of Evidence   **COUNT 7:** 14A Violation, Suppression Of Evidence
**COUNT 8:**  14A Violation, Malicious Abuse Of Process          **COUNT 9:**  U.S.C. 1654 Violation
**COUNT 10:**  Civil Rights Act (1964) Sexual Discrimination
**COUNT 11:**  Supremacy Clause Violation, Article 6, Clause 2
**COUNT 12:** 14A Violation, Due Process          **COUNT 13:**  14A Violation, Unequal Treatment Under Law
**COUNT 14:** 14A Violation, Parental Interference          **COUNT 15:**  NM Constitution, Art. 2, Section 1
**COUNT 16:**  NM Constitution, Art. 2, Section 4          **COUNT 17:**  NM Constitution, Art. 2, Section 17
**COUNT 18:**  NM Constitution, Art. 2, Section 18          **COUNT 19:**  NM Statute 40-15-4 (2021)
*VERIZON MD. INC. v. PUBLIC SERV. COMM'N OF MD, 535 U.S. 635122 S. Ct. 1753 (2002)*

## FACTS WHICH MAKE COUNTS 1-19 PLAUSIBILE:

21    Nancy Collela is an unelected hearing officer at the 13th Sandoval Court in Rio Rancho, NM 87144.

22    On September 13, 2019, Collela denied to hear a Domestic Violence petition titled '*Jarrod Lowrey on Behalf of Noble Lowrey vs. Jennifer Regan*'. Case # D-1329-DV-2017-0024.

23    On February 24, 2021 Collela denied to hear a Domestic Violence petition titled '*Jarrod Lowrey on Behalf of Noble Lowrey vs. Eric A. Wideman*' falsely ruling that Wideman was not a household member.

24    On November 23th, 2020 Jarrod Lowrey filed a Child Custody Case against Jennifer Regan due to fears she would flee with their child, and Judge Cheryl H. Johnston was assigned as the Judge in the case.

25    Lowrey thereafter was served with an order to appear for a 3rd Domestic Violence petition that Regan had filed against him.  Johnston set a hearing on December 8, 2020 and referred Collela as DV Officer.

26    Nancy Collela held 3 Domestic Violence hearings from December 8, 2021-March 2, 2022.  Regan never submitted any evidence to support her domestic abuse claims, but Collela continued the hearings twice.  By her continuances, Collela broke Family Violence Protection Act 40-13-4(A)3 by 74 days.

27    Instead of holding any evidentiary hearings on the merits, Collela coerced Lowrey's lawyer to agree to a Civil No Contact Order (NCO) in lieu of dismissing the DV case with prejudice. Lowrey specifically told Collela he would not agree to a settlement in the January 19, 2021 hearing.

28    The coerced Civil NCO was filed in the Court on March 8, 2022.  The NCO violated Lowrey's 1st Amendment Rights and 14th Amendment Rights without any due process or evidence.  Lowrey never signed the NCO or realized it was being entered inside the Custody Case presided over by judge Cheryl Johnston.

29    Regan began weaponizing Collela's coerced NCO by filing multiple motions inside the Custody case alleging Lowrey was violating the NCO, but never provided any evidence. Regan was granted a hearing on June 23, 2021 by Johnston and Collela was referred as the DRHO per NMRA 1-053.2.

30    On February 9, 2021 Johnston referred Collela inside the Custody Case to hear a Temporary Custody Hearing, which was scheduled for March 24, 2021, with Lowrey as Petitioner.

31    In the March 24, 2021 hearing, Lowrey provided the Court with documentary evidence which proved that Regan was knowingly exposing their child to meth addicted drug addicts, drug dealers, and violent criminals in her home as well as showing that Regan suffers from multiple mental health disorders.

32    In the March 24, 2021 hearing, Collela says to Lowrey, "*Mr. Lowrey, I'm assuming you don't have any problem with that because there's no reason for the two of you to have contact right?*"

33    In the March 24, 2021 hearing, Collela stops Lowrey's testimony by saying,"*Mr. Lowrey, you said you had a short statement this is not a short statement. You have one minute to finish.*"

34    In the March 24, 2021 hearing, Collela denies granting Lowrey temporary custody by angrily saying,"*I'll tell you right now, if what you wanna do, if you are seeking to have sole custody of your son, then you are going to have an uphill battle.*" Lowrey corrects Collela,"*In my statement I did not ask for full custody, just to clear the record, I asked for primary custody, which would involve Monday through Friday.*" To which Collela responds,"*Right, I'm denying that.*" Lowrey asks,"*On what grounds.*" To which Collela answers,"*I've already told you that Mr. Lowrey.*" Lowrey offers,"*I have proven that the Mother is bringing drug addicts and criminals around our son.*" Collela says to Lowrey,"*Mr. Lowrey you have given me your opinion okay.*" Lowrey again tells Collela,"*I have provided evidence to your Court..*"

35    On March 30, 2021, Collela filed her DRHO Report to Johnston, which fabricated evidences in favor of Regan and suppressed Plaintiff's documentary evidences, which violates the 14th Amendment.

36      On April 29, 2021 Johnston filed Collela's fabricated DRHO Report as an order of the court.

37      On April 21, 2021 Regan filed her 4th Domestic Violence petition against Lowrey without filing any evidence. Johnston refers Collela again as the DV Commissioner for hearing on May 10, 2021.

38      In the May 10, 2021 DV Hearing, Regan makes incredible and unsupported allegations of domestic abuse towards Lowrey for nearly 8 minutes straight and then Collela says to her,"*The testimony you have given me this morning does not establish domestic abuse or domestic violence. These are issues that have to be addressed in your parentage case...You've already filed a motion, so that's pending. but you haven't met the burden of proof for domestic abuse or domestic violence, so this case is going to be dismissed.*"

39      After being denied an Order of Protection by Collela, Regan files 4 straight motions inside the Custody case using the recycled allegations stalking and harassment as advised by Collela in the failed DV Hearing. Judge Johnston refers Collela as the DRHO and hearing was set on June 23, 2021.

40      In the June 23, 2021 NCO Violation Hearing, Regan repeated the same unsupported allegations that she had made just 39 days earlier to Collela which she found incredible. Lowrey gave Collela his testimony,"*Now, as far as the allegations Ms. Regan is claiming, I want to be clear. I have not violated our No Contact Order in any way, shape, or form. I have abided with the No Contact Order to the T, and Ms. Regan is not and will not provide this Court with any evidence to the contrary.*"

41      In the June 23, 2021 NCO Violation Hearing, Lowrey testifies to Collela,"*Because of the harassment I have received about the No Contact Order, I will not agree to another one. I have been convicted of no wrongdoing. Ms. Regan has not presented any factual evidence of any of her claims, and I will not agree to another No Contact Order which violates my rights as a Father.*"

42      In the June 23, 2021 NCO Violation Hearing, Collela tells Lowrey,"*The last thing the two of you need is the ability to just have free flowing communication between you because you can't do it.*" To which Lowrey replies,"*We can your honor, we sure can, that's only Regan's side.*" Collela responds,"*But as far as today's hearing is concerned, just so you know, my report is going to say that the NCO should remain in place. It's going to say that the parties should continue to use AppClose.*"

43      In the March 30, 2021 DRHO Report, Collela fabricates,"*Father's stated intention to ignore this Court's order is yet another reason to maintain the NCO. On the whole Mother's testimony is more credible than Father's testimony, therefore, the DRHO finds that Father has violated the NCO. The NCO should remain in place for 2 years, with an expiration date of June 23, 2023. If Father does not demonstrate his ability to work cooperatively with Mother as a co-parent, this factor should weigh heavily in the court's decision as to custody and timesharing.*" Collela's fabrications violates the 14th Amendment.

44      In the July 8, 2021 Objections by Lowrey, he writes,"*Ms. Collela has created this toxic judicial environment, which has allowed one party to constantly make unfounded allegations without consequence. All the while stifling the other party's ability to legally defend themselves...I challenge her findings and recommendations to be opinions based on no factual evidence, documentation, or exhibits. The extension of the NCO would deprive me of my civil rights as a lawful citizen never accused of a crime and also my rights as a Father.*"

45      On July 23, 2021, Johnston broke NMRA Law 1-053.2 and denied Lowrey an objection hearing by stating,"*The Hearing Officer's recommendations are supported by substantial evidence...The Court finds his objections inappropriately aggressive and expects no further pleadings with such combative language. If necessary, he will be required to appear only with counsel.*"

46      On August 16, 2021 Johnston again breaks New Mexico law 1-053.2 by denying objection hearing.

47      On October 12, 2021 Lowrey filed an appeal challenging Collela's Recommendations.

48      On October 25, 2021, Regan retaliates by filing her 5th falsified Domestic Violence petition against Lowrey. Collela and Johnston find Regan's 5th DV petition incredible and deny it even though they are still claiming those very same allegations made by Regan just 4 months earlier as *substantial evidence*" to deny Lowrey an objection hearing and break New Mexico Law and Due Process rights.

49      On November 4, 2021, Lowrey put in a request for a evidentiary hearing in his Civil Restraining Order (CRO) case on behalf of his 5 year old child against Regan's meth addict and drug dealing boyfriend, Eric Anthony Wideman. *See case # D-1329-CV-2021-00760.* Judge James Noel presided in the CRO case.

50      On November 8, 2021, Lowrey filed a motion in the Civil Restraining Order (CRO) case titled,"*Motion To Not Allow The Referral Of Nancy Collela as DRHO*". The motion argued that Collela's referral would be a legal conflict of interest in regards his already filed critical appeal with the Appeals Court. Judge Noel ignored the motion and never granted Lowrey a hearing as requested.

51      On February 22, 2022, Noel referred Collela as Special Master and set hearing for March 31, 2022.

52      In the CRO case, Lowrey filed 20 exhibits to Collela and Noel which provided self authenticating evidences that Wideman was deemed a physical danger threat to his own children by the Bernalillo Metro Court, heavily using meth, committing crimes in 3 different counties while on probation for 2 counts of domestic violence, and was having direct contact with Lowrey's minor child in his bedroom.

53      In the March 31, 2022 CRO hearing, the defendant, Wideman, willfully chose not to appear despite being lawfully served, notified of the hearing, and being given extra time to show up.

54      In the March 31, 2022 CRO hearing, Collela starts by stating,"*The thing I am mainly listening for is that the defendant seriously harmed or endangered Noble.*" This is not the correct CRO standard.

55      In the March 31, 2021 CRO hearing, Lowrey testifies to Collela he has already filed evidences by saying,"*It's all in there Ma'am, so I would ask that you refer to the pleading. It has the evidence that's submitted.*" Collela angrily responds,"*I know and that's not evidence. Your testimony is evidence.*" Lowrey follows,"*I have submitted evidence , ma'am, so I would ask that you refer to the pleading. It has the evidence that's submitted. Do you have the evidence in front of you?*" Collela angrily responds,"*The pleadings that are filed are not evidence. Your testimony is evidence. Those are just, pleadings that are part of the report file, but they are they are not also exhibits. Okay.*"

56      On May 18, 2022, the New Mexico Appeals Court granted Lowrey's Custody appeal challenging Collela and Johnston's adoption of the fabricated DRHO Report, on the grounds that they broke law 1-053.2.

57      In Collela's April 5, 2022 Special Master Report, she applies a unlawful standard of proof without citing relevant law, other that citing a nonsense case law which is not even closely relevant to the CRO case.

58      In Collela's April 5, 2022 Special Master Report, Collela writes extremely biased findings and acted unlawfully against Lowrey as the defacto counsel for a Defendant who chose not to show. The findings were outrageously inaccurate and were a retaliatory act in response to Lowrey's lawful appeal of her.

59      By recommending the CRO case be dismissed with prejudice to Noel. Collela has currently placed Lowrey and his minor child at risk to a downward spiraling drug addict and meth dealer,who is currently a fugitive of New Mexico law enforcement. He currently has 4 warrants for his arrest in 2 different states.

60      On April 19, 2022, Lowrey filed his14 page CRO Objection to Collela's Special Master Report.

61      In the April 19, 2022 CRO Objections, Lowrey provided Noel indisputable proof that Collela's

Report was in direct contradiction with New Mexico case law, Court rules, New Mexico Law Enforcement findings, and provided multiple cites from both Federal and State agencies which disproved her report.

62      Noel ignored Lowrey's objections and allowed 60 days to pass without granting a hearing, which is in violation of NMRA 1-053.2(E)2 and NMRA 1-054.1, Lowrey filed Notice Of Appeal.

63      On June 27, 2022, Lowrey filed his Docketing Statement with the the Court of Appeals which raised the issues of due process, pro se bias, and sexual discrimination by Collela against Lowrey.

64      On October 25, 2022 the Appeals Court declined to hear the merits of the case because the Order appealed was not a final order, which only encouraged more unlawful behavior by the 13th Judges.

65      On January 10, 2023, Noel set an in person hearing in the CRO case for Lowrey's objections to Collela's Special Master Report for January 27, 2023, but only allowed for a 30 minute hearing.

66      In the January 27, 2023 in person CRO hearing, Noel admits that he has no knowledge of the case, the Special Master's Report, or the Objections by Lowrey.  Noel fails to provide a meaningful hearing.

67      Noel filed his CRO Order of Dismissal on the same day as in person hearing with Lowrey.  In the Order there were no findings of law or fact and Noel dismissed Lowrey's case with prejudice.  In a case that featured no Defendant, Noel and Collela colluded to deprive Lowrey of his 14th Amendment rights to meaningful access to the Court, and deprived Lowrey his right to protect his child per NM Statute 40-15-4.

68      Noel's CRO referral of Collela was in violation of the NMRA 1-053 law regarding Special Masters.

69      Collela's biased and discriminatory actions, and subsequent fabricated recommendations, was the genesis of the current and ongoing collusion of the above captioned defendants.  The Constitutional Rights that Collela is depriving Lowrey of are still ongoing as those rights have yet to be remedied.

70      Each of the above captioned defendants, are currently involved in a collusionary effort to cover up for Collela, Johnston, and Noel's fabrication and suppression of evidence and subsequent falsified orders.

71      Collela, Johnston Noel, Reifsteck, and Perez all recused themselves and all other 13th Sandoval judges from hearing of Lowrey's current and future cases on May 25, 2023, which leaves him no current access to Court and remedy to reclaim his Constitutional Rights, other than this action to the Federal Court.

