IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

    Plaintiff,

v.                                                          No. 1:24-cv-00225-KWR-LF

NANCY COLLELA, in her official capacity,
CHERYL H. JOHNSTON, in her official capacity,
JAMES NOEL, in his official capacity,
CHRISTOPHER PEREZ, in his official capacity,
KARL REIFSTECK, in his official capacity,
MEGAN DUFFY, in her official capacity,
SHAMARRAH HENDERSON, in her official capacity,
SHANNON BACON, in her official capacity,
EDNA SPRAGUE, in her official capacity,
SARAH COFFEY, in her official capacity,
SONYA BELLAFANT, in her official capacity,
AMBER CHAVEZ-BAKER, in her official capacity, and
JENNIFER REGAN, in her private capacity,

    Defendants.

**<u>ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER</u>**

This case arises from a child custody proceeding in state court.  *See* Plaintiff's Civil Rights Complaint, Doc. 1, filed March 5, 2024 ("Complaint").  Plaintiff, who is proceeding *pro se*, alleges that Defendants are depriving Plaintiff of his Constitutional rights by, among other things, denying Plaintiff of meaningful access to New Mexico Courts.  Defendants include judges of the New Mexico District Court, New Mexico Court of Appeals, and the New Mexico Supreme Court, a hearing officer, attorneys and the executive director of New Mexico Legal Aid, and the mother of Plaintiff's son.  *See* Complaint at 1-2.

Plaintiff asserts 211 "Counts" and "asks the Court for an Emergency Temporary Restraining Order to cease the unconstitutional and unlawful Temporary Restraining Order hearing

being currently held by defendant [Second Judicial District Judge] Chavez Baker. Case # D-1329-DV-2023-342." Complaint at 33, ¶ 420.  Plaintiff argues that the Court should grant the temporary restraining order because: (i) Plaintiff will suffer irreparable injury through the denial of his parental rights without due process; (ii) the threatened injury to Plaintiff outweighs any harm to Judge Chavez Baker or the Mother; (iii) it is in the public interest to ensure that Judge Chavez Baker abides by the United States Constitution; and (iv) there is a likelihood of success because, among other things, the TRO hearing in state court is unconstitutional.  *See* Complaint at 34, ¶¶ 424-428 (citing *Tooele Cnty. v. United States*, 820 F.3d 1183 (10th Cir. 2016).

The Court denies Plaintiff's request for a temporary restraining order to "cease" the temporary restraining order hearing in state court.  The Anti-Injunction Act states:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283, Stay of State court proceedings.  Plaintiff's assertion that the "10th Circuit has held that such a TRO hearing is unconstitutional" mischaracterizes the holding in *Tooele County*.  Complaint at 34, ¶ 428 (citing *Tooele Cnty. v. United States*, 820 F.3d 1183 (10th Cir. 2016)).  The Tenth Circuit held: "The second exception to the Anti-Injunction Act does not apply and the district court erred by concluding that it could enjoin the state-court proceedings." *Tooele Cnty. v. United States*, 820 F.3d at 1192; at 1187 (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1324-25 (10th Cir. 1997) ("[T]he statute [Anti-Injunction Act] imposes an absolute ban on federal injunctions against pending state court proceeding, in the absence of one of the recognized exceptions in the law.")).  Plaintiff has not shown that any of the three exceptions to the Anti-Injunction Act applies in this case.

**IT IS ORDERED** that Plaintiff's request for a temporary restraining order to "cease" the temporary restraining order hearing in state court is **DENIED.**

    /s/
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**