IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

        Plaintiff,

v.                                                                                                       No. 1:24-cv-00225-KWR-LF

NANCY COLLELA, in her official capacity,
CHERYL H. JOHNSTON, in her official capacity,
JAMES NOEL, in his official capacity,
CHRISTOPHER PEREZ, in his official capacity,
KARL REIFSTECK, in his official capacity,
MEGAN DUFFY, in her official capacity,
SHAMARRAH HENDERSON, in her official capacity,
SHANNON BACON, in her official capacity,
EDNA SPRAGUE, in her official capacity,
SARAH COFFEY, in her official capacity,
SONYA BELLAFANT, in her official capacity,
AMBER CHAVEZ BAKER, in her official capacity, and
JENNIFER REGAN, in her private capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER

This case arises from a child custody proceeding in state court. *See* Plaintiff's Civil Rights Complaint, Doc. 1, filed March 5, 2024 ("Complaint"). Plaintiff, who is proceeding *pro se*, seeks "An Emergency Temporary Restraining Order to cease the unconstitutional and unlawful Temporary Restraining Order hearing being currently held by defendant Baker." Emergency Application for Temporary Restraining Order at 1, Doc. 46, filed June 14, 2024 ("Motion"). Defendant "Chavez-Baker is a judge in the 2nd Judicial District court of Bernalillo County." Plaintiff's Civil Rights Complaint at 2, Doc. 1, filed March 5, 2024. Plaintiff seeks the Temporary Restraining Order ("TRO") pursuant to *Ex parte Young*. *See* Motion at 1.

Defendant Chavez Baker opposes Plaintiff's Motion for a TRO on the grounds that: (i) 42 U.S.C. § 1983 expressly disallows injunctive relief against Judge Chavez Baker because the state court has not violated a declaratory judgement nor is declaratory relief unavailable; and (ii) Plaintiff's request for injunctive relief fails to establish the standards necessary for the Court to enjoin the state court because, among other things, the *Younger* abstention doctrine bars federal courts from interfering with state court proceedings.  *See* Judge Chavez Baker's Response to Plaintiff's Emergency Application for Temporary Restraining Order, Doc. 49, filed June 27, 2024. Section 1983 states "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.

Plaintiff replies that counsel for Defendant Chavez Baker "has already conceded that they are not challenging the truthfulness of any of the factual allegations in the complaint," Defendant Chavez Baker's "response is once again void of any challenge of the issue of the Ex Parte Young Doctrine and how it relates to the 1983 complaint and TRO requests" and "showed no controlling authority which impeaches the arguments and higher court authorities provided to this Court." Plaintiff's Reply in Support of Emergency Temporary Restraining Order at 1-3, Doc. 50, filed June 28, 2024 ("Reply").  Plaintiff's argument regarding Section 1983's limitation of injunctive relief against judges to cases where the judge violated a declaratory judgment or where declaratory relief was unavailable states:

> The only arguments detectable in the judicial defendant's short response are that 42 USC 1983 cannot be used to issue an injunction against judicial defendants. However, their cite to the 1983 statute is irrelevant and non-controlling. Ex Parte Young doctrine, which Plaintiff cites multiple times in his complaint explicitly allows for this US Federal Court to exercise it's [sic] unflagging obligation through issuance of injunctions such as Plaintiff has desperately requested in his application.

Reply at 2.

"[U]nder *Ex parte Young*, a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Levy* v. *Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015). Plaintiff seeks prospective injunctive relief against Defendant Chavez Baker pursuant to *Ex parte Young*. However, Defendant Chavez Baker is a state court judge.

In *Catanach v. Thomson*, Plaintiff Catanach sued Judge Thomson pursuant to 42 U.S.C. § 1983 seeking, among other things, to enjoin Thomson from enforcing an injunction. *See Catanach v. Thomson*, 718 Fed.Appx. 595, 596-599 (10th Cir. 2017). Thomson filed a motion to dismiss based in part on Eleventh Amendment immunity. *See Id.* Catanach opposed the motion to dismiss "claiming the *Ex parte Young* exception to Eleventh Amendment immunity applied because he was seeking to enjoin Thomson's ongoing violation of federal law." *Id.* The Tenth Circuit concluded that Catanach's claim for prospective injunctive relief pursuant to *Ex parte Young* was barred by 42 U.S.C. § 1983 stating:

> Section 1983 expressly disallows injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... *unless a declaratory decree was violated or declaratory relief was unavailable.*" *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Although we have previously said that a plaintiff may obtain an injunction against a state judge under 42 U.S.C. § 1983, those statements were abrogated by the Federal Courts Improvement Act of 1996, which provides that injunctive relief against a judicial officer shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.") (citations and quotation marks omitted); *see also Swain v. Seaman*, 505 Fed.Appx. 773, 775 (10th Cir. 2012) (unpublished) ("To be sure, Mr. Swain does mention (correctly) that courts generally recognize an exception to Eleventh Amendment immunity for plaintiffs seeking prospective relief from state officials. But Mr. Swain forgets that Congress expressly disallowed injunctive relief against judicial officers unless a declaratory decree was violated or declaratory relief was unavailable.") (citation and quotation marks omitted); *Ysais v. New Mexico*, 373 Fed.Appx. 863, 866 (10th Cir. 2010) (unpublished) ("Judicial officers are explicitly immunized not only

3

against damages but also against suits for injunctive relief under 42 U.S.C. § 1983."). Catanach has not alleged Thomson violated a declaratory judgment or that declaratory relief was unavailable. His claim for injunctive relief is barred by the statute itself.

*Catanach v. Thomson*, 718 Fed.Appx. 595, 599-600 (10th Cir. 2017) (emphasis added) (footnotes omitted).

The Court denies Plaintiff's Motion for a temporary restraining order against Defendant Chavez Baker. Plaintiff has not shown that Defendant Chavez Baker violated a declaratory judgment or that declaratory relief was unavailable. Furthermore, it appears that Plaintiff's Motion is now moot as Plaintiff indicates the hearing he seeks to enjoin was set for July 8, 2024. *See* Motion at 10; Reply at 1.

**IT IS ORDERED** that Plaintiff's Emergency Application for Temporary Restraining Order, Doc. 46, filed June 14, 2024, is **DENIED.**

                                                 **/S/**   KEA W. RIGGS
                                                 **UNITED STATES DISTRICT JUDGE**