## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

   Plaintiff,

v.            No. 1:24-cv-00225-KWR-LF

NANCY COLLELA, in her official capacity,
CHERYL H. JOHNSTON, in her official capacity,
JAMES NOEL, in his official capacity,
CHRISTOPHER PEREZ, in his official capacity,
KARL REIFSTECK, in his official capacity,
MEGAN DUFFY, in her official capacity,
SHAMARRAH HENDERSON, in her official capacity,
SHANNON BACON, in her official capacity,
EDNA SPRAGUE, in her official capacity,
SARAH COFFEY, in her official capacity,
SONYA BELLAFANT, in her official capacity,
AMBER CHAVEZ BAKER, in her official capacity, and
JENNIFER REGAN, in her private capacity,

   Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING NEW MEXICO LEGAL AID DEFENDANTS' MOTION TO DISMISS

  This case arises from child custody and domestic abuse proceedings in state court.  *See* Plaintiff's Civil Rights Complaint, Doc. 1, filed March 5, 2024 ("Complaint").  Plaintiff, who is proceeding *pro se*, alleges that Defendants are depriving Plaintiff of his Constitutional rights through their actions in the state court proceedings.  Defendants include judges of the New Mexico District Court, New Mexico Court of Appeals, and the New Mexico Supreme Court, a hearing officer, the mother of Plaintiff's son, and attorneys and the executive director of New Mexico Legal Aid.  *See* Complaint at 1-2.

  The Complaint alleges that: (i) Defendants Sprague, Coffey and Bellafant were attorneys employed through New Mexico Legal Aid; (ii) Defendants Sprague and Coffey represented

Defendant Jennifer Regan, the mother of Plaintiff's child, in Regan's domestic abuse case against Plaintiff in state court; and (iii) Defendant Bellafant, the acting Executive Director of New Mexico Legal Aid, refused to stop the prosecution of Regan's domestic abuse case against Plaintiff.  *See* Complaint at 2, 26, 28, 29.

The Complaint asserts several "Counts" against Defendants Sprague, Coffey and Bellafant (collectively the "Legal Aid Defendants") for violations of Plaintiff's rights under the United States New Mexico Constitutions, and pursuant to the Legal Services Corporation Act, 42 U.S.C. §§ 2996 *et seq.*, the New Mexico Family Preservation Act, N.M.S.A. § 40-15-4, and the New Mexico Family Violence Protection Act, N.M.S.A. § 40-13-1.  *See* Complaint at 26-28. Plaintiff states: "All counts of each defendants [sic] are being brought under the ex-parte young exception."  Complaint at 2, ¶ 19.  "[U]nder *Ex parte Young*, a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief").  *Levy* v. *Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015).

The Legal Aid Defendants move to dismiss the claims against them for failure to state a claim upon which relief may be granted.  *See* Motion of Defendants Edna Sprague, Sarah Coffey and Sonya Bellafant to Dismiss for Failure to State a Claim upon which Relief can be Granted, Doc. 21, filed March 19, 2024 ("Motion").  The Legal Aid Defendants state:

> they are employees of New Mexico Legal Aid, Inc., which is a New Mexico nonprofit corporation, not a state agency.  These defendants are private attorneys. They are not acting under color of state law.  Therefore, they are not subject to suit under 42 U.S.C. § 1983 which is the sole basis for the claims asserted against them in the lawsuit.

Motion at 1.

2

Plaintiff states that the Legal Services Corporation Act, 42 U.S.C. §§ 2996 *et seq.*, governs the Legal Aid Defendants "through a set of very strict and voluminous bylaws from USC 2996, as authorized by congress" and requires that the Governor of each State appoint an advisory council and that all meetings of the Board, of any executive committee of the Board, and of any advisory council shall be subject to provisions relating to open meetings.   Response at 2, Doc. 26, filed April 2, 2024.   Plaintiff suggests that New Mexico Legal Aid is a state actor because private law firms do not have state advisory councils appointed by the New Mexico Governor and do not allow open meetings of their board members.   *See* Response at 2.

The Complaint fails to state a claim pursuant to Section 1983 against the Legal Aid Defendants because they are not acting under color of state law by representing Defendant Regan in her domestic abuse case against Plaintiff.

> To state a claim under § 1983, the plaintiff must prove two elements: "(1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). The under-color-of-law requirement is "a jurisdictional requisite for a § 1983 action." *Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981)...

> In *Polk County*, the Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325. The Court reasoned that although public defenders are paid by the state, they do not act on behalf of the state, but serve the public by advancing the individual interests of their clients. Thus, when defending a client, a public defender's relationship to the state is necessarily independent, and even adversarial, and she exercises independent judgment in the same manner as an attorney in the private sector. *Id.* at 318-19, 321-22; *see also id.* at 319 ("This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed."). The same rationale applies whether the attorney is "appointed[ ] or **serving in a legal aid** or defender **program**." *Id.* at 318 (internal quotation marks omitted); *cf. Barnard v. Young*, 720 F.2d 1188, 1188-89 (10th Cir. 1983) (recognizing that an attorney does not become a state actor merely by representing clients in court). Even if counsel's deficient performance "cause[s] the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the

meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983) (citation omitted).

*Armajo v. Wyoming Public Defender*, 2024 WL 470547 *2 (10th Cir. 2024) (emphasis added).

Plaintiff also asserts that the Legal Aid Defendants are liable under Section 1983 because they "are currently conspiring with a [sic] state judge defendants, Baker and Bacon, to deprive Plaintiff of his constitutional rights." Response at 6-7. The Complaint fails to state Section 1983 conspiracy claims against the Legal Aid Defendants. Plaintiff alleges the Legal Aid Defendants and Defendants Judge Baker and Justice Bacon "are currently conspiring through known false allegations to frame [Plaintiff] for a misdemeanor charge in order to retaliate against [Plaintiff] for exercising his constitutional rights, to protect the New Mexico judges from liability of a lawsuit, and to seize [Plaintiff's] child without due process in favor of [Defendant] Regan." Complaint at 33, ¶ 418. The Complaint contains allegations describing the actions of the Legal Aid Defendants and the actions of Judge Baker and Justice Bacon but does not contain factual allegations showing that the Legal Aid Defendants and Judge Baker and Justice Bacon agreed to and took concerted action to deprive Plaintiff of his civil rights. *See Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022) (To state a Section 1983 conspiracy claim, a plaintiff has to allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal") among defendants"); *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010) ("while we have said allegations of a conspiracy may form the basis of a § 1983 claim, we have also held a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants" because [c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim") (quotation marks omitted). While the allegations describing the actions of the Legal Aid Defendants and Defendants Baker and Bacon in the proceedings in state court may be consistent with a conspiracy, those allegations, without specific

4

allegations regarding an agreement and concerted action, are not sufficient to state a plausible conspiracy claim.  *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (to state a plausible claim "Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are 'merely consistent with' a defendant's liability stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))").

Plaintiff also contends that New Mexico Legal Aid's attorneys are state actors because the Legal Services Corporation Act states "Employees of the Corporation and staff attorneys shall be deemed to be State or local employees *for purposes of chapter 15 of title 5*."  Response at 4 (quoting 42 U.S.C. §2996e(e)(2) (emphasis added).  Chapter 15 of Title 5 prohibits state and local employees from using their official authority or influence for the purpose of interfering with or affecting the result of an election and from being a candidate for elective office "if the salary of the employee is paid completely, indirectly or indirectly, by loans or grants made by the United States or a Federal agency."   5 U.S.C. § 1502(a).   The Legal Services Corporation Act, 42 U.S.C. § 2996e(e)(2), deems staff attorneys as state employees "for purposes of chapter 15 of Title 5 [5 U.S.C. §§ 1501 et seq.]," but does not deem staff attorneys to be state employees for purposes of 42 U.S.C. § 1983.

Plaintiff also contends that the State of New Mexico has concluded that the Legal Aid Defendants "are state actors through it's [sic] New Mexico Civil Rights Act."  Response at 4. Plaintiff asserts the Legal Aid Defendants are state actors because New Mexico Legal Aid is a "public body" under the New Mexico Civil Rights Act on the ground that New Mexico Legal Aid receives public funding.  Response at 4.  The New Mexico Civil Rights Act provides:

> A person who claims to have suffered a deprivation of any rights, privileges or immunities pursuant to the bill of rights of the constitution of New Mexico due to

> acts or omissions *of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body* may maintain an action to establish liability and recover actual damages and equitable or injunctive relief in any New Mexico district court.

N.M.S.A. § 41-4A-3 (emphasis added).  The New Mexico Civil Rights Act defines "public body" for purposes of the New Mexico Civil Rights Act.  *See* N.M.S.A. § 41-4A-3 ("*As used in the New Mexico Civil Rights Act*, 'public body' means a state or local government . . . an agency or an entity created by the constitution of New Mexico . . . that receives public funding . . .") (emphasis added). The New Mexico Civil Rights Act does not define "public body" for purposes of 42 U.S.C. § 1983. The Court determines whether a defendant is a state actor according to federal, not state, law.  *See United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit").

Plaintiff also argues that the Legal Aid Defendants are state actors because they are "clothed with the authority of" the New Mexico Family Preservation Act, N.M.S.A. § 40-15-4, and "are bathed in" the New Mexico Family Violence Protection Act, N.M.S.A. § 40-13-1. Response at 5-6.  Plaintiff alleges that Defendant Sprague, "by asking for a continuance, knew she was asking [Judge] Baker to break Law 40-13-4(A)3."   Complaint at 26, ¶ 340.  Section 40-13-4(A)(3) of the New Mexico Family Violence Protection Act states: "Upon the filing of a petition for order of protection, the court shall . . . within ten days after the granting of the temporary order of protection, hold a hearing on the question of continuing the order."  N.M.S.A. § 40-13-4(A)(3). Plaintiff's conclusory allegation that the Legal Aid Defendants are state actors because they are "clothed with the authority of" the New Mexico statutes is not sufficient.

> "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " *Id.* at 49, 108 S.Ct. at 2255 (quoting *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941)).

*Haines v. Fisher*, 82 F.3d 1503, 1508 (10th Cir. 1996).  Plaintiff has not identified any provisions showing that the New Mexico Family Preservation Act or the New Mexico Family Violence Protection Act granted any state power to the Legal Aid Defendants.

The Court grants the Legal Aid Defendants' Motion to dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1983 failure to state a claim because Plaintiff has not shown that the Legal Aid Defendants are state actors.

**IT IS ORDERED** that the Motion of Defendants Edna Sprague, Sarah Coffey and Sonya Bellafant to Dismiss for Failure to State a Claim upon which Relief can be Granted, Doc. 21, filed March 19, 2024, is **GRANTED.**

\_\_\_/S/ KEA W. RIGGS_____
**UNITED STATES DISTRICT JUDGE**