IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

        Plaintiff,

v.                                                                                                   No. 1:24-cv-00225-KWR-LF

NANCY COLLELA, in her official capacity,
CHERYL H. JOHNSTON, in her official capacity,
JAMES NOEL, in his official capacity,
CHRISTOPHER PEREZ, in his official capacity,
KARL REIFSTECK, in his official capacity,
MEGAN DUFFY, in her official capacity,
SHAMARRAH HENDERSON, in her official capacity,
SHANNON BACON, in her official capacity,
EDNA SPRAGUE, in her official capacity,
SARAH COFFEY, in her official capacity,
SONYA BELLAFANT, in her official capacity,
AMBER CHAVEZ BAKER, in her official capacity, and
JENNIFER REGAN, in her private capacity,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING THE JUDICIAL DEFENDANTS' MOTION TO DISMISS**

This case arises from a child custody proceeding in state court. *See* Plaintiff's Civil Rights Complaint, Doc. 1, filed March 5, 2024 ("Complaint"). Plaintiff, who is proceeding *pro se*, alleges that Defendants are depriving Plaintiff of his Constitutional rights by, among other things, denying Plaintiff of meaningful access to New Mexico Courts. Defendants include judges of the New Mexico District Court, New Mexico Court of Appeals, and the New Mexico Supreme Court, a hearing officer, attorneys and the executive director of New Mexico Legal Aid, and the mother of Plaintiff's son. *See* Complaint at 1-2.

Plaintiff "ask[s] for the following prospective injunctive and declaratory relief:" (i) a restraining order to cease a temporary restraining order hearing being held by Defendant Judge

Baker-Chavez in a state court case; (ii) "a preliminary injunction order reversing defendant Noel's unconstitutional order recusing all of the judges of the 13th Sandoval Court from hearing any of Plaintiff's current or future cases;" (iii) an order declaring all judicial officers are bound by the "laws of the U.S. Constitution and the U.S. Supreme Court" and that any contradictory actions and orders are null and void by way of the Supremacy Clause;"(iv) "an order reversing Lowrey's now 4 dismissed cases in the 13th Sandoval [sic] for further proceedings;" and (v) "an order to remove [Plaintiff's] Custody Case to the New Mexico District Federal Court."  Complaint at 33-34, ¶¶ 419-420, 429-431.

Defendants Hearing Officer Nancy Colella, Judge Cheryl H. Johnston, Judge James Noel, Judge Christopher Perez, Judge Karl Reifsteck, Judge Megan Duffy, Judge Shammara Henderson, Justice Shannon Bacon, and Judge Amber Chavez Baker (collectively the "Judicial Defendants") move to dismiss all claims against them for failure to state a claim upon which relief may be granted and on grounds of immunity from suit.  *See* Judicial Defendants' Motion to Dismiss, Doc. 22, filed March 29, 2024 ("Motion").

The Judicial Defendants assert: (i) "the Judicial Defendants are immune from suit based on absolute judicial immunity,"  Motion at 6; (ii) "The Court lacks jurisdiction in this matter under the *Rooker-Feldman* doctrine[1] because all of Plaintiff's claims against the Judicial Defendants are

---

[1] The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

2

based on their rulings in state court proceedings, Motion at 10; and (iii) "the Judicial Defendants are state employees acting in their official capacity and so also immune from suit under the Eleventh Amendment because courts are state entities," Motion at 8.

The Judicial Defendants' argument based on absolute judicial immunity is not applicable because Plaintiff is suing the Judicial Defendants in their official capacities, not in their personal capacities.  *See* Complaint at 1.  Judicial immunity applies only to personal capacity claims.

> "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). The "immunity applies only to personal capacity claims." *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1156 (10th Cir. 2011).

*Collins v. Daniels*, 916 F.3d 1302, 1317 (10th Cir. 2019).

The Court will not address the Judicial Defendants' argument based on the *Rooker-Feldman* doctrine because, as described below, the Court is dismissing Plaintiff's claims based on the provision in 42 U.S.C. § 1983 which expressly disallows injunctive relief against a judicial officer unless a declaratory decree was violated or declaratory relief was unavailable.

The Judicial Defendants move to dismiss Plaintiff's claims because "the Judicial Defendants are state employees acting in their official capacity and so also immune from suit under the Eleventh Amendment because courts are state entities."  Motion at 8.  The Judicial Defendants argue that: (i) "[e]xceptions to Eleventh Amendment immunity require either a state to unequivocally waive its immunity or Congress to expressly abrogate immunity;" (ii) "New Mexico has not waived its Eleventh Amendment immunity by enacting the New Mexico Tort Claims Act;"

---

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019).

3

and (iii) "the Supreme Court has determined that Congress did not intend to abrogate state sovereign immunity with the passage of 42 U.S.C. §§ 1981, 1983, 1985 and 1986." Motion at 8.

The Judicial Defendants' Motion did not address the third exception to Eleventh Amendment immunity.

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:
>
>> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.
>
> *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered).

*Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1168-69 (10th Cir. 2015).

Plaintiff states that "[i]n Ex parte Young, the Supreme Court held the Eleventh Amendment *generally* does not bar a suit against a state official in federal court which seeks only prospective equitable relief for violations of federal law, even if the state is immune." Response at 2 (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)) (emphasis added). In their Reply, the Judicial Defendants assert "the *Ex Parte Young* exception to qualified immunity 'does not *normally* permit federal courts to issue injunctions against state-court judges' . . . Any errors made by state-court judges can be remedied through 'some form of appeal.'" Reply at 3 (quoting *Whole Women's Health v. Jackson*, 595 U.S. 30, 39 (2021)) (emphasis added). While Plaintiff states the Eleventh

4

Amendment "*generally*" does not bar a suit against a state official and the Judicial Defendants state the *Ex parte Young* exception does not "*normally*" permit federal courts to issue injunctions against state-court judges, neither Plaintiff nor the Judicial Defendants explain what exceptions there are to the Eleventh Amendment "*generally*" not barring suits against state officials or the *Ex parte Young* not "*normally*" permitting injunctions against state-court judges.

In its Order, entered after briefing of this Motion was completed, the Court explained that Section 1983 expressly disallows injunctive relief against a judicial officer or an act or omission taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable:

> "[U]nder *Ex parte Young*, a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Levy* v. *Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015). Plaintiff seeks prospective injunctive relief against Defendant Chavez Baker pursuant to *Ex parte Young*. However, Defendant Chavez Baker is a state court judge.
>
> In *Catanach v. Thomson*, Plaintiff Catanach sued Judge Thomson pursuant to 42 U.S.C. § 1983 seeking, among other things, to enjoin Thomson from enforcing an injunction. *See Catanach v. Thomson*, 718 Fed.Appx. 595, 596-599 (10th Cir. 2017). Thomson filed a motion to dismiss based in part on Eleventh Amendment immunity. *See Id.* Catanach opposed the motion to dismiss "claiming the *Ex parte Young* exception to Eleventh Amendment immunity applied because he was seeking to enjoin Thomson's ongoing violation of federal law." *Id.* The Tenth Circuit concluded that Catanach's claim for prospective injunctive relief pursuant to *Ex parte Young* was barred by 42 U.S.C. § 1983 stating:
>
>> Section 1983 expressly disallows injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... *unless a declaratory decree was violated or declaratory relief was unavailable*." *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Although we have previously said that a plaintiff may obtain an injunction against a state judge under 42 U.S.C. § 1983, those statements were abrogated by the Federal Courts Improvement Act of 1996, which provides that injunctive relief against a judicial officer shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.") (citations and quotation marks omitted); *see also Swain v. Seaman*,

5

> 505 Fed.Appx. 773, 775 (10th Cir. 2012) (unpublished) ("To be sure, Mr. Swain does mention (correctly) that courts generally recognize an exception to Eleventh Amendment immunity for plaintiffs seeking prospective relief from state officials. But Mr. Swain forgets that Congress expressly disallowed injunctive relief against judicial officers unless a declaratory decree was violated or declaratory relief was unavailable.") (citation and quotation marks omitted); *Ysais v. New Mexico*, 373 Fed.Appx. 863, 866 (10th Cir. 2010) (unpublished) ("Judicial officers are explicitly immunized not only against damages but also against suits for injunctive relief under 42 U.S.C. § 1983."). Catanach has not alleged Thomson violated a declaratory judgment or that declaratory relief was unavailable. His claim for injunctive relief is barred by the statute itself.
>
> *Catanach v. Thomson*, 718 Fed.Appx. 595, 599-600 (10th Cir. 2017) (emphasis added) (footnotes omitted).

Mem. Op. and Order Denying Emergency Application for Temporary Restraining Order at 3-4, Doc. 53, filed July 26, 2024. The Court recognizes that neither Plaintiff nor the Judicial Defendants discussed Section 1983's provision disallowing injunctive relief against judicial officers. However, the Court is bound by and cannot disregard Tenth Circuit precedent. *See United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit"); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (stating "injunctive relief against a judicial officer shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable") (quoted above).

      The Court dismisses Plaintiff's injunctive relief claims against the Judicial Defendants. Plaintiff brought this case "under 42 U.S.C. § 1983 for injunctive prospective relief resulting from the deprivation of civil rights inflicted upon Plaintiff by the Defendants." Complaint at 1, ¶ 2. Section 1983 expressly disallows injunctive relief against a judicial officer for an act or omission taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable. Plaintiff has not shown that the Judicial Defendants violated a declaratory decree or that declaratory relief was unavailable.

> Plaintiff also seeks an order declaring:
>
>> All of the the the [sic] New Mexico Courts, and their judges, hearing officers, arms of the court, and it's [sic] practicing lawyers are bound to the laws of the U.S. Constitution and the U.S. Supreme Court. Any adjudications, actions, declarations, or resulting orders which are contradictory to the U.S. Constitution and any of the the [sic] rulings of the U.S. Supreme Court are null and void by way of the Supremacy Clause, Article 6, Clause 2.

Complaint at 35, ¶ 430.  The next paragraph in the Complaint asks the Court "to issue the following declaratory relief" but does not state the declaration Plaintiff seeks; it asks the Court to reverse Plaintiff's four dismissed cases in state court.  Complaint at 35, ¶ 431.

The Court has discretion in determining whether to entertain a suit for declaratory judgments.  *See* 28 U.S.C. § 2201(a) (Declaratory Judgment Act states district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration") (emphasis added); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) ("We have repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant").

> In determining whether to accept jurisdiction in a declaratory judgment action, the Court should ask:
>
>> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata* "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

The Court dismisses Plaintiff's claims for a declaratory judgment.  The only declaration Plaintiff seeks is a vague statement that all New Mexico judicial officers are bound by the United States Constitution and orders of the United States Supreme Court, and that any contradictory state

7

court orders or other actions are null and void. The declaration Plaintiff seeks has been long established by the Constitution and the United States Supreme Court:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. art. VI cl. 2; *see DIRECTV, Inc. v. Imburgia*, 577 U.S. 47, 53 (2015) ("Lower court judges are certainly free to note their disagreement with a decision of this Court. But the "Supremacy Clause forbids state courts to dissociate themselves from federal law because of disagreement with its content or a refusal to recognize the superior authority of its source"); *Miles v. Illinois Cent. R. Co.*, 315 U.S. 698, 703-704 (1942) ("the Federal Constitution makes the laws of the United States the supreme law of the land, binding on every citizen and every court and enforceable wherever jurisdiction is adequate for the purpose"). Due to its vagueness, the requested declaration will not settle or clarify the legal relations in Plaintiff's state court proceedings.

**IT IS ORDERED** that the Judicial Defendants' Motion to Dismiss, Doc. 22, filed March 29, 2024, is **GRANTED.**

  /S/  
**UNITED STATES DISTRICT JUDGE**