## COUNTS AGAINST CHERYL H. JOHNSTON

**COUNT 20**: 1A Violation, Freedom Of Speech             **COUNT 21:** 1A Violation, Retaliation
**COUNT 22:** 1A Violation, Right To Petition Courts      **COUNT 23:** 6A Violation, Pro Se Discrimination
**COUNT 24:** 14A Violation, Denial Of Meaningful Access To Courts
**COUNT 25:** 14A Violation, Fabrication Of Evidence **COUNT 26:** 14A Violation, Suppression Of Evidence
**COUNT 27:** 14A Violation, Malicious Abuse Of Process             **COUNT 28:** U.S.C. 1654 Violation
**COUNT 29:** Civil Rights Act (1964) Sexual Discrimination
**COUNT 30:** Supremacy Clause Violation, Article 6, Clause 2
**COUNT 31:** 14A Violation, Due Process             **COUNT 32:** 14A Violation, Unequal Treatment Under Law
**COUNT 33:** NM Constitution, Art. 2, Section 1      **COUNT 34:** NM Constitution, Art. 2, Section 17
**COUNT 35:** NM Statute 40-15-4 (2021)
*VERIZON MD. INC. v. PUBLIC SERV. COMM'N OF MD, 535 U.S. 635122 S. Ct. 1753 (2002)*

## FACTS WHICH MAKE COUNTS 20-35 PLAUSIBILE:

72      On November 10, 2020 Johnston issued an order to appear for a Temporary Order of Protection due

to a 3rd false Domestic Violence petition filed by Regan.  Collela was referred for a hearing on December 8.

73     On November 23, 2020, Lowrey filed a Petition for Custody and Johnston was assigned to case.

74     On November 23, 2020, Johnston filed a Temporary Domestic Order per Rule 1-121 NMRA.

75     On February 9, 2021, Johnston referred Collela as the DRHO in the Temporary Custody Hearing scheduled for March 24, 2021 at 9 am.

76     Collela held a discriminatory hearing, and suppressed Lowrey's evidences that proved Regan was exposing their shared child to violent criminals and drug addicts at Regan's home in order to deny granting him temporary primary custody.  Collela filed her biased DRHO Report on March 30, 2021.

77     Johnston rubber stamped Collela's Temporary Custody Hearing Report on April 29, 2021.

78     On March 2, 2021 Lowrey's lawyer was coerced by Collela as the Domestic Violence Commissioner into agreeing to a Civil No Contact Order which Johnston unlawfully allowed to cross into her custody case.

79     The coerced Civil NCO was filed in the Court on March 8, 2022.  The NCO violated Lowrey's 1st Amendment Rights and 14th Amendment Rights without any due process or evidence.  Lowrey never signed the NCO or realized it was being unlawfully rubber stamped by Johnston inside the Custody Case.

80     Immediately after the NCO was filed, Lowrey fired his attorneys and asked they be relieved.

81     Regan began weaponizing Collela's and Johnston's coerced NCO by filing multiple motions inside the Custody Case alleging Lowrey was violating the NCO, but never provided any evidence. Regan was granted a hearing on June 23, 2021 by Johnston, and Collela was referred as the DRHO per NMRA 1-053.2.

82     On May 7, 2021 Lowrey wrote Collela and Johnston a letter informing each that he was innocent of any wrongdoing and that Regan was perjuring herself.  The letter included 4 exhibits.

83     Johnston oversaw Collela's breaking of FVPA Law 40-13-4(A)3 as the DV Commissioner.

84     On April 21, 2021 Regan filed her 4th False Domestic Violence Petition against Lowrey.  Johnston referred Collela as the DV Special Commissioner.  The DV hearing was set for May 10, 2021.

85     In the May 10, 2021 DV Hearing, Regan makes incredible and unsupported allegations of domestic abuse towards Lowrey for nearly 8 minutes straight and then Collela says to her,"***The testimony you have given me this morning does not establish domestic abuse or domestic violence.  These are issues that have to be addressed in your parentage case.***" Collela dismissed 4th DV Case with prejudice.

86     In the June 23, 2021 hearing for Regan's Motions For NCO Violations, Collela held a biased and unconstitutional hearing and issued fabricated recommendations to Johnston without evidentiary support.

87     On June 28, 2021, Collela filed her fabricated DRHO Report to Johnston which was unconstitutional.

88     On June 28, 2021, Lowrey filed a '*Motion To Disallow Ms. Regan To Make False Allegations*'.  In that filing, Lowrey requested a 60 minute hearing but that motion is still yet to be heard.

89     On June 27, 2021, Monica D. Baca filed her entry of appearance the day before false DRHO Report.

90     On June 8, 2021 Lowrey filed his 8 page objections to Collela's false June 28, 2021 DRHO Report.

91     On July 23, 2021 Johnston broke law1-053.2 (H)1(b) by denying Lowrey objection hearing, writing in her order,"***The Hearing Officer's recommendations are supported by substantial evidence..The Court finds his objections inappropriately aggressive and expects no further pleadings with such combative language. If necessary, he will be required to appear only with counsel.***"

92     On August 16, 2021 Johnston again broke law 1-053.2 by denying Lowrey an objection hearing.

93     On October 12, 2021 Lowrey filed his timely appeal challenging Johnston's denial of hearing and also challenged the fabrication, suppression, and discrimination of Collela's June 28, 2021 DRHO Report.

94      On October 25, 2021 Regan filed her 5th false Domestic Violence petition against Lowrey. That petition was denied as incredible by Collela and Johnston as Lowrey was 5th Amendment protected.

95      October 25, 2021 Lowrey filed '*Motion To Not Allow Ms. Regan To Let Non-Family Members To Transport Our 6 Year Old Child Out Of Sandoval County*'. This motion has yet to be heard.

96      On January 14, 2022, Lowrey filed an '*Emergency Order To Show Cause For Contempt*' against Regan for breaking Johnston's 1-121 Temporary Domestic Order filed on November 23, 2020.  Regan broke Rule (2) and (3) of that order by interfering with phone communications and hiding the child's address.

97      On February 15, 2022 Lowrey sent Discovery Requests to Regan's lawyer, Monica D. Baca.

98      On March 16, 2022 the NM Appeals Court proposed a reversal of Johnston's objections denial order.

99      On March 30, 2022, Lowrey filed 1-037 "*Motion To Compel*".  That motion has yet to heard.

100     On March 31, 2022, Johnston set a hearing to hear Lowrey's Emergency motion on June 1, 2022

101     On April 14, 2022, Baca filed '*Motion To Vacate Hearing*' regarding Lowrey's 1-14-21 motion.

102     On April 22, 2022, Lowrey filed a response to Baca's '*Motion To Vacate Hearing*' in opposition. Lowrey requested a hearing on that motion but that motion is yet to be heard.

103     On April 22, 2022, Johnston accommodated Baca by moving Emergency hearing to June 16, 2022.

104     On May 4, 2022, Baca filed a '*Motion To Order Petitioner To Be Represented By Counsel*'.

105     On May 18, 2022 the New Mexico  Appeals Court filed their Memorandum Opinion finding that Johnston broke NMRA 1-053.2 by denying Lowrey an objection hearing twice and remanded for a hearing.

106     On June 11, 2022 Baca partially delivered Lowrey discovery requests from February 15, 2022.

107     On June 16, 2022, Regan conspired with CYFD, through fabricated allegations, to kidnap Lowrey's child by force.  Regan and CYFD never petitioned Johnston for an ex-parte custody hearing or petition.

108     On June 17, 2022, Regan filed her 6th falsified DV petition against Lowrey.  Collela and Johnston found Regan's recycled petition to be incredible and dismissed it, as Lowrey is 5th Amendment protected.

109     On June 21, 2022 Lowrey filed 3 exhibit lists to Johnston, totaling over 200 pages of exhibits which proved Regan was guilty of perjury.  Also included were audio recordings of Regan threatening Lowrey to use the Court's to take their shared child away from him through making false allegations.

110     On June 21, 2022, Johnston conspired with RRPD, through an unlawful ex-parte communication, to kidnap Lowrey's child without Due Process. Johnston's actions were in retaliation from Lowrey's successful appeal against her just 35 days prior. Johnston told RRPD she and all of the officers would be sued.

111     On June 24, 2022, Lowrey filed an '*Emergency Motion For Contempt And Order To Show Cause*' for Regan conspiring with CYFD to break Johnston's custody order.  Because Regan, CYFD, RRPD, and Johnston broke law by not filing a petition, Lowrey was unaware of Johnston's involvement.

112     On June 27, 2022, Lowrey was cleared by CYFD of any wrongdoing and his child was returned.

113     On August 16, 2022, Johnston scheduled an objection hearing that she unlawfully denied Lowrey in 2021, but not until October 31, 2022, the day before the NM Supreme Court changed NMRA Law 1-053.2.

114     Because of Johnston's unlawful denial of Lowrey's objection hearing, she delayed the case by 15 months, and allowed the fabricated recommendations of Collela to stand, which violated 14th Amendment.

115     On September 2, 2022, Baca filed a '*Motion For Continuance*' and Johnston moved the October 31, 2022 Objection Hearing to November 9, 2022.

116     On October 7, 2022, Lowrey filed a motion '*Request For Court Order To Subpoena Documents*'.  In that motion, Lowrey requested Johnston issue an order to subpoena the RRPD videos which showed Regan

and CYFD conspiring to kidnap the shared child. Johnston ignored this motion in order to conceal her unlawful ex-parte communications with RRPD. This motion has yet to be heard.

117    On November 7, 2022, Lowrey filed Exhibit List 4 with 6 audio recordings of Regan's threats to him.

118    In the November 9, 2022 Objection Hearing, Lowrey stated that the Court had denied him Due Process. Lowrey also informed Johnston of Regan's exposing of her children to multiple violent criminals.

119    In the November 9, 2022 Objection Hearing, Baca interrupted Lowrey's testimony by lying that she has never seen the exhibits being offered. Johnston claimed she never *"accepted"* the exhibits.

120    In the November 9, 2022 Objection Hearing, Lowrey disproved each of Collela's recommendations filed on June 28, 2021 as fabricated, arbitrary, unconstitutional, and void of any tangible evidence.

121    In the November 9, 2022 Objection Hearing, Lowrey tells Johnston,*"Trying to apply another unnecessary no-contact order would violate my constitutional rights to freely communicate with my co-parent, which is my most valued liberty interest...I have provided this court with audio recordings of Ms. Regan threatening to use this court as a weapon to take our child away from me. See exhibit list number four CDs track one through seven. On the contrary, it is Ms. Regan who has exposed her three children to violent criminal drug addicts consecutively. I now ask the court to put a stop to the weaponizing attacks by Ms. Regan. I also ask the court to uphold its perjury laws and hold Ms. Regan liable for the dozens of false allegations she has made to this court.."*

122    In the November 9, 2022 Objection Hearing, Baca and Regan presented no exhibits.

123    In the November 9, 2022 Objection Hearing, Baca knowingly made false allegations that,*"The other thing is, is that what has developed since the no contact order was put in place, there was a CYFD investigation very recently, there is a currently a criminal case that is being investigated."*

124    In the November 9, 2022 Objection Hearing, Baca falsely states,*"The evidence that was presented or the findings by the hearing officer were supported by substantial evidence."*

125    In the November 9, 2022 Objection Hearing, Lowrey rebutted Baca's false allegations,*"Ms. Baca is referring to the CYFD case. I would just like you to know that I have subpoenaed for those, I've asked you for those records to be subpoenaed so that we can all inform ourselves on that case. She is paraphrasing without telling the truth. That case was investigated by law enforcement. I was found to be cleared, cleared of all wrongdoing. And so it was, it's now considered a hoax."*

126    In the November 9, 2022 Hearing, Johnston allows Regan to speak even with a lawyer present. Lowrey objects and reminds Johnston,*"My objection is that all throughout this case, I was not allowed to speak when my attorney was present, I would ask the court that they hold that same standard to not allow Ms. Regan to speak. Ms. Baca should speak for her as an attorney."*

127    In the November 9, 2022 Hearing, Lowrey tells Johnston,*"I would just like to say that this is a made up up conflict. There is no conflict between me and Ms. Jennifer Regan. I'm a co-parent. I have love for Ms. Regan as a co-parent of the child. I have done everything I can to lower this conflict. I think that we just need to look at the facts that there's no need for a no-contact order. I believe, and I think the evidence shows, that the lifting of the no contact order will instantly diffuse the conflict in this case. There has been no contact order and set since May of 20 for the last, what, five months, ma 'am? And there has been no reports that Baca or Ms. Regan have brought to you. I don't have any intention of going to Ms. Regan's house nor contacting her in any way that's not respectful, as I always have. And so there is no need for it. There's no basis. There's no evidence to support Ms. Collela's findings. And I ask that the*

*court dismiss them and allow a healthy communication between co-parents. That's all, Your Honor. I appreciate it."*

128    In the November 9, 2022 Hearing, Johnston says to Lowrey,"*When you take testimony from parties, that is considered evidence. And so the arbitrator, the judge, or the hearing officer is allowed to rely on that evidence and make a determination as to the factual basis and their opinion as far as credibility. So that's just what everybody does whether we like what they determine or not.*" To which Lowrey replies,"*The core judicial function, your honor, is independently performed by the district judge.*" Johnston affirms to Lowrey,"*Understood.*"

129    In the November 9, 2022 Hearing, Lowrey tells Johnston."*Ms. Regan had actually made a false hoax report to CYFD trying to circumvent the authority of this court and did not include you, which we now know is the proper process, to file a petition. They went around your court, Your Honor, and tried to use law enforcement Rio Rancho, Sandoval County, and CYFD..*"

130    On November 17, 2022, Johnston set a 4 hour trial hearing for April 11, 2022.

131    On November 29, 2022, Johnston denied Lowrey's objections and again fabricated that Collela's June 28, 2021 recommendations were "*supported by substantial evidence*", and adopted as an order of the Court.

132    Johnston extended NCO for 2 years, which further violated Lowrey's 1ˢᵗ Amendment Rights.

133    On December 30, 2022, Lowrey appealed Johnston's order adopting Collela's recommendations.

134    In the December 30, 2022 Appeal, Lowrey wrote,"*The DRHO recommendations stand today, same as then, as undoubtedly arbitrary in that they are not supported by any factual evidence or documentation. However, Plaintiff has filed almost 200 pieces of evidence into the record which shows that Defendant's testimony ought not to only be considered incredible, but also should be considered as perjurous and contemptuous to this Court's ability to make a just ruling in this case. This case has been ongoing since 2020, and the Lower Court has yet to recognize any of the Plaintiff's pleadings or his evidences on the record..Plaintiff finally notified the Court that it was operating in a fashion that is at war with New Mexico State Law, New Mexico Court Rules, and most importantly the US Constitution. Plaintiff explained how his United States Civil Rights were being impinged both for his rights as a father and as a civil litigant. He explained how his due process rights were being trampled and ignored by the Court and that the Court was interfering with his right as a father towards his child. The Court is operating outside of the law, and is continuing to illuminate a seemingly inherent bias towards a pro se father such as the Plaintiff in this case.*"

135    In the December 30, 2022 Appeal, Lowrey challenged Johnston and Collela's use of NMRA 1-053.2 and challenged the constitutionality of Johnston adopting Collela's fabricated recommendations as an order. Lowrey appeal cited the Supremacy Clause, the 14ᵗʰ Amendment, and Article 6 Bill Of Rights To Fair Trial.

136    In the December 30, 2022 Appeal, Lowrey wrote,"*Plaintiff has provided numerous offers of proof to the Lower Court and to this Court and so it would be a Constitutional deprivation of the highest order for Plaintiff to be at such a disadvantage to have to proceed to a trial to decide his child's future and safety with these false sets of accusations and allegations to be used against him. It is therefore most important that this matter be decided immediately upon this appeal otherwise Plaintiff's New Mexico and US Civil Rights are at risk of being trampled upon. The Supremacy Clause dictates that this appeal be considered as Plaintiff's Civil Rights to be treated equally fairly under the law have already been*

*infringed upon and are at threat of being totally stripped without due process. This issue cannot be amended later in retrospect, it must be adjudicated immediately in the name of justice.*"

137     In early March of 2022, Lowrey obtained the RRPD lapel camera videos which showed that Johnston conspired with RRPD to unlawfully kidnap his minor child through ex-parte communication.

138     Johnston was notified that the RRPD lapel camera videos were obtained by Lowrey which showed her unlawful ex-parte communication and so she resolved to hold an unlawful hearing on April 11, 2023 even though she knew that she had no jurisdiction to do so while case was on appeal.

139     On March 28, 2023, Baca sent Lowrey a insulting confidential custody settlement plan.

140     On March 28, 2023, the Court docket shows Baca personally arranged through Johnston's TCAA, Michelle Zamora, to shorten the April 11, 2023 hearing from 4 hours to 3 without a court filing.

141     On March 30, 2023 Baca filed her exhibit list which primarily consisted of false allegations Regan had made to RRPD 8 months earlier, which Baca already knew were debunked as a hoax by the DA.

142     On March 31, 2023, Megan Duffy, of the New Mexico Court of Appeals, filed her Proposed Summary Disposition. Duffy's Disposition was contradictory to Lowrey's appeal and cited irrelevant case law in her complete validation of Collela and Johnston's fabricated allegations, even though she wrote,"*Relevant to Petitioner's complaint that Respondent did not provide any evidentiary support for her allegations, we are not persuaded this constitutes error.*" Duffy's Disposition completely ignored Lowrey's Constitutional challenges and unlawfully denied to review Lowrey's appeal de novo, per NM state law.

143     On April 4, 2023, Lowrey filed a '*Motion For Continuance*' to Johnston for the unlawful hearing Johnston was scheming to hold in retaliation for the appeal and also because Lowrey had the RRPD videos which showed her ex-parte communications where she conspired to kidnap Lowrey's child by gunpoint

144     On April 10, 2023, Johnston finally granted Lowrey's motion to continue April 11, 2023 hearing.

145     On April 28, 2023, Lowrey filed an '*Emergency Motion For Immediate Recusal*' after witnessing the RRPD lapel camera videos showing Johnston's ex parte communication conspiracy. The motion detailed Johnston's unlawful actions and listed each state and federal law that she had broken.

146     On April 28, 2023, Lowrey filed a complaint against Johnston to the NM Judicial Board.

147     On May 18, 2023, Johnston denied Lowrey's motion for emergency recusal by denying any wrongdoing saying that Lowrey was mistaken about the "*facts and law*".

148     On May 25, 2023, *James Noel, Chief Justice of the 13th Sandoval Court filed a 'Order Of Recusal'* writing,"*I, the Honorable James A. Noel, Chief Judge of the Thirteenth Judicial District of the State of New Mexico, for good cause, hereby recuse myself and all the District Judges of the Thirteenth Judicial District from presiding in the above-entitled and numbered cases.*"

149     On June 16, 2023, New Mexico Supreme Court Chief Justice Shannon Bacon filed an order designating Victor Lopez, a judge from the 2nd District to replace Johnston in the Custody Case.

150     On July 6, 2023, Lowrey filed a 19 page '*Extraordinary Writ To The New Mexico Supreme Court*' challenging the constitutionality of Regan, Collela, Johnston, Henderson and Duffy's fabrication of the DRHO Report as an order of the Court. Lowrey also informed the Supreme Court that Regan had defrauded New Mexico Legal Aid by falsely claiming she was a domestic violence victim in order to obtain Baca's free legal counseling in the Custody case. Lowrey's writ included 16 exhibits in support of.

151     On July 28, 2023, Bacon filed a '*Notice Of Recusal*' of Justice Julie Vargas from Lowrey's writ.

152    Lowrey's *'Extraordinary Writ'* is not yet been heard, nor does it appear to be scheduled to be heard at all by Bacon. As such, Lowrey's constitutional deprivations are ongoing as they appear to have no available remedy, given that he has being denied any access to the 13th Sandoval by the judges themselves who are refusing to hear Lowrey's current or future cases. Bacon has now involved herself in a current collusionary act which is pending to frame Lowrey by breaking law in order to relive her judges liability for their unconstitutional and lawless behaviors which are ongoing.

153    Johnston and Collela's collusion to adopt Regan's known false allegations as an order of the Court while suppressing Lowrey's testimony and hundreds of pages of documentary evidence are depriving Lowrey's above enumerated constitutional rights which are still yet hopelessly deprived to this very day. Each of the defendants are currently breaking New Mexico and Federal Law by their ongoing actions.

## COUNTS AGAINST JAMES NOEL

**COUNT 36:** 1A Violation, Right To Petition Courts      **COUNT 37:** 6A Violation, Pro Se Discrimination
**COUNT 38:** 14A Violation, Denial Of Meaningful Access To Courts **COUNT 39:** 1A Violation, Retaliation
**COUNT 40:** 14A Violation, Fabrication Of Evidence **COUNT 41:** 14A Violation, Suppression Of Evidence
**COUNT 42:** 14A Violation, Malicious Abuse Of Process      **COUNT 43:** U.S.C. 1654 Violation
**COUNT 44:** Civil Rights Act (1964) Sexual Discrimination
**COUNT 45:** Supremacy Clause Violation, Article 6, Clause 2
**COUNT 46:** 14A Violation, Due Process      **COUNT 47:** 14A Violation, Unequal Treatment Under Law
**COUNT 48:** 14A Violation, Parental Interference      **COUNT 49:** NM Constitution, Art. 2, Section 1
**COUNT 50:** NM Constitution, Art. 2, Section 4      **COUNT 51:** NM Constitution, Art. 2, Section 18
**COUNT 52:** NM Statute 40-15-4 (2021)
***VERIZON MD. INC. v. PUBLIC SERV. COMM'N OF MD, 535 U.S. 635122 S. Ct. 1753 (2002)***

## FACTS WHICH MAKE COUNTS 36-52 PLAUSIBILE:

154    On March 5, 2021, Lowrey filed for a complaint tiled *'Jarrod Lowrey obo Noble Lowrey v. Eric Anthony Wideman'* asking the Court for a Civil Restraining Order against Wideman, Regan's live in boyfriend. In the complaint, Lowrey gave documentary evidence that his 5 year old minor child was being exposed to Regan's live in boyfriend, Wideman, who was a spiraling meth and opioid addict violent criminal who was on probation for 2 counts of domestic violence. The complaint also detailed that Wideman was on a crime spree in three different counties, unlawfully residing in Regan's home, in anger management, defaming Lowrey to Regan's family, and that Wideman was legally deemed a physical threat to his own children by the Bernalillo County Metro Courts. Attached were 4 exhibits.

155    On May 19, 2021, after being assigned as the presiding judge in the Civil Restraining Order case (CRO), Noel denied Lowrey a Temporary Restraining Order by writing,"***The allegations of the Petition do not set forth sufficient facts and circumstances to establish "imminent danger of irreparable injury" such as would support issuance of an ex parte Temporary Restraining Order. However, the Petitioner's verified allegations may support relief of the Court after service of process on Defendant and an evidentiary hearing before the Court.***"

156    In the May 19, 2021 CRO Order To Appear, Noel referred Collela as the Special Master pursuant to 1-053, and set a hearing for June 14, 2021, and wrote,"***NOTICE TO DEFENDANT: If you fail to attend***

*this hearing, a Civil Restraining Order may be entered by default against you.*"

157    On May 20, 2021, Lowrey filed an exhibit list which consisted of 7 exhibits; two official State of New Mexico positive meth tests, one letter from Regan admitting to mental disorders, 4 arrest warrants by the Bernalillo Metro Court, a defamatory written statement from Wideman, and a publicly posted picture of Wideman unlawfully possessing guns while strictly prohibited on probation for DV.

158    On June 14, 2021, Noel filed a second order to appear for the date June 28, 2021.

159    On July 30, 2021, Lowrey filed a complaint against Regan for defamation.  Noel was assigned.

160    On June 28, 2021, Wideman was still not served and the CRO case was continued.

161    On September 2, 2021, Regan was served in the Defamation case and service return was filed.

162    On September 29, 2021, Wideman was served and certificate of service was filed in the CRO case.

163    On October 1, 2021, Regan filed a "*Motion To Dismiss With Prejudice*" in the Defamation case.

164    On October 21, 2021, inside the Defamation Case, Lowrey filed a '*Motion To Set Trial/Hearing In Person*' and requested a 2 hour with Noel hearing and also filed a "*Motion To Order Defendant To File Exhibits*' and requested a 30 minute hearing with Noel.  Neither motion has yet to be heard.

165    On October 28, 2021, Wideman answered the complaint by filing a '*Motion To Dismission*'.

166    On November 4, 2021, Lowrey filed a '*Motion To Not Allow Referral of Nancy Collela as DRHO*' in the CRO case.  In that motion, Lowrey wrote,"**Mrs. Collela has been referred in my previous hearings in the 13th, and she has consistently failed to uphold judicial standards and has shown a clear bias towards myself.**"  Lowrey requested a 30 minute hearing and that hearing has yet to be heard.

167    Noel's November 4, 2021 CRO Order of Referral was in multiple violations of  NMRA 1-053 law.

168    On November 4, 2021, Lowrey filed a '*Motion To Grant Civil Retraining Order*' writing," **Grant Civil Restraining Order on behalf of my six year old son, Noble Lowrey, who is being needlessly exposed to the defendant, who is a verified drug addict deemed by New Mexico Courts to be a danger to children**."  The 9 page motion was supported by an Exhibit List #2 and 20 filed exhibits.

169    On February 17, 2022, Noel sua sponte dismissed Lowrey's Defamation Case against Regan writing,"**The Complaint is comprised of twenty-four (24) pages of rambling, disjointed, and unintelligible narrative in unnumbered paragraphs, along with twenty-eight (28) pages of unreferenced exhibits.  The complaint does not comply with 1-010(B) NMRA. The matter is dismissed with prejudice.**"

170    Noel dismissed Lowrey's defamation case against Regan in retaliation against Lowrey's 1st Amendment Right to file an appeal against Collela and Johnston's unlawful orders:  By this time the whole Court was aware that Lowrey, a pro se father, was challenging one of their judges orders and they began colluding to protect Regan and her boyfriend,Wideman, through a clear application of unequal treatment.

171    On February 22, 2022, in the CRO Case, Noel filed an '*Order On Pending Motions And Notice Of Referral And Order To Appear*'.  The Order denied Wideman's Motion To Dismiss, denied Lowrey's motions, and referred Collela as the Special Master on March 31, 2022 against Lowrey's request for non-referral.

172    In Noel's February 22, 2022 CRO order, Noel chose not to include the notice to defendant that he had included in his prior orders to appear, warning Wideman if he did not appear a CRO could be granted.  This was due to Lowrey already having appealed Collela and Johnston's unlawful order and Noel, along with all the judges of the 13th Sandoval, were collectively retaliating against Lowrey to deny him any justice.

173    In the March 31, 2022 CRO Hearing, the defendant, Wideman, willfully chose not to appear, and Collela, as Special Master, allowed Lowrey to testify and introduce 20 unopposed exhibits into the record.

174    On April 5, 2022, Collela filed her CRO *'Special Master Report and Recommendations'* which was a work of fiction that fabricated reasons to deny Lowrey and his son a civil restraining order against Wideman, while suppressing Lowrey's overwhelming evidence through an act of retaliation.

175    On April 19, 2022, Lowrey filed his timely *'Objections To Special Master's Recommendations'*.

176    In the April 19, 2022 Objections, Lowrey provided Noel indisputable proof that Collela's Report was in direct contradiction with New Mexico case law, Court rules, New Mexico Law Enforcement findings, and provided multiple cites from both Federal and State agencies which disproved her report.

177    Noel ignored Lowrey's objections and allowed 60 days to pass without granting a hearing, which is in violation of NMRA 1-053.2(E)2 and NMRA 1-054.1, Lowrey filed Notice Of Appeal.

178    On June 27, 2022, Lowrey filed his Docketing Statement with the Court of Appeals which raised the issues of due process, discrimination, 1st Amendment retaliation, and pro se bias by Collela and Noel.

179    On October 25, 2022 the Appeals Court declined to hear the merits of the case because the Order appealed was not a final order, which encouraged more unlawful behavior by the 13th Judges.

180    On January 10, 2023, Noel set an in person hearing in the NCO for Lowrey's objections to Collela's Special Master Report for January 27, 2023, but only allowed for a 30 minute hearing.

181    In the January 27, 2023 in person CRO hearing with Noel, the defendant Wideman again willfully did not appear before the Court. Lowrey informs Noel,*"First, your honor, I would like to point out that NMRA 1-045(E) requires that this Court hold the Defendant in contempt of court for failure to appear now twice. I now make a motion for defendant to be held in contempt."*

182    In the January 27, 2023 in person CRO hearing, Lowrey informs Noel that the actual CRO standard is,*"The requirement for a civil restraining order is that the reasonable person would fear for their safety, and the behavior is enjoined serves no legitimate purpose or is not permitted by law."*

183    In the January 27, 2023 in person CRO hearing, Noel begins belittling Lowrey for appearing pro se by saying,*"I just wanted to make sure you are aware of that going forward, as you have cases in the 13th, and as you proceed representing yourself, which you are doing here correct?"*. To which Lowrey replies,*"Yes, sir."* Noel asks again,*"You are appearing pro se, meaning you are representing yourself, right?"* Lowrey again answers,*"Correct"*. Noel for 3rd time asks,*"You do not have an attorney representing you in this matter?"* Lowrey again answers.*"I do not."*

184    In the January 27, 2023 in person hearing, Noel admits that he has no knowledge of the case, the Special Master's Report, or the Objections by Lowrey even after being asked directly by Lowrey.

185    In the January 27, 2023 in person CRO hearing, Lowrey asks Noel,*"Your Honor, after having fully reviewed these recommendations, and also having fully reviewed my objections to those recommendations, what specific objection do you take issue with today? What does the Court take issue with in those objections".* To which Noel refuses to have any meaningful interaction at all.

186    In the January 27, 2023 in person CRO hearing, Lowrey testifies,*"In my objections, I provided irrefutable evidence that the Special Master's recommendations are clearly erroneous. In my objections, I provided this Court with over 20 exhibits, many self authenticating documents, federal guidances about the dangers of meth use in the presence of children, and also the violence that is inherently associated with meth use. I have provided this Court with self-authenticating documents that the Defendant has been deemed a physical threat to his own children by a District Court in New Mexico. Your Honor, if a State Court of New Mexico has deemed the Defendant a physical danger to his own kids, then why is this*

*Court allowing the same Defendant to be in the presence of my child inside of his own home, upon my objections? Your Honor, this Court cannot and will not find one parent in the state of New Mexico that would allow the Defendant to be in the presence of their children.  I, as a loving parent, have a constitutional right, both through New Mexico and United States, to protect my child as my highest liberty interest, from a violent criminal and drug addict, such as the Defendant...Your Honor this is unacceptable, and this Court's refusal to grant this civil restraining order to protect the minor child defies all logic, reason, and law."*

187    Noel filed his Order of Dismissal on the same day as in person hearing with Lowrey.  In the Order there were no findings of law or factual findings in the Order and dismissed Lowrey's case with prejudice. In a case that featured no Defendant, Noel and Collela colluded to deny Lowrey any meaningful access to the Court, and deprived Lowrey his constitutional right to protect his child through a civil restraining order.

188    On May 25, 2023, Noel, along with Collela, Johnston, Reifsteck, and Perez all retaliated against Lowrey for his exercising his 1st Amendment protected rights by recusing themselves from Lowrey's current and future cases by filing *an 'Order Of Recusal'* writing,"*I, the Honorable James A. Noel, Chief Judge of the Thirteenth Judicial District of the State of New Mexico, for good cause, hereby recuse myself and all the District Judges of the Thirteenth Judicial District from presiding in the above-entitled and numbered cases."*  Noel's order of recusal defies state and federal law, which prohibits district wide judge recusals.

189    On June 16, 2023, Bacon filed an order designating a 2nd District Judge to replace Noel.

190    On October 12, 2023, Regan filed her 7th false Domestic Violence petition against Lowrey.

191    On October 12, 2023, Noel filed his 2nd *'Order Of Recusal'* for all of the 13th Judges from hearing Regan's 7th false domestic violence petition against Lowrey, who is 5th Amendment protected.

192    Due to Noel's unlawful order of recusal, Bacon filed an order assigning Amber Chavez Baker, a 2nd District Judge, to hear Regan's 7th false DV petition, Baker is currently breaking New Mexico and Federal law by maliciously prosecuting Lowrey in order to frame him for a domestic violence charge.

193    The Supreme Court Justice Shannon Bacon denied Lowrey's CRO Certiorari on February 15, 2024.

194    As such, Lowrey's above enumerated constitutional deprivations by Noel and Collela are ongoing as they have no available remedy, given that Lowrey is being denied any access to the 13th Sandoval by the judges themselves who are refusing to hear Lowrey's current or future cases.  Additionally, Bacon has now involved herself in a current collusionary act with Baker, which is pending, to frame Lowrey by breaking law in order to relieve her judges liability for their ongoing unconstitutional and lawless behaviors.

## COUNTS AGAINST CHRISTOPHER PEREZ

**COUNT 53:** 1A Violation, Retaliation        **COUNT 54:** Civil Rights Act (1964) Sexual Discrimination
**COUNT 55:** 1A Violation, Right To Petition Courts        **COUNT 56:** 6A Violation, Pro Se Discrimination
**COUNT 57:** 14A Violation, Denial Of Meaningful Access To Courts        **COUNT 58:** U.S.C. 1654 Violation
**COUNT 59:** 14A Violation, Fabrication Of Evidence **COUNT 60:** 14A Violation, Suppression Of Evidence
**COUNT 61:** 14A Violation, Due Process        **COUNT 62:** 14A Violation, Unequal Treatment Under Law
**COUNT 63:** NM Constitution, Art. 2, Section 1        **COUNT 64:** NM Constitution, Art. 2, Section 4
**COUNT 65:** NM Constitution, Art. 2, Section 17        **COUNT 66:** NM Constitution, Art. 2, Section 18
*VERIZON MD. INC. v. PUBLIC SERV. COMM'N OF MD, 535 U.S. 635122 S. Ct. 1753 (2002)*

## FACTS WHICH MAKE COUNTS 53-66 PLAUSIBLE:

195     On March 19, 2021, Lowrey filed a Defamation Malicious Libel Case titled '*Jarrod Lowrey v. Eric Anthony Wideman*'. The complaint was filed with 6 documentary exhibits in support of and asked for the District Court minimum award of $10,000 in damages. Christopher Perez was assigned to case.

196     Lowrey's filed exhibits featured a defamatory under oath sworn statement by Wideman that he and Regan published to Lowrey's lawyer inside the custody case. Wideman's two positive meth tests, a written statement from Wideman's former employer, harassing emails from Wideman to Lowrey, and text from Regan to her dad republishing Wideman's defamation. The Court was given indisputable truth of libel.

197     On April 20, 2021, Wideman was served and a certificate of service was filed with the Court.

198     On July 28, 2021 Lowrey filed a '*Motion For Default Judgment*' after Wideman failed to answer. Lowrey requested a hearing on the motion and the Clerk entered a default against Wideman.

199     On January 19, 2022, Perez, through bias, issued an order dismissing the case for lack of prosecution.

200     Lowrey called Perez's office for weeks to inform them of his error, and finally on February 16, 2022, Perez issued an order to reopen the case and set a hearing for March 4, 2022.

201     It took nearly 11 months for Perez to grant Lowrey his hearing request for a default judgment.

202     In the March 4, 2022 hearing, Wideman willfully chose not to appear as the defendant.

203     In the March 4, 2022 hearing, Perez asked Lowrey,"*And where did you serve him and who served him? I see the return of service; who served him?*" Wideman was served at Regan's house by a professional service processor and the return of service was notarized by a New Mexico notary.

204     In the March 4, 2022 hearing, Perez begins his belittling discrimination of Lowrey as a pro se by asking,"*I'm assuming the complaint, Mr. Lowrey, since you're unrepresented by counsel, is meant to be some sort of defamation action*." To which Lowrey affirmed to Perez,"*Yes*".

205     In the March 4, 2022 hearing, Perez says."*It is not something this Court's going to be inclined to that I can rule based on the allegations just made in your complaint. My TCAA did forward me some exhibits that you sent me over to the Courts recently.*" To which Lowrey confirms,"*Yes sir.*"

206     In the March 4, 2022 hearing, Lowrey testifies,"*I put in for Default Judgment and the SCRA Report was completed June 8, 2021. Your Honor, that was nearly 8 months ago, and the defendant is still yet to respond to the summons, and so, Your Honor, today I move for a default judgment.*"

207     In the March 4, 2022 hearing, Lowrey testified to Perez how Wideman had defamed his character and showed how Wideman cost him $8,000 in legal bills plus $2,000 in pain and suffering.

208     In the March 4, 2022 hearing, Perez continued his pro se discrimination of Lowrey, by saying,"*You need to convince the Court at some point, and its not going to be today...I'm assuming it's a defamation claim because obviously it was a pro se complaint. I assume you don't have a legally trained background, right?...I'm gonna deny your Motion For Default Judgment...I think I will leave the case open but it's gonna be very difficult to convince the Court that you can satisfy a defamation claim...You don't have a legal background and that's the one detriment that can be for you, Mr Lowrey...I'm not so sure you're gonna be able to prove to this Court that you've established all the elements of defamation and/or the damages, Mr. Lowrey.*"

209     In the March 4, 2022 hearing, Perez tells Lowrey, "*I'll set another hearing. He's gonna be required to have notice of the hearing. Then at the hearing, if he doesn't show, I'll hear your side.*"

210     In the March 4, 2022 hearing, Perez tells Lowrey,"*I'll have my staff set a hearing, at which point in*

time he's gonna need to be served with notice of that hearing, okay?" To which Lowrey replies,"*Your Honor, that's not my responsibility, it's not my responsibility to have him served again.*"

211    In the March 4, 2022 hearing, Lowrey testifies,"*I filed this a year ago and I have done the research. I do believe that the proof I've given the Court for the slander and the libel, which I have proved to this Court today through the exhibit list proves the damage to relationships. And so Mr. Wideman has failed to respond to this motion, which has stripped me of an opportunity to further make my case...The defendant is prejudicing justice in this case, and any defamation case, if they don't respond, and therefore, you are denying me the lawful opportunity to make my case.*"

212    After the March 4, 2022 hearing, Perez failed to issue a final order denying Default Judgment.

213    Perez, along with the other judges, were retaliating at this time against Lowrey for exercising his 1st Amendment right to pro se appeal Johnston and Collela's unlawful order.

214    Without any resolution to Wideman's defamation due to Perez's stalling of the case, Lowrey filed a '*Motion For Summary Judgment*' with the Court on May 31, 2022. In that motion Lowrey further gave the Court indisputable evidence of Wideman's malicious defamation and proved his damages. Along with other evidences, Lowrey laid out in detail the New Mexico Jury Instructions For Defamation 13-1002 and took each element and applied his exhibits to the Court by writing."*In doing so, Plaintiff asserts the Court should find that there are no issues of those material facts and so Plaintiff asks the Court to grant this Motion For Summary Judgment, pursuant to Rule 1-056.*"

215    On August 15, 2022, Perez was removed from the case for his mishandling of the case along with his pro se discrimination, and Karl Reifsteck, a newly appointed judge, was assigned to the case.

216    On May 25, 2023, Noel, along with Collela, Johnston, Reifsteck, and Perez all retaliated against Lowrey for his exercising his 1st Amendment rights by recusing from Lowrey's current and future cases by filing an '*Order Of Recusal*' writing,"*I, the Honorable James A. Noel, Chief Judge of the Thirteenth Judicial District of the State of New Mexico, for good cause, hereby recuse myself and all the District Judges of the Thirteenth Judicial District from presiding in the above-entitled and numbered cases.*"

217    On September 19, 2023, Henderson retaliated with the 13th Sandoval Judges by affirming Perez and Reifsteck's unconstitutional and retaliatory denial of Lowrey's defamation case with prejudice which featured a Defendant, who despite being lawfully served never answered or appeared in the case.

218    On November 6, 2023, Lowrey filed a 25 page defamation Extraordinary Writ to the Supreme Court .

219    On December 8, 2023, Bacon denied defamation Lowrey's Writ Of Certiorari.

220    Perez discriminated Lowrey based on pro se status and retaliated against Lowrey for exercising his 1st Amendment rights to appeal the 13th Judges unlawful orders and actions. Reifsteck, Noel, Johnston, Duffy, Henderson, and Bacon all joined in the collusion against Lowrey which is ongoing to this day.

221    As such, Lowrey's above enumerated constitutional deprivations are ongoing as they have no available remedy, given that he is currently being denied any access to the 13th Sandoval by the judges themselves who are refusing to hear Lowrey's current or future cases.

## COUNTS AGAINST KARL REIFSTECK
**COUNT 67:** 1A Violation, Retaliation   **COUNT 68:** Civil Rights Act (1964) Sexual Discrimination
**COUNT 69:** 1A Violation, Right To Petition Courts     **COUNT 70:** 6A Violation, Pro Se Discrimination
**COUNT 71:** 14A Violation, Denial Of Meaningful Access To Courts **COUNT 72:** U.S.C. 1654 Violation

**COUNT 73:** 14A Violation, Fabrication Of Evidence **COUNT 74:** 14A Violation, Suppression Of Evidence
**COUNT 75:** 14A Violation, Due Process     **COUNT 76:** 14A Violation, Unequal Treatment Under Law
**COUNT 77:** NM Constitution, Art. 2, Section 1     **COUNT 78:** NM Constitution, Art. 2, Section 4
**COUNT 79:** NM Constitution, Art. 2, Section 17     **COUNT 80:** NM Constitution, Art. 2, Section 18
*VERIZON MD. INC. v. PUBLIC SERV. COMM'N OF MD,535 U.S. 635122 S. Ct. 1753 (2002)*

### FACTS WHICH MAKE COUNTS 67-80 PLAUSIBLE:

222   On March 19, 2021, Lowrey filed a Defamation Malicious Libel Case titled '*Jarrod Lowrey v. Eric Anthony Wideman*'. The complaint was filed with 6 documentary exhibits in support of and asked for the District Court minimum award of $10,000 in damages. Christopher Perez was assigned to case.

223   Lowrey's filed exhibits featured a false sworn statement by Wideman that he and Regan published to my lawyer inside the custody case, Wideman's two positive meth tests, a written statement from Wideman's former employer, harassing emails to Wideman to Lowrey, and text from Regan to her father republishing Wideman's defamation. The Court was given indisputable truth of malicious libel.

224   On April 20, 2021, Wideman was served and a certificate of service was filed with the Court.

225   On August 15, 2022, Perez was removed from the case for his mishandling of the case along with his pro se discrimination, and Karl Reifsteck, a newly appointed judge, was assigned to the case.

226   On September 26, 2022 Reifsteck set a hearing for Summary Judgment on November 18, 2022.

227   In the November 18, 2022 hearing, Wideman willfully chose not to show up for the second time with Reifsteck writing,"*Defendant, despite notice, failed to appear for the hearing.*"

228   In the November 18, 2022 hearing, Lowrey read his Summary Judgment motion which laid out in detail the New Mexico Jury Instructions For Defamation 13-1002 and took each element and applied his exhibits to the Court but Reifsteck admitted that he had no knowledge of any pleadings or evidence.

229   On December 9, 2022, Reifsteck colluded with the other 13th judges by filing his '*Findings Of Fact Conclusions Of Law and Order Of Dismissal*' which suppressed Lowrey's evidence and exhibits.

230   On January 17, 2023, Lowrey filed an appeal with the Court of Appeals. The appeal showed Perez's pro se discrimination and incompetence, and demonstrated that Reifsteck showed no knowledge of Lowrey's case which was proven by detailing the New Mexico Defamation Jury Instructions.

231   On May 25, 2023, Noel, along with Collela, Johnston, Reifsteck, and Perez all retaliated against Lowrey for his exercising his 1st Amendment protected rights by recusing themselves from Lowrey's current and future cases by filing *an 'Order Of Recusal*' writing,"*I, the Honorable James A. Noel, Chief Judge of the Thirteenth Judicial District of the State of New Mexico, for good cause, hereby recuse myself and all the District Judges of the Thirteenth Judicial District from presiding in the above-entitled and numbered cases.*" Noel's order of recusal defies state and federal law, which prohibits district wide judge recusals.

232   On May 30, 2023, Shammarah Henderson of the Appeals Court, filed her '*Proposed Summary Disposition*' using irrelevant arguments and case law to affirm Perez and Reifsteck's unlawfulness.

233   On September 19, 2023, Henderson retaliated with the 13th Sandoval Judges by affirming Perez and Reifsteck's unconstitutional and retaliatory denial of Lowrey's defamation case with prejudice which featured a Defendant, who despite being lawfully served never answered or appeared in the case.

234   On November 6, 2023, Lowrey filed a 25 page Extraordinary Writ to the Supreme Court.

235   On December 8, 2023, Bacon denied Lowrey's Writ Of Certiorari.

18

236     Reifsteck discriminated Lowrey based on pro se status and retaliated against Lowrey for exercising his 1st Amendment rights to appeal the 13th Judges unlawful orders and actions. Perez, Noel, Johnston, Duffy, Henderson, and Bacon all joined in the collusion against Lowrey which is ongoing to this day.

237     As such, Lowrey's above enumerated constitutional deprivations are ongoing as they have no available remedy, given that he is currently being denied any access to the 13th Sandoval by the judges themselves who are refusing to hear Lowrey's current or future cases.

## COUNTS AGAINST MEGAN DUFFY

**COUNT 81**: 1A Violation, Freedom of Speech        **COUNT 82:** 1A Violation, Retaliation
**COUNT 83:** 1A Violation, Right To Petition Courts     **COUNT 84:** 6A Violation, Pro Se Discrimination
**COUNT 85:** 14A Violation, Denial Of Meaningful Access To Courts   **COUNT 86:** U.S.C. 1654 Violation
**COUNT 87:** Supremacy Clause Violation, Article 6, Clause 2   **COUNT 88:** 14A Violation, Due Process
**COUNT 89:** 14A Violation, Fabrication Of Evidence   **COUNT 90:** 14A Violation, Suppression Of Evidence
**COUNT 91:** 14A Violation, Malicious Abuse Of Process   **COUNT 92:** 14A Violation, Parental Interference
**COUNT 93:** Civil Rights Act (1964) Sexual Discrimination
**COUNT 94:** 14A Violation, Unequal Treatment Under Law
**COUNT 95:** 14A Violation, Parental Interference      **COUNT 96:** NM Constitution, Art. 2, Section 1
**COUNT 97:** NM Constitution, Art. 2, Section 4      **COUNT 98:** NM Constitution, Art. 2, Section 17
**COUNT 99:** NM Constitution, Art. 2, Section 18      **COUNT 100:** NM Statute 40-15-4 (2021)
*VERIZON MD. INC. v. PUBLIC SERV. COMM'N OF MD,535 U.S. 635122 S. Ct. 1753 (2002)*

## FACTS WHICH MAKE COUNTS 81-100 PLAUSIBLE:

238     On January 25, 2023, Lowrey filed his appeal challenging Johnston's second order adopting Collela's fabricated DRHO Report as an unconstitutional order without factual basis. In his appeal Lowrey writes,"*The Supremacy Clause dictates that this appeal be considered as Plaintiff's Civil Rights to be treated fairly and equally under the law have already been infringed upon and are at threat of being totally stripped without due process. This issue cannot be amended later in retrospect.*"

239     On March 31, 2023, Duffy filed her '*Proposed Summary Disposition*'. In that disposition Duffy proposed affirmation by unlawfully denying Lowrey a de novo review and then fabricating a narrative that Lowrey's appeal "*does not contain a clear and concise statement of the issues.*" Duffy unlawfully ignores Lowrey's Supremacy Clause, 6th Amendment, and 14th Amendment constitutional arguments but does admit,"*Relative to Petitioner's complaint that Respondent did not provide any evidentiary support for her allegations, we are not persuaded this constitutes error.*"

240     In her March 31, 2023 Disposition, Duffy admits that Regan provided Collela no evidentiary support for her allegations which contradicts Johnston's claim of the DRHO's "*substantial evidence*".

241     On April 10, 2023, Lowrey filed a '*Memorandum In Opposition To Proposed Summary Disposition*'. Lowrey wrote,"*The macro view of the issues now on appeal are whether the Lower Court can take a mere allegation so void of any evidentiary support, in spite of the Appellant's testimony stating that it is totally false, and use [that] allegation as a fact in a trial to decide custody of a minor child. Plaintiff contends that the PSD cites state law based on flawed conclusions that are irrelevant to his issues raised on appeal. But even if there is state law which doesn't require evidentiary support to take a mere allegation made by*"

19

*a habitually vexatious litigant as fact, the Due Process Clause of the 14th Amendment protects Appellant against such arbitrary actions."*

242    On April 10, 2023, Lowrey filed a *'Memorandum In Opposition To Proposed Summary Disposition'.* In that Opposition, Lowrey raised various Constitutional challenges such as,*"The United States Supreme Court has long recognized that this provision is not only a guarantee of procedural due process, but also substantively protects certain liberties from state infringement except when justified by the most compelling reasons...no matter what process is provided...Reno v. Flores 507 U.S. 292, 301-302, 113 S. Ct 1439, 1447, 123 L. Ed. 2D 1 (1993)"* and also,*"The constitutionality of a statute is a pure question of law also subject to de novo review" City of Lauderdale v. Dhar, 185 So. 3D 1232, 1234 (Fla 2016)."* Lowrey also challenged Johnston and Collela's breaking of NMRA 1-053.2.

243    On May 10, 2023, Duffy, along with Shamarrah Henderson, conspire with the already recused Judges of the 13th Sandoval, to deny Lowrey a de novo review of the record, ignore Lowrey's constitutional arguments, and continue fabricating that Lowrey's appeal in not *"concise"* enough for consideration. Duffy wrote,*"(explaining that this Court reviews pro se arguments to the best of it's ability, but cannot respond to unintelligible arguments)...Petitioner appears to misunderstand that, at this juncture, this Court is not in possession of audio recordings or transcripts for any hearing… Petitioner's failure to follow our rules impedes our ability to meaningfully assess the sufficiency of the evidence supporting the recommendations...Thus petitioner's constitutional arguments are not properly presented and do not demonstrate reversible error."*

244    On the New Mexico Court Of Appeals website it states,*"Case law also provides that, when there is no prejudice to the other side, technical rule violations will be overlooked so that cases will be decided on their merits."*

245    Duffy, by failing to uphold Lowrey's New Mexico and Constitutional Rights, she has violated her sworn oath as a Judge.  Duffy and Henderson joined the ongoing deprivation of Lowrey's above enumerated New Mexico and U.S. Constitutional Rights by colluding with the Judges of the 13th Sandoval Court to further deprive Lowrey of his civil rights, which are still unremedied with no path for petition.

246    On May 25, 2023, Johnston advises Noel to recuse herself from the custody case for her clear bias.

247    On June 6, 2023, Duffy and Henderson denied Lowrey a rehearing on the constitutional merits.

248    On July 6, 2023, Lowrey filed a 19 page *'Petition For Extraordinary Writ'* to the Supreme Court and Bacon, which included 16 exhibits referenced in the petition, totaling 99 pages of exhibits.  Bacon is currently refusing to hear that extraordinary writ and is instead colluding with Baker to frame Lowrey.

## COUNTS AGAINST SHAMARRAH HENDERSON

**COUNT 101**: 1A Violation, Freedom Of Speech            **COUNT 102:** 1A Violation, Retaliation
**COUNT 103:** 1A Violation, Right To Petition Courts   **COUNT 104:** 6A Violation, Pro Se Discrimination
**COUNT 105:** 14A Violation, Denial Of Meaningful Access To Courts **COUNT 106:** U.S.C. 1654 Violation
**COUNT 107:** Supremacy Clause Violation, Article 6, Clause 2 **COUNT 108:** 14A Violation, Due Process
**COUNT 109:** 14A Violation, Fabrication Evidence **COUNT 110:**14A Violation,Suppression Of Evidence
**COUNT 111:** 14A Violation, Malicious Abuse Of Process **COUNT 112:** 14A Violation, Parent Interference
**COUNT 113:** Civil Rights Act (1964) Sexual Discrimination
**COUNT 114:** 14A Violation, Unequal Treatment Under Law

NM Statute 40-15-4 (2021)

**COUNT 115:** 14A Violation, Parental Interference     **COUNT 116:** NM Constitution, Art. 2, Section 1
**COUNT 117:** NM Constitution, Art. 2, Section 4     **COUNT 118:** NM Constitution, Art. 2, Section 17
**COUNT 119:** NM Constitution, Art. 2, Section 18          **COUNT 120:** NM Statute 40-15-4 (2021)
*VERIZON MD. INC. v. PUBLIC SERV. COMM'N OF MD,535 U.S. 635122 S. Ct. 1753 (2002)*

## FACTS WHICH MAKE COUNTS 101-120 PLAUSIBLE:

249     On January 17, 2023, Lowrey filed an appeal challenging Perez and Reifsteck's unconstitutional dismissal of his malicious libel case against Eric Anthony Wideman.  Henderson was appointed Judge.

250     In his defamation appeal, Lowrey provided the Court his testimony from the November 18, 2022 Summary Judgment hearing, which detailed the New Mexico Jury Instructions 13-1002 and gave the Court a detailed accounting of his damages as laid out in New Mexico Jury Instruction 13-010.

251     Lowrey's defamation case featured a defendant who, despite notice, chose not to appear twice.

252     In Lowrey's defamation appeal, he writes,"***The Lower Court's Judge Perez vocalized his Pro Se Discrimination towards Plaintiff in the March 4, 2021 hearing on multiple occasions, therefore showing the shared bias of the whole 13th Sandoval Court towards Plaintiff...The Court as a whole is acting outside of New Mexico state law and appears to have no regard for the Due Process right of the Plaintiff...This Pro Se bias is driving the Lower Court's errors when it comes to the denial of a favorable ruling for Plaintiff in this case...New Mexico judges are supposed to be fair and impartial but the record shows that the Judges in this case have been anything but...Whether by lack of diligence, competency, or through unadulterated bias, the Judges have never once grasped the facts set before them by Plaintiff, with those facts standing unimpeached by opposing Defendant or counsel.***"

253     Lowrey's defamation appeal impeached Reifsteck's fabricated order of dismissal line by line by disproving the many erroneous claims by comparing them to the record and the facts.

254     On March 6, 2023, Lowrey filed his CRO appeal challenging Noel's unconstitutional order, and was 28 pages in total and cited the 6th and 14th Amendment.  Henderson was assigned as judge.

255     In Lowrey's CRO appeal, he cites 14 state and federal laws, detailed the Lower Courts sexual and pro se discrimination, and challenged the constitutionality of Noel's order stating,"***By way of petty self interests, and flat out incompetence the Lower Court has denied Plaintiff the right to secure the safety of his child from the Defendant and also has denied him of his Due Process Rights under U.S. And New Mexico Constitution.***"

256     On May 26, 2023, Appeals Court judge Shamarrah Henderson filed her '***Proposed Summary Disposition***' which unlawfully denied Lowrey a de novo review and affirmed Noel's order.  Henderson further deprived Lowrey of his New Mexico and US Constitutional rights by stating,"***Holding that the Court of Appeals is bound by the decisions of the New Mexico Supreme Court even on questions involving federal law and where a decision by the United States Supreme Court seems to conflict that precedent..stating that we are not bound by federal law when we interpret state law.***"

257     On March 30, 2023, Henderson filed her '*Proposed Summary Disposition*'.  Henderson denies substantive review by writing,"***The Court will review pro se arguments to the best of it's ability, but cannot respond to unintelligible arguments..Here, according to the docketing statement, Defendant did not enter his appearance, respond to Plaintiff's complaint or any other motions, appear at any of the hearings, or participate in any way in the proceedings..To the extent that Plaintiff asks us to reexamine the evidence***

presented to the district court, we will not reweigh the evidence."

258     On May 10, 2023, Duffy and Henderson affirmed Collela and Johnston's fabricated order adopting the DRHO report in the Custody Case, even through Duffy admits that it lacked evidentiary support.

259     On June 12, 2023, Lowrey filed his 'Motion In Opposition To Proposed Summary Disposition'. Lowrey wrote,"*Appellant prays that this Court stop with the semantics and technicalities to dismiss this case and instead focus on the merits.  The Lower Court and now this Court has shown an extreme amount of bias, either through pro se bias or sexual discrimination...On one hand they issued a civil restraining order against him without any evidence whatsoever, and the same judicial officer, Nancy Collela, failed to issue a civil injunction on his minor child's behalf with an overwhelming amount of factual testimony and self authenticating documents to support it.  Even though, in this case the Defendant didn't even show up in three hearings.*"

260     On June 14, 2023, Lowrey filed his 'Motion Of Opposition To Proposed Summary Disposition.'

261     In his June 14, 2023 Memo, Lowrey wrote,"*Appellant now contends that if it cannot find error by the Lower Court in this case then it is totally unreliable source of justice for New Mexico citizens...Half of the issues on appeal now are never mention in the PSD, which follows the pattern that this Judge has in 2 of other of Appellant's appeals she has been a part of.  This Judge seems to repeat false statements by the Lower Court Judges which are completely contradicted by the facts and evidences already on the record, and then say they have complete discretion to make those false statements without any oversight by this Court...In New Mexico Courts, a failure to show up for a subpoena is an acknowledgment of conscious guilt..The Lower Court has acted, by way of conspiracy, through Appellant's 4 cases in the 13th Sandoval, to deny Appellant one measure of justice in each case and each Judge has denied taking Judicial Notice of any of the facts and evidences before them to do so...If this Court continues to defend the Lower Court's biased adjudications, already conceded by the Lower Court, then they will be furthering that bias themselves...The Lower Court judges have all acknowledged their lack of impartiality..*"

262     On August 29, 2023, Henderson filed her Memorandum Opinion affirming Noel and Collela's unconstitutional actions by continuing to refuse to even acknowledge Lowrey's constitutional rights.

263     Before Henderson filed any of her opinions, the 13th Sandoval judges were all recused for bias.

264     On September 19, 2023, Henderson filed her 'Memorandum Opinion'.  In her opinion, Henderson fabricates that Lowrey's appeal is unintelligible and unsupported to affirm dismissal.

265     On October 4, 2023, Lowrey files his 'Motion For Rehearing' in the defamation case.  In that motion he wrote,"*Appellant did not get a fair hearing by an unbiased judge by the Lower Court, as ruled by this Court's superior authority..If this Court was to once again defy it's superior court's recusals in the Lower Court, then this Court, along with the Lower Court would be denying Appellant his Due Process right to a fair trial by an unbiased judge.*"

266     On October 6, 2023, Henderson denied to rehear Lowrey's defamation appeal and violated his rights.

267     On November 6, 2023, Lowrey filed his 25 pg. defamation Extraordinary Writ to Supreme Court.

268     On December 8, 2023, Bacon denied Lowrey's defamation Extraordinary Writ of Certiorari. Lowrey's Extraordinary Writ was supported by citing of 16 New Mexico and Federal case laws and had 11 exhibits attached totaling over 80 pages.  Bacon denied Lowrey's writ without any fact or law given.

269     On January 22, 2024, Bacon denied Lowrey's CRO Extraordinary Writ Of Certiorari.

270     Henderson is currently colluding to deprive Lowrey of his above enumerated rights.

## COUNTS AGAINST SHANNON BACON

**COUNT 121**: 1A Violation, Freedom Of Speech          **COUNT 122:** 1A Violation, Retaliation
**COUNT 123:** 1A Violation, Right To Petition Courts   **COUNT 124:** 6A Violation, Pro Se Discrimination
**COUNT 125:** 14A Violation, Denial Of Meaningful Access To Courts
**COUNT 126:** 14A Violation, Fabrication Of Evidence **COUNT 127:** 14A Violation, Suppression Evidence
**COUNT 128:** 14A Violation, Malicious Abuse Of Process          **COUNT 129:** U.S.C. 1654 Violation
**COUNT 130:** Civil Rights Act (1964) Sexual Discrimination
**COUNT 131:** 14A Violation, Due Process  **COUNT 132:** 14A Violation, Unequal Treatment Under Law
**COUNT 133:** 14A Violation, Parental Interference          **COUNT 134:** 5A Violation, Double Jeopardy
**COUNT 135:** Supremacy Clause Violation, Art. 6, Clause 2 **COUNT 136:** NM Constitution, Art. 2, Sect. 1
**COUNT 137:** NM Constitution, Art. 2, Section 4          **COUNT 138:** NM Constitution, Art. 2, Section 15
**COUNT 139:** NM Constitution, Art. 2, Section 17          **COUNT 140:** NM Constitution, Art. 2, Section 18
**COUNT 141**: NM Constitution, Art. 3, Section 1          **COUNT 142:** NM Constitution, Art. 4, Section 34
**COUNT 143:** FPA, NM Statute 40-15-4 (2021)          **COUNT 144**: New Mexico FVPA, NM Statute 40-13
*VERIZON MD. INC. v. PUBLIC SERV. COMM'N OF MD,535 U.S. 635122 S. Ct. 1753 (2002)*

## FACTS WHICH MAKE COUNTS 121-144 PLAUSIBLE:

271     On May 25, 2023 Noel and all of the judges in the 13th Sandoval recused themselves for personal bias from hearing any of Lowrey's current or future cases. Noel's recusal defies state and federal laws.

272     On June 16, 2023, Bacon personally issued orders reassigning all 3 of Lowrey's cases.

273     On July 6, 2023, Lowrey filed a 19 page '*Extraordinary Writ To The New Mexico Supreme Court*' challenging the constitutionality of Regan, Collela, Johnston, Henderson and Duffy's fabrication of the DRHO Report as an order of the Court. Lowrey also informed the Supreme Court that Regan had defrauded New Mexico Legal Aid by falsely claiming she was a domestic violence victim in order to obtain Baca's free legal counseling. Lowrey's writ included 16 exhibits in support of.

274     On July 28, 2023, Bacon filed a '*Notice Of Recusal*' of Justice Julie Vargas from Lowrey's writ.

275           On November 6, 2023, Lowrey filed his 25 pg. defamation Extraordinary Writ to the Supreme Court.

276     On October 12, 2023, Regan filed a 7th Domestic Violence petition against Lowrey in the 13th Court.

277     On October 12, 2023, Noel recused all the judges of the 13th Sandoval for personal bias from hearing Regan's 7th recycled DV petition, to which Lowrey is 5th Amendment Double Jeopardy protected from.

278     On November 6, 2023, Bacon reassigns Amber Chavez Baker, a 2nd District Judge to hear Regan's 7th Domestic Violence petition against Lowrey in the 13th Sandoval Court.

279     On November 6, 2023, Baker instantly grants Regan's DV petition against Lowrey, even before she was officially assigned to hear the case by the 13th Sandoval Clerk's office.

280     On December 8, 2023, Bacon denied Lowrey's defamation Extraordinary Writ of Certiorari. Lowrey's Extraordinary Writ was supported by citing of 16 New Mexico and Federal case laws and had 11 exhibits attached totaling over 80 pages. Bacon denied Lowrey's writ without any fact or law given.

281     On January 22, 2024, Bacon denied Lowrey's CRO Extraordinary Writ of Certiorari.

282     On November 1, 2022 Bacon changed New Mexico Court rules 1-053.2, due to Lowrey's successful appeal against Johnston, further denying his due process rights to in-person objection hearings.

283     Bacon has personally been fully informed of the 13th Sandoval's and Appeals Court's unconstitutional adjudications and district wide recusals and is currently failing to uphold Lowrey's constitutional rights enumerated in this action. Being that Bacon is the Chief Justice of the New Mexico Supreme Court, she has violated her constitutional oath by not upholding the above enumerated New Mexico and U.S. Federal laws.

284     Bacon is currently refusing to protect Lowrey's fundamental rights to petition his courts for redress and denying Lowrey access to the 13thCourt. Bacon, being fully aware of every fact in this action, is therefore personally responsible for the current constitutional deprivations enumerated in this action.

285     Additionally, Bacon is currently involved in a unlawful attempt to frame Lowrey for a misdemeanor domestic violence charge and strip custody of his child in order to retaliate against him for exercising his 1st amendment rights to petition the Courts of New Mexico.

## COUNTS AGAINST JENNIFER REGAN
**COUNT 145**: 1A Violation, Freedom Of Speech **COUNT 146:** 14A Violation, Malicious Abuse Of Process **COUNT 147:** 42 USC 2996 Violation, LSC Act  **COUNT 148:** 5A Violation, Double Jeopardy **COUNT 149:** NM Constitution, Art. 2, Section 4    **COUNT 150:** NM Constitution, Art. 2, Section 15 **COUNT 151:** NM Constitution, Art. 2, Section 17    **COUNT 152:** NM Constitution, Art. 2, Section 18 **COUNT 153:** FPA, NM Statute 40-15-4 (2021)    **COUNT 154**: New Mexico FVPA, NM Statute 40-13
*VERIZON MD. INC. v. PUBLIC SERV. COMM'N OF MD,535 U.S. 635122 S. Ct. 1753 (2002)*

## FACTS WHICH MAKE COUNTS 145-154 PLAUSIBLE:

286     Jennifer Regan and Jarrod Lowrey share a child, now aged 8 years old.

287     Lowrey has not lived with Regan since 2016, but still co-parents their child.

288     In 2019, Regan moved in a drug addict violent criminal named Jamie Medrano, who absconded from his parole to New Mexico from California for attempting to murder his ex girlfriend.

289     In 2020, while Medrano was stalking her and her children at her house, Regan moved in Eric Anthony Wideman, a meth and opiate addict violent criminal on probation for two counts of domestic violence. Wideman was deemed a physical threat to his own children by the Bernalillo Metro Court.

290     In September of 2020, Regan began threatening to leave New Mexico with the shared child, and so Lowrey filed a custody case at the 13th Sandoval Court and asked for primary custody of the child.

291     Regan retaliated for the Custody case by filing her 3th falsified DV petition against Lowrey.

292     Regan had filed 2 falsified Domestic Violence petitions against Lowrey in 2016 and 2017. Both cases were dismissed with Lowrey being exonerated.

293     Regan's 3rd Domestic Violence petition featured recycled allegations from the previous two.

294     Regan's 3rd Domestic Violence petition was dismissed with prejudice without Lowrey's guilt.

295     Collela dismissed Regan's 3rd petition, but coerced a no-contact order and placed it in Custody case.

296     Regan began weaponizing the coerced no-contact order immediately in the Custody case.

297     Regan filed her 4th falsified DV petition against Lowrey on April 21, 2021.

298     On May 10, 2021 Collela dismissed Regan's petition for lack of credibility and lack of evidence.

299     After 4th denial of DV petition, Regan defrauded a New Mexico Legal Aid application by stating that she was a victim of domestic violence in order to obtain free legal services from Monica D. Baca.

300     On June 23, 2021, Collela held a biased No Contact Order violation hearing in the custody case.

301     On June 28, 2021, Collela fabricated evidence for Regan and suppressed Lowrey's evidence upon issuing her DRHO Report recommending that Lowrey should lose custody of the shared child.

302     On July 8, 2021, Lowrey filed his objections to Collela's fabricated DRHO Report.

303     On July 18, 2021, Sandoval Sheriffs charged Regan with false report and harassment of Lowrey.

304     On July 23, 2021, Johnston broke New Mexico law 1-053.2 by denying Lowrey's objection hearing.

305     On August 16, 2021, Johnston again broke law 1-053.2 by denying Lowrey objection hearing.

306     On November 8, 2021, Lowrey was forced to file an appeal challenging the false DRHO Report.

307     While the custody case was on appeal, Baca encouraged Regan to continue making false allegations.

308     On October 25, 2021, Regan filed her 5th falsified Domestic Violence petition against Lowrey making the same recycled claims of sexual abuse, harassment and stalking. Regan's 5th Domestic Violence petition was denied as incredible without evidentiary support of any kind.

309     On May 5, 2022, RRPD began investigating Regan for child abuse NM Statute 30-6-1 (J).

310     On May 18, 2022, the New Mexico Appeals Court of Appeals reverses Johnston false DRHO order.

311     After Lowrey won his appeal, which canceled Johnston's No Contact Order, Regan falsely accused Lowrey of inappropriately touching her daughter back in 2015 or 2016.

312     On June 16, 2022, Regan conspires with CYFD to unlawfully seize the shared minor child.

313     On June 17, 2022, Regan filed her 6th falsified Domestic Violence petition against Lowrey making the same recycled claims of sexual abuse, harassment and stalking. Regan's 6th Domestic Violence petition was denied as incredible without evidentiary support of any kind. In the 6th petition, Regan wrote,"..*sexual disclosures of abuse from my daughter by Jarrod.*"

314     On June 21, 2022, Johnston conspired with Regan and RRPD to seize the shared child by force.

315     On June 27, 2022, the shared child was returned to Lowrey and he was cleared of any abuse.

316     Regan, CYFD, and Baca pressured RRPD to refer charges against Lowrey without any evidence.

317     Sandoval County DA's office reviewed the RRPD referral and found that there was no evidence to press any charges against Lowrey. The RRPD nor Sandoval County DA never interviewed Lowrey.

318     On October 12, 2023, after being told by RRPD that no charges were filed against Lowrey, Regan filed her 7th falsified Domestic Violence petition against Lowrey, making the same allegations from her previous 6 petitions and repeating her claims of Lowrey's sexual abuse.

319     On October 12, 2023, Noel and the other 13th Sandoval judges recused themselves from reviewing Regan's petition in retaliation against Lowrey and the case set idle for 25 days.

320     On November 6, 2023, Bacon assigned Baker to review Regan's 7th Domestic Violence petition and it was instantly granted and a Temporary Order of Protection was filed against Lowrey.

321     Regan defrauded another New Mexico Legal Aid application by claiming to be a domestic violence victim and filed for a continuance with Baker to allow for her to retain free counsel from Legal Aid.

322     The New Mexico Supreme Court has held that litigants aren't owed free counsel for civil cases.

323     Baker granted Regan's 3 requests for continuance and continued the DV hearing from November 17, to March 15, 2024, which is violating the New Mexico Family Violence Protection Act 40-13-4(A)3.

324     New Mexico Legal Aid lawyers, Edna Sprague and Sarah Coffey are representing Regan knowing that she defrauded their application process in order to obtain their free legal services.

325     Regan, as a 3rd party conspirator, has conspired with defendants Sprague, Coffey, and Bellafant, through fraud, to obtain legal services that she knowingly does not qualify for. Regan, Sprague, Coffey, and

Bellafant are currently colluding with Baker, who was installed by Bacon, to maliciously prosecute Lowrey for a misdemeanor domestic violence charge in order to strip him of his constitutionally protected parental right to the shared child.

326    Lowrey, being found innocent 6 times of DV in the 13th Court, is 5th Amendment protected from such.

## COUNTS AGAINST EDNA SPRAGUE

**COUNT 155:** 14A Violation, Fabrication Of Evidence **COUNT 156:** 14A Violation, Suppression Evidence
**COUNT 157:** 14A Violation, Malicious Abuse Of Process **COUNT 158:** 14A Violation, Due Process
**COUNT 159:** 14A Violation, Parental Interference **COUNT 160:** 42 USC 2996 Violation, LSC Act
**COUNT 161:** 5th Amendment Violation, Double Jeopardy
**COUNT 162:** NM Constitution, Art. 2, Section 1 **COUNT 163:** NM Constitution, Art. 2, Section 4
**COUNT 164:** NM Constitution, Art. 2, Section 1 **COUNT 165:** NM Constitution, Art. 2, Section 18
**COUNT 166:** FPA Act, NM Statute 40-15-4 **COUNT 167:** New Mexico FVPA, NM Statute 40-13
*VERIZON MD. INC. v. PUBLIC SERV. COMM'N OF MD,535 U.S. 635122 S. Ct. 1753 (2002)*

## FACTS WHICH MAKE COUNTS 155-167 PLAUSIBLE:

327    On October 12, 2023, Regan filed her 7th falsified Domestic Violence petition against Lowrey.

328    On November 6, 2023, Baker instantly grants Regan's petition for Protection Order without any evidence other than Regan's long recycled allegations.  Baker set a hearing for November 17, 2023.

329    On November 8, 2023, Lowrey files his 1st '*Motion To Dismiss For Lack Of Jurisdiction And Violation Of 5th Amendment Double Jeopardy Clause*".  Lowrey asked for hearing but Baker ignored.

330    On November 15, 2023, Baker grants Regan's motion for continuance to obtain legal counsel.

331    Regan, who already has committed fraud in order to acquire the legal help of Baca, defrauds another application to New Mexico Legal Aid by falsely claiming to be a victim of domestic violence.

332    On November 27, 2023, Lowrey filed his second '*Motion To Dismiss*' along with 78 exhibits.

333    On November 29, 2023, Lowrey received a call from a New Mexico Legal Aid secretary to Sprague and Coffey asking if he would agree to a continuance.  While on that call, Lowrey was told by the secretary that they were solely representing Regan because she claimed she was a domestic violence victim.  Lowrey told the secretary that he would file a lawsuit if they fraudulently represented Regan again.

334    On November 30, 2023, Sarah Coffey of New Mexico Legal Aid files her entry of appearance.

335    Baker fails to send Lowrey any notice that she was intending to hold the hearing in the 2nd District.

336    On December 6, 2023, Baker unlawfully holds the hearing outside of the 13th Sandoval as directed by the Supreme Court.  Lowrey was present awaiting the hearing in the 13th Courthouse.

337    On December 6, 2023, Lowrey was informed in the 13th Sandoval Courthouse that Baker was holding the hearing in the 2nd District in Albuquerque.  Lowrey called Bakers TCAA and told her they were in violation of the Supreme Court order that held that Baker hear the case at the 13th Sandoval.

338    On December 6, 2023, Sprague filed her entry of appearance and asked for a 2nd continuance.

339    Baker, without Lowrey present, granted Sprague's motion for continuance for January 16, 2024.

340    Sprague, by asking for a continuance, knew she was asking Baker to break Law 40-13-4(A)3.

341    Sprague was also made aware to the fact that Regan was not a victim of domestic violence, by way of reading Lowrey's motion to dismiss and 100 + exhibits which made that fact very clear to everyone.

342    On December 11, 2023 at 4:44 pm, Lowrey sent Sprague an email stating,"*..what I told your secretary when she called me is that I would consider suing NM Legal Aid if they were to represent Ms. Regan on the basis that she was a domestic violence victim.  If Ms. Regan told NM Legal Aid that and NM Legal Aid chose to represent her for the second time, then that would constitute fraud of state public funding. I support domestic violence programs but Ms . Regan is abusing those programs intended for actual victims of domestic violence.*"

343    On New Mexico Legal Aid's website it reads,"*Currently New Mexico Legal Aid only has resources to consider applications for family law legal help for victims of domestic abuse.  If you are not the victim of domestic abuse, we will unfortunately not be able to provide any help.*"

344    In a YouTube video uploaded on January 27, 2021, Sprague states,"*Congress created the Legal Services Corporation, which is a structural agency to provide funding to statewide state programs providing free legal services...We take cases that we think are compelling...Our general eligibility is income based so what that means is that you have to be a certain percentage um 125 over the poverty guidelines for the state of New Mexico...Some of our grants so the majority of our domestic violence grants do not have income guidelines so you can be any income and still seek our services...The attorneys always have the discretion to decide what cases they are going to take and what cases they are not going to take so so even if a client a potential client meets all of our other eligibility the attorney can still decide not to assist that person.*"

345    Sprague has conspired with Regan, Coffey, and Bellafant to defraud New Mexico Legal Aid by representing Regan knowing she committed fraud on her application.  Sprague knows that Regan is not a victim of domestic violence but is now engaged in a malicious prosecution to frame Lowrey for domestic violence.  Sprague, as defined under the LSC Act 42 U.S.C. § 2996, is a state actor.

346    On February 6, 2024, I emailed New Mexico Legal Aid Director Sonya Bellafant and informed her that Regan had defrauded an application by saying she was a domestic violence victim.

347    Sprague is an admitted feminist and domestic violence activist who is currently violating Federal Law 42 U.S.C. § 2996 and currently depriving Lowrey of his above enumerated constitutional rights.

## COUNTS AGAINST SARAH COFFEY

**COUNT 168:** 14A Violation, Fabrication Of Evidence **COUNT 169:** 14A Violation, Suppression Evidence
**COUNT 170:** 14A Violation, Malicious Abuse Of Process **COUNT 171:** 14A Violation, Due Process
**COUNT 172:** 14A Violation, Parental Interference  **COUNT 173:** 42 USC 2996 Violation, LSC Act
**COUNT 174**: 5th Amendment Violation, Double Jeopardy
**COUNT 175:** NM Constitution, Art. 2, Section 1   **COUNT 176:** NM Constitution, Art. 2, Section 4
**COUNT 177:** NM Constitution, Art. 2, Section 1   **COUNT 178:** NM Constitution, Art. 2, Section 18
**COUNT 179:** FPA Act, NM Statute 40-15-4   **COUNT 180:** New Mexico FVPA, NM Statute 40-13
*VERIZON MD. INC. v. PUBLIC SERV. COMM'N OF MD, 535 U.S. 635122 S. Ct. 1753 (2002)*

## FACTS WHICH MAKE COUNTS 168-180 PLAUSIBLE:

348    On October 12, 2023, Regan filed her 7th falsified Domestic Violence petition against Lowrey.

349    On November 6, 2023, Baker instantly grants Regan's petition for Protection Order without any evidence other than Regan's recycled allegations.  Baker set a hearing for November 17, 2023.

350     On November 8, 2023, Lowrey files his 1st '*Motion To Dismiss For Lack Of Jurisdiction And Violation Of 5th Amendment Double Jeopardy Clause*". Lowrey asked for hearing but Baker ignored.

351     On November 15, 2023, Baker grants Regan's motion for continuance to obtain legal counsel.

352     Regan, who already has committed fraud in order to acquire the legal help of Baca, defrauds another application to New Mexico Legal Aid by claiming to be a victim of domestic violence.

353     On November 27, 2023, Lowrey filed his second '*Motion To Dismiss*' along with 78 exhibits.

354     On November 29, 2023, Lowrey received a call from a New Mexico Legal Aid secretary to Sprague and Coffey asking if I would agree to a continuance. While on that call, Lowrey was told by the secretary that they were solely representing Regan because she claimed she was a domestic violence victim.

355     On November 30, 2023, Sarah Coffey of New Mexico Legal Aid files her entry of appearance.

356     Coffey was also made aware to the fact that Regan was not a victim of domestic violence, by way of reading Lowrey's motion to dismiss and 100 + exhibits which made that fact very clear.

357     On December 1, 2023, Coffey filed a '*MOTION FOR IN CAMERA HEARING WITH THE MINOR CHILD OR IN THE ALTERNATIVE TO SCHEDULE EMERGENCY ON CALL WITH COURT CLINIC*". In that motion, Coffey writes,"*The child has experienced significant mental health and emotional challenges as a result of the sexual abuse...the child does not want to testify in a contested hearing due to the trauma of seeing her abuser...the child is concerned about her safety and would rather face the trauma of testifying than continued abuse.*"

358     Coffey has conspired with Regan, Sprague, and Bellafant to defraud New Mexico Legal Aid by representing Regan knowing she committed fraud on her application. Coffey knows that Regan, nor her daughter, are victims of domestic violence but is now engaged in a malicious prosecution to frame Lowrey for domestic violence in order to strip Lowrey of his constitutionally protected parental rights.

359     Coffey, as defined under the LSC Act 42 U.S.C. § 2996, is a state actor.

360     In 2020, Coffey began using her personal facebook to advertise New Mexico Legal Aid's Domestic Violence Programs. Coffey also has posted political ads on her personal facebook, this violates LSC Act 42 U.S.C. § 2996(e)1, which restricts LSC employees from political campaigns.

361     On February 2021, Coffey and Rosemary Traub, a 2nd District Domestic Violence Hearing Officer, uploaded a Domestic Violence Video onto New Mew Mexico Legal Aid website. In that video Mrs. Traub states to Coffey,"*In the temporary order protection that you get, there is a hearing that will be scheduled within 10 days, which is required under the law.*"

362     On New Mexico Legal Aid's website it reads,"*Currently New Mexico Legal Aid only has resources to consider applications for family law legal help for victims of domestic abuse. If you are not the victim of domestic abuse, we will unfortunately not be able to provide any help.*"

363     On February 6, 2024, Lowrey emailed New Mexico Legal Aid Director Sonya Bellafant and informed her that Regan had defrauded an application by saying she was a domestic violence victim and that Sprague and Coffey were engaged in an unlawful malicious prosecution against Lowrey.

364     Coffey is admitted feminist and domestic violence activist currently acting in violating of Federal Law 42 U.S.C. § 2996 and is currently depriving Lowrey of his above enumerated constitutional rights.

## COUNTS AGAINST SONYA BELLAFANT

**COUNT 181:** 14A Violation, Fabrication Of Evidence **COUNT 182:** 14A Violation, Suppression Evidence

**COUNT 183:** 14A Violation, Malicious Abuse Of Process **COUNT 184:** 14A Violation, Due Process
**COUNT 185:** 14A Violation, Parental Interference   **COUNT 186:** 42 USC 2996 Violation, LSC Act
**COUNT 187:** NM Constitution, Art. 2, Section 1   **COUNT 188:** NM Constitution, Art. 2, Section 4
**COUNT 189:** NM Constitution, Art. 2, Section 1   **COUNT 190:** NM Constitution, Art. 2, Section 18
**COUNT 191:** FPA Act, NM Statute 40-15-4 (2021) **COUNT 192:** New Mexico FVPA, NM Statute 40-13
*VERIZON MD. INC. v. PUBLIC SERV. COMM'N OF MD, 535 U.S. 635122 S. Ct. 1753 (2002)*

## FACTS WHICH MAKE COUNTS 181-192 PLAUSIBLE:

364     Sonya Bellafant is the acting Executive Director of New Mexico Legal Aid and LSC Grantee.

365     Regan defrauded a New Mexico Legal Aid application by falsely claiming to be a domestic violence victim on two occasions in order to obtain free legal services by New Mexico Legal Aid.

366     The first defrauded application was in 2020 and the second was in October of 2023.

367     On November 29, 2023, Lowrey received a call from a New Mexico Legal Aid secretary asking if Lowrey would agree to a continuance. While on that call, Lowrey was told by the secretary that they were solely representing Regan because she claimed she was a domestic violence victim. Lowrey told the secretary that he would file a lawsuit if they fraudulently represented Regan again.

368     On November 30, 2023, Coffey filed her entry of appearance to represent Regan vs. Lowrey.

369     On December 6, 2023, Sprague filed her entry of appearance to represent Regan vs. Lowrey.

370     On February 6, 2024, Lowrey wrote Bellafant,"*I am currently being maliciously prosecuted by your New Mexico Legal Aid lawyers Edna Sprague and Sarah Coffey. They are pushing a domestic violence action under the FVPA which they know there is no basis for doing so...I am also in possession of evidence that proves Jennifer Regan obtained New Mexico Legal Aid through fraud...I ask that you take immediate account of this fraud by Jennifer Regan and take immediate action to avoid any further liability for allowing the weaponization of your taxpayer funded organization to be used to maliciously prosecute the very taxpaying citizen who funds that organization.*"

371     On New Mexico Legal Aid's website it reads,"*Currently New Mexico Legal Aid only has resources to consider applications for family law legal help for victims of domestic abuse. If you are not the victim of domestic abuse, we will unfortunately not be able to provide any help.*"

372     Bellafant is refusing to take action to stop the fraud and malicious prosecution against Lowrey.

373     On February 16, 2024, Lowrey called the Office Of Inspector General's LSC office and made a complaint about Regan, Sprague, Coffey, and Bellafant's fraud of taxpayer funded legal services.

374     On February 16, 2024 at 1:04 pm, Lowrey received a call from the OIG LSC's office and they took his complaints about Regan, Sprague, Coffey, and Bellafant's fraud and malicious prosecution.

375     Bellafant has been made aware of the fraud of Regan, Sprague, and Coffey and is allowing Sprague and Coffey to violate the LSC Act 42 U.S.C. § 2996 through a malicious prosecution. Bellafant is currently violating the LSC Act and depriving Lowrey of his above enumerated constitutional rights.

## COUNTS AGAINST AMBER CHAVEZ-BAKER

**COUNT 193**: 1A Violation, Freedom Of Speech        **COUNT 194:** 1A Violation, Retaliation
**COUNT 195:** 6A Violation, Pro Se Discrimination **COUNT 196:** 14A Violation, Malicious Abuse Process
**COUNT 197:** 14A Violation, Denial Of Meaningful Access To Courts   **COUNT 198:** U.S.C. 1654

Violation

**COUNT 199:** 14A Violation, Fabrication Of Evidence **COUNT 200:** 14A Violation,Suppression Evidence

**COUNT 201:** Civil Rights Act (1964) Sexual Discrimination

**COUNT 202:** 14A Violation, Due Process **COUNT 203:** 14A Violation, Unequal Treatment Under Law

**COUNT 204:**14A Violation, Parental Interference       **COUNT 205:** 5A Violation, Double Jeopardy

**COUNT 206:** NM Constitution, Art. 2, Section 1       **COUNT 207:** NM Constitution, Art. 2, Section 4

**COUNT 208:** NM Constitution, Art. 2, Section 15       **COUNT 209:** NM Constitution, Art. 2, Section 18

**COUNT 210:** NM Statute 40-15-4 (2021)       **COUNT 211:** New Mexico FVPA, NM Statute 40-13-4

***VERIZON MD. INC. v. PUBLIC SERV. COMM'N OF MD, 535 U.S. 635122 S. Ct. 1753 (2002)***

### FACTS WHICH MAKE COUNTS 193-211 PLAUSIBLE:

376   On October 12, 2023 Regan filed her 7th falsified Domestic Violence Petitioned against Lowrey.

377   On October 12, 2023, Noel and the other 13th judges recused themselves from hearing Regan's 7th Domestic Violence petition against Lowrey for personal bias and also 5th Amendment protection purposes.

378   The 13th Sandoval Clerk's office never sent Lowrey Noel's Order of Recusal until November 8, 2023.

379   On November 6, 2023, Baker instantly granted Regan's 7th DV petition without any evidence at 9:41 am, almost 5 hours before she was officially stamped in as the reassigned judge to hear Regan's 7th DV case at 2:45 pm.  Baker issued a Temporary Order of Protection and Order To Appear against Lowrey.

380   In Baker's November 6, 2023 Order, she made many errors, typos, and omissions and sets a hearing for November 17, 2023, but fails to identify the address where the hearing was to be held.

381   On November 6, 2023, the 13th Sandoval Clerks officially stamp Bacon's Order at 2:45 pm.

382   On November 6, 2023, the 13th Sandoval Clerks issued notice of Baker's assignment at 5:03 pm.

383   In Bacon's November 6, 2023 Order assigning Baker, she writes,"***IN THE MATTER OF THE DESIGNATON OF THE HONORABLE AMBER CHAVEZ-BAKER TO PRESIDE OVER A SPECIFIED CASE IN THE THIRTEENTH JUDICIAL DISTRICT...IT IS FURTHER ORDERED that Judge Chavez-Baker may be reimbursed for mileage and per diem, provided that such costs are paid directly by the Thirteenth Judicial District Court;"***

384   On November 6, 2023, at 1:30 am, Lowrey was awoken by Sandoval Sheriff's driving up and down his private road with their spotlights and yelling Mr. Lowrey's name trying to serve him the TRO.

385   On November 7, 2023, Lowrey was served with Baker's Order, and apprised of Regan's petition.

386   On November 8, 2023, Baker issued a second Order of Protection and Order To Appear, which fixed some of the errors but still was very inaccurate.  Baker still omitted the actual address to appear.

387   On November 8, 2023, Lowrey filed his 1st '***Motion To Dismiss For Lack Of Personal Jurisdiction And Violation Of 5th Amendment Double Jeopardy Clause***'.  Lowrey also requested a hearing for 60 minutes with the judge, and that hearing, nor motion, have yet to be heard.

388   On November 14, 2023 Lowrey filed '*Exhibit List 1*", with 25 exhibits  into the case record.

389   On November 15, 2023, at 1:18 pm Regan filed a '*Motion For Continuance*' writing,"***extend temporary order to obtain legal representation w/ NM Legal Aid (pending) 2 respond to petitioner's motion to dismiss.***"

390   On November 15, 2023, at 3:36 pm, Baker grants Regan's motion, and resets hearing December 6th.

391   The Sandoval 13th Court Docket shows that Baker granted Regan's motion before Regan filed it.

392    On November 27, 2023, Lowrey filed a DV counter petition against Regan and it was granted on November 29, 2023 but Regan not served with her TRO and Order To Appear until December 6, 2023.

393    On November 27, 2023, Lowrey filed his second motion to dismiss titled,"EMERGENCY MOTION TO DISMISS TEMPORARY ORDER OF PROTECTION'.  That motion is yet to be heard.

394    On November 27, 2023, Lowrey filed '*Exhibit List 2*', with 53 exhibits directly into the case.

395    On November 30, 2023, Coffey filed a '*Motion To Continue Order of Protection Hearing*'.  Coffey writes,"*The Respondent would not be prejudiced by a 45 day continuance...the Petitioner request the Court continue the hearing set for December 6, 2023 until after January 15, 2024.*"

396    On December 1, 2023, Coffey filed a '*Motion for Confidentiality Order and CYFD Disclosure*".  The order was signed by "*Jennifer Regan*", but was written by Coffey and filed in the 2nd District.

397    On December 1, 2023, Coffey filed a '*MOTION FOR IN CAMERA HEARING WITH THE MINOR CHILD OR IN THE ALTERNATIVE TO SCHEDULE EMERGENCY ON CALL WITH COURT CLINIC*".  Coffey writes,"*The child has experienced significant mental health and emotional challenges as a result of the sexual abuse...the child does not want to testify in a contested hearing due to the trauma of seeing her abuser...the child is concerned about her safety and would rather face the trauma of testifying than continued abuse.*"

398    On December 5, 2023, Lowrey responded to Coffey's motions writing,"*Respondent asks the Court to summarily dismiss the above motions as non-lawful attempts to create a de facto criminal trial without any legal or constitutional basis to do so...Respondent has been cleared 6 times of domestic violence by this Court, acquitted of domestic violence through a trial by the Bernalillo Magistrate Court, and cleared of any wrongdoing by the RRPD and Sandoval Sheriff's through lengthy and official investigations.*

399    On December 6, 2023, Lowrey appeared for the TRO hearing at the 13th Sandoval County Courthouse at 1:00 pm.  Lowrey was notified that Baker was holding the hearing at the 2nd Judicial Court, in violation of Bacon's Supreme Court Order.  Lowrey called Bakers TCAA and told her the violation.

400    On December 6, 2023, Baker filed a 'Minute Order And Notice Of Hearing' in which she writes,"*Respondent Lowrey's Motion To Dismiss for Lack of Jurisdiction, filed November 8, 2023 and November 27, 2023 are denied.  This Court is a court of general jurisdiction and is specifically designated by the New Mexico Supreme Court Order filed November 6, 2023 to hear this matter.  In addition, Mr. Lowrey's arguments are really about venue, and not jurisdiction.*"

401    Baker's December 6, 2023 minute order continued the TRO hearing on January 16, 2024.

402    Baker served Lowrey with his and Regan's amended TRO's with Baker writing in Regan's order,"*This order remains in force until November 17, 2023 at 5:00 pm.*"

403    On December 15, 2023, Lowrey filed a '*Emergency Application For Interlocutory Appeal*'.  In that appeal Lowrey writes,"*This appeal satisfies Statute 39-3-4 and 12-202...Additionally, this interlocutory order was 'fairly invoked' by a denial of a 18 page Motion To Dismiss which raised multiple issue preclusion questions.  Among the arguments raised, and thus preserved, are U.S. And New Mexico Constitutional questions, New Mexico Statutory arguments, and other matters of fact.*"

404    Lowrey's December 15, 2023 appeal he cites 30 New Mexico and Federal Case laws, and 6 exhibits.

405    On December 19, 2023, Baker filed an '*ORDER REGARDING EXHIBITS*' for January 16th hearing.

406    On December 19, 2023, Baker filed  a '*Confidentiality Order And Order For CYFD Disclosure*'.

407    On December 26, 2023, Lowrey filed a '*MOTION CHALLENGING COMPETENCY AND*

*CREDIBILITY OF PETITIONER AS A WITNESS AND MOTION FOR CONFIDENTIAL DISCLOSURE OF PETITIONER'S MENTAL HEALTH CONDITIONS'.* In that motion Lowrey informs the Court, by reference to his already filed exhibits, that Regan and her 15 year old daughter both suffer from multiple mental health disorders which is coupled with drugs and alcohol writing,*"Respondent has been told by Ms. Regan personally that her minor daughter has long suffered from depression, anxiety, severe ADHD, insomnia, and has undergone therapy her whole life for her propensity to lie...These various mental health conditions are tragically coupled with the minor child's extensive drug abuse, which is detailed in Exhibit List #1, exhibit 22, where the Court can read Ms. Regan's own words admitting that her daughter is being allowed to smoke marijuana and vape pens. Ms. Regan also recently admitted to RRPD Detective Parker that her minor daughter has been abusing alcohol in her home as well."*

408     On December 27, 2023, Lowrey filed a *'MOTION TO EXCLUDE CYFD INVESTIGATION DOCUMENTS'.* In that motion Lowrey writes,*"Respondent has shown this Court that the Petitioner herself has admitted that CYFD's investigation into AR was a fraudulent conspiracy aimed to unlawfully seize the shared minor child. Ms. Regan conspired with three CYFD workers, above named, to defraud multiple New Mexico state documents in order to bring those documents to this very Court to gain custody of the shared minor child. The Court, by issuing it's order, against the lawful objection by Respondent, in essence would be knowingly subpoenaing known fraudulent documents which are admitted as such by the very party that seeks their admission into the case."* This motion was ignored.

409     On January 9, 2024 Lowrey exchanged his 4 Exhibit Lists with Coffey and lodged his video evidence on a thumb drive to be viewed at the Court, along with with another binder of his documentary evidence. Lowrey's evidences include 94 exhibits proving his innocence, meanwhile Coffey and Regan did not exchange one piece of evidence for the hearing. There is no evidence to support Regan's 7th DV case.

410     On January 11, 2024 at 1:21 pm, right after Lowrey exchanged his 94 exhibits, Baker unlawfully continued the TRO hearing for the 3rd time because Coffey and Regan could produce no evidence yet again.

411     On January 16, 2024, Baker filed her *'MEMORANDUM ORDER AND NOTICE OF HEARING'.* In Baker's motion she argues that Lowrey's appeal was unlawful but cites no relevant law. Baker also writes ,*"However, in light of the concern that neither party actually received the listed orders in paragraph 9, this Court is sua sponte reconsidering Respondent second Motion To Dismiss, filed November 27, 2023. This motion will be re-heard upon completion of the Court of Appeals decision on Respondent's interlocutory appeal. This Court is specifically setting aside the provisions of the Court's Minute Order filed December 6, 2023 that dismisses Respondent's Motion To Dismiss."*

412     In Baker's January 16, 2024 order, she concedes that she held the hearing on December 6, 2023 in the wrong venue by ordering that all further hearings *"will be heard via video going forward."* Baker also sets a *"pre-trial conference and status hearing"* on March 15, 2024 which is violates FVPA 40-13.

413     On January 19, 2024, Lowrey filed *'OBJECTIONS TO THE MEMORANDUM ORDER AND NOTICE OF HEARING'.* In his motion Lowrey argues that the entire case proceedings are unconstitutional by writing,*"Respondent has been harassed by Petitioner for over 8 years now, and this Court continues to act as a open air market for the Petitioner's perjuries, false allegations, and lies. Respondent has been victimized by this Court for over 3 years through repeatedly allowing Petitioner to abuse the processes of the judicial system. Specifically, Respondent has been the victim of 10 false police reports, now 7 false Domestic Violence petitions in this Court, and was the target of the kidnapping of the shared minor child*

*which falsely accused him of sexual abuse against a child.  Respondent now asserts that enough is enough!  Respondent has been cleared time and time again of any criminal wrongdoing by every authority in the State of New Mexico, yet this Court continues to push this false petition forward and even now attempting to transform it into a criminal trial."* These objections are yet to be heard."

414     On January 19, 2024, Lowrey re-filed his '*EMERGENCY MOTION TO DISMISS*'.

415     On January 29, 2024, Lowrey filed his '*NOTICE OF COMPLETION OF BRIEFING*' of his Emergency Motion To Dismiss Temporary Order of Protection.  That motion was originally filed on November 27, 2023 and has yet to be meaningfully ruled on or heard at all to the present.

416     On February 7, 2024, The New Mexico Court Of Appeals filed it's '*ORDER DENYING APPLICATION FOR INTERLOCUTORY APPEAL*'.  The Court denied to uphold Lowrey's constitutional rights, such as his 5th Amendment, by writings 3 paragraphs stating that Lowrey's appeal and constitutional rights could not be upheld because Baker "*would not certify*" his appeal.  The Court also wrote there was a "*lack of certification language on the temporary protective order..*".  This denial was unconstitutional.

417     Baker is currently depriving Lowrey of his above enumerated constitutional rights by breaking New Mexico Law FVPA 40-13-4(A)3.  Baker is currently violating the law by continuing Regan's TRO hearing now 3 times.  The law only allows for a 10 day hearing, but Baker has shown extreme bias in order to grant Regan's motions for continuance for 109 days now to allow Regan to find some evidence which doesn't exist.  Baker is allowing evidence to be admitted against Lowrey which she knows is fraudulent, and that Regan has legally admitted to in a higher New Mexico court as fraudulent.  Baker has even granted Coffey and Sprague an unlawful pre-trial hearing through ex-parte communications.

418     Lowrey filed an Emergency Motion To Dismiss on November 27, 2024, and Baker is refusing to hear that motion which is filled with New Mexico and U.S. Constitutional Rights which are being trampled upon. Bacon, Sprague, Coffey, Regan, and Baker are currently conspiring through known false allegations to frame Lowrey for a misdemeanor charge in order to retaliate against Lowrey for exercising his constitutional rights, to protect the New Mexico judges from liability of a lawsuit, and to seize Lowrey's child without due process in favor of Regan.  Baker is knowingly engaged in an unlawful TRO adjudication that has expired by it's own merits per the Federal 10th Circuit case law on T.R.O.'s.  Being that Lowrey has no further state remedy for his ongoing constitutional deprivations he brings this suit.

## PRAYERS FOR RELIEF

419     Plaintiff asks the Court to recognize that he brings this action against each defendant under the Ex-Parte Young Doctrine.  Being as such Plaintiff does not ask for any monetary damages in this suit.
          Plaintiff, however, does ask for the following prospective injunctive and declaratory relief:

420     1.     **Plaintiff asks the Court for an Emergency Temporary Restraining Order to cease the unconstitutional and unlawful Temporary Restraining Order hearing being currently held by defendant Baker. Case # D-1329-DV-2023-342.**  Baker is currently attempting to hold an unlawful hearing which violates New Mexico Family Violence Protection Act 40-13-4(A)3 by 3 times continuing the hearings for 109 days beyond the strict 10-day rule.  Plaintiff never asked for a continuance of the TRO hearing and has all 3 times opposed the unlawful extensions.

421    Baker is involved in an unlawful adjudication to frame Plaintiff, without any evidence or any prior commission of domestic abuse, by the use of admitting evidence that she knows is fraudulent in order to manufacture a misdemeanor domestic violence charge to strip Plaintiff of his custody rights of the shared minor child. Baker has been made aware, through Plaintiff's motions to dismiss that he is 5th Amendment protected from the current DV case, being as this current case is the 7th DV petition filed by defendant Regan against him. The previous 6 DV petitions have all made known false and recycled allegations and in each case Lowrey was acquitted of any wrongdoing with the cases being dismissed by the 13th Sandoval Court.

422    This 7th DV petition contains now new allegations that were not already found by the 13th Sandoval domestic violence fact finder to be incredible without any factual support. After the 6th DV petition was dismissed, each of the local authorities in Sandoval County fully investigated the false claims now recycled in the 7th DV petition. The Sandoval Sheriff's, Rio Rancho Police Department, CYFD, and the Sandoval DA's office cleared Plaintiff and found no evidence to support a domestic violence charge.

423    Baker is attempting to re-litigate Regan's recycled false allegations that have already been decided by the 13th Sandoval Courts 6 times over, but also by every law enforcement authority in Sandoval County. Regan has already been given Due Process on all of the false allegations in her 6th and 7th DV petition, but Baker is now undermining the whole of Sandoval County by unlawfully holding this TRO hearing. Plaintiff has a constitutional right to be free from such a malicious prosecution as Baker is attempting.

424    The Court should grant Plaintiff's Temporary Restraining Order for the following reasons:

425          a. Irreparable injury will occur to Plaintiff if this Court denied Plaintiff this requested TRO because he could be unlawfully framed for criminal charge without any due process, which in turn could then be used by to unconstitutionally strip Plaintiff of his parental rights without due process. If this Court allows Baker's unlawful proceeding to occur, then Plaintiff would then have no remedy to reclaim his rights.

426          b. The threatened injury to Plaintiff far outweighs any negligible harm to Baker or Regan. Being that Regan has already had her due process rights exercised by all of Sandoval County and the 13th Court, there could be no harm to her. Baker, nor the State of New Mexico, would suffer any harm by this Court's TRO order that she recognize Plaintiff's constitutional rights and follow New Mexico laws.

427          c. The public interest in granting this requested TRO, would be in holding that Baker, as a judge, abides and upholds the laws of New Mexico and the U.S. Constitution. The public interest would not be to allow such an unlawful TRO hearing to take place, which would undermine confidence in the judiciary.

428          d. Plaintiff has an undeniable likelihood of success on the merits, given that Baker has so flagrantly violated FVPA law 40-13-4(A)3 by 109 days. The 10th Circuit has held that such a TRO hearing is unconstitutional. See *Tooele Cnty. v. United States, 820 F.3d 1183 (10th Circuit, 2016)*. Plaintiff also has an undeniable 5th Amendment protection claim. Additionally, the Supreme Court has long held that an FVPA action must be qualified by a **"commission of domestic abuse"**. See STATE v. POWELS, NMCA (2003).


429    2.    **Plaintiff asks the Court for a preliminary injunction order reversing defendant Noel's unconstitutional order recusing all of the judges of the 13th Sandoval Court from hearing any of Plaintiff's current or future cases.** On May 25, 2023, Noel recused himself and all of the judges of the 13th Sandoval Court from hearing any cases involving Plaintiff. On October 12, 2023 Noel again recused himself and all of the judges from hearing Regan's case against Plaintiff. Since there exists no law in New Mexico or in the U.S. Constitution which grants Noel authority to issue such a broad recusal order, then this

Court must immediately issue a ruling overturning that order. Additionally, the U.S. Supreme Court has long held that the 1st Amendment Right to petition the courts is the most fundamental right in the Constitution.

430    3.    **Plaintiff is asking the Court to issue the following declaratory relief after a proper adjudication of Plaintiff's above claims detailed in his complaint. That the Court issue an order declaring:**
*"All of the the New Mexico Courts, and their judges, hearing officers, arms of the court, and it's practicing lawyers are bound to the laws of the U.S. Constitution and the U.S. Supreme Court. Any adjudications, actions, declarations, or resulting orders which are contradictory to the U.S. Constitution and any of the the rulings of the U.S. Supreme Court are null and void by way of the Supremacy Clause, Article 6, Clause 2."*

431    4.    **Plaintiff is asking the Court to issue the following declaratory relief after a proper adjudication of Plaintiff's above claims detailed in his complaint.** That the Court issue an order reversing Lowrey's now 4 dismissed cases in the 13th Sandoval for further proceedings in order to remedy the unconstitutional adjudications of the judges who have all now admitted their biased adjudications in denying Lowrey justice in all of those cases. Plaintiff has a constitutional right to a fair hearing by unbiased judge.

432    5.    **Plaintiff requests that the Court issue an order to remove Lowrey's Custody Case to the New Mexico District Federal Court.** That the Court issue an order to remove Lowrey's Custody Case to the New Mexico District Federal Court in order that Lowrey's constitutional rights to be in his child's life is adequately preserved. Plaintiff contends that Lowrey's factual allegations of a corrupted New Mexico state court, and this Court's confirmation of those facts, provide more than good cause to give this Court lawful supplemental jurisdiction, per 28 USC 1441,to move Lowrey's Custody Case to this U.S. Court.   If the Court does not issue this order it is very likely that this complaint will replicate itself.

433    6.    **Plaintiff requests any additional relief that the Court finds just and proper.**

By undersigning, Plaintiff certifies that the information within this document is true to the best of his knowledge and belief, and is in accordance with the factual evidences in his possession; which he vows to share freely with the Court and the defendants.

Jarrod Lowrey
P.O. Box #45424
Rio Rancho, New Mexico 87174
(505)415-1404
jlowrey6886@hotmail.com