# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

       Plaintiff,

vs.                                                 No. 1:24-cv-00225-KWR-LF

NANCY COLLELA, in her official capacity,
CHERYL H. JOHNSTON, in her official capacity,
JAMES NOEL, in his official capacity,
CHRISTOPHER PEREZ, in his official capacity,
KARL REIFSTECK, in his official capacity,
MEGAN DUFFY, in her official capacity,
SHAMARRAH HENDERSON, in her official capacity,
SHANNON BACON, in her official capacity,
EDNA SPRAGUE, in her official capacity,
SARAH COFFEY, in her official capacity,
SONYA BELLAFANT, in her official capacity,
AMBER CHAVEZ BAKER, in her official capacity,
and JENNIFER REGAN, in her private capacity,

       Defendants.

## MEMORANDUM ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO RECONSIDER

THIS MATTER comes before the Court upon Plaintiff's Rule 59(e) Motion to Alter Judgment (**Doc. 61**) following the Court's Memorandum Order and Opinion Granting Judicial Defendants' Motion to Dismiss (**Doc. 58** (order) **and doc. 22** (motion)). Defendant asks this Court to review and reverse its ruling dismissing Plaintiff's claims against Defendants Shannon Bacon, Amber Chavez-Baker, Nancy Collela, Megan Duffy, Shamarrah Henderson, Cheryl H. Johnston, James Noel, Christopher Perez, and Karl Reifsteck (*hereinafter* "Judicial Defendants") under Federal Rule of Civil Procedure 12(b)(6). Having reviewed the applicable law and the parties' briefing, the Court finds that Plaintiff's motion is **not well taken** and therefore **DENIED**.

1

**BACKGROUND**

This case arises from a child custody proceeding in state court. **Doc. 1**. Plaintiff, proceeding *pro se*, alleges that Defendants have conspired to deprive Plaintiff of his constitutional rights by, among other things, denying Plaintiff meaningful access to New Mexico courts. Defendants include judges of the New Mexico District Court, New Mexico Court of Appeals, and the New Mexico Supreme Court, a hearing officer, attorneys and the executive director of New Mexico Legal Aid, and the mother of Plaintiff's son. **Doc. 1 at 1–2**.

At issue here are the "Judicial Defendants": Hearing Officer Nancy Colella, Judge Cheryl H. Johnston, Judge James Noel, Judge Christopher Perez, Judge Karl Reifsteck, Judge Megan Duffy, Judge Shammara Henderson, Justice Shannon Bacon, and Judge Amber Chavez Baker of the New Mexico District Court, the New Mexico Court of Appeals, and the New Mexico Supreme Court. Plaintiff requests injunctive relief under 42 U.S.C. § 1983 against the Judicial Defendants for alleged violations of his constitutional rights based on their involvement in Plaintiff's state court domestic relations and child abuse proceedings. Plaintiff also requests declaratory relief, asking the Court to declare various orders by the Judicial Defendants null and void. Plaintiff sues each Defendant in their official capacity. **Doc. 1 at 1**.

Defendants filed a Motion to Dismiss seeking to dismiss all claims against them for failure to state a claim upon which relief may be granted and on grounds of immunity from suit. **Doc. 22**. The Court granted that motion on November 19, 2024 as to all claims involving the Judicial Defendants. **Doc. 58**. Defendant now argues that this Court has discriminated against him based on his *pro se* status and granted the Judicial Defendants' Motion unlawfully. **Doc. 61 at 1**. The Judicial Defendants argue that "Plaintiff offers no additional evidence and no legal authority in his Motion that was not available and considered by the Court at the time of his Response to the

Judicial Defendants' original motion to dismiss." **Doc. 62 at 3**. The Court considers Plaintiff's Motion and the associated briefing below.

## LEGAL STANDARD

Plaintiff proceeds *pro se*, which colors the Court's analysis of the sufficiency of his pleadings, despite his numerous admonitions that the Court should *not* consider his *pro se* status.[1] "If the plaintiff proceeds *pro se,* the court should construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, *pro se* parties are expected to follow the same rules as represented parties. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (*quoting Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994)). Moreover, the district court cannot act as a *pro se* party's advocate or counsel, construing arguments and searching the record for him. *Id.*

## ANALYSIS

Plaintiff has filed a "motion to reconsider," a motion that does not actually exist under the Federal Rules of Civil Procedure. *Clough v. Rush*, 959 F.2d 182, 186 n. 4 (10th Cir. 1992). These "motions for reconsideration," when involving a *final judgment*, "may be construed in one of two ways: if filed within [28] days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than [28] days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (citing *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.,* 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002)). In addition, "every order short of a final decree is

---

[1] Indeed, the Court reminds Plaintiff that evaluating his pleadings under the *pro se* standard affords him wider latitude under the law—an advantage to him as an unrepresented party, despite his assertions otherwise.

subject to reopening at the discretion of the district judge." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *see also* Fed.R.Civ.P. 54(b). Ultimately, these claims may be "treated as a motion to reconsider under Rule 59, Rule 60(b), or as an interlocutory motion before any final judgment. . . ." *Price*, 420 F.3d at 1167.

Plaintiff moves to reconsider an interlocutory order. The Court has discretion to reconsider an interlocutory order and its discretion is not cabined by the standards which apply to Fed. R. Civ. P. 59 and 60 motions. The Court has discretion in deciding what standard to apply to reconsideration of an interlocutory order. *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (stating that in considering a motion to reconsider an interlocutory order, the "court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)"). In its discretion, the Court finds the Rule 59(e) and Rule 60(b) frameworks useful when considering a motion to reconsider an interlocutory order. *Id.*

Plaintiff filed his Motion more than ten days after the entry of the Court's original Order. **Doc. 61** (motion, filed Dec. 17, 2024); **doc. 58** (order, filed Nov. 19, 2024).  While Plaintiff filed his Motion under Rule 59(e), the Court must construe his pleadings liberally.  "Construed liberally, the Motion to Reconsider here appears to raise arguments under Rule 59 and Rule 60. The Court will therefore apply both standards to determine whether Plaintiff is entitled to relief." *Stanley v. GEO Grp., Inc.*, No. 20-CV-236 JCH-GBW, 2022 WL 819593, at *3 (D.N.M. Mar. 18, 2022).

I. **Plaintiff states no right to relief under Rule 59(e).**

Federal Rule of Civil Procedure 59 allows parties to seek a court's reconsideration of its previously entered judgments. Fed. R. Civ. P. 59(e).  Under Rule 59(e), relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Alpenglow Botanicals, LLC v. United*

4

*States*, 894 F.3d 1187, 1203 (10th Cir. 2018). "Grounds warranting a motion to alter or amend the judgment pursuant to Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Id*. However, a motion to alter or amend judgment is inappropriate if it relitigates the same issues, presents new theories, introduces previously available evidence that was not proffered, or reargues the merits. *Id*.

Plaintiff's Motion for Reconsideration is twenty-four pages long and accuses the Court of collusion, discrimination, and bias towards Plaintiff.[2] The Court recognizes that Mr. Lowrey is upset with how his case is proceeding. However, discontent with results does not equate to reversible error (or more sinisterly, imply discrimination against *pro se* litigants). What hinders Plaintiff's case from proceeding is that the facts and law are not in his favor.

First, Plaintiff argues that the Court cherrypicked and disregarded other relevant facts. The entirety of Plaintiff's Motion refers to documents that the Court has already considered: the Complaint, the Judicial Defendants' Motion to Dismiss and the accompanying briefing, and the Court's Order on the Motion to Dismiss. **Doc. 61 at 16–22**. Plaintiff accuses the Court of "seemingly intentionally misquot[ing] his complaint in order to create an alternate set of facts which justifies" the Court's order dismissing the Judicial Defendants from the case. *Id.* **at 18**. However, it is Plaintiff who misstates both the fact and the law when he argues that the Court willfully ignored Plaintiff's requested declaratory relief, which would demonstrate that the Judicial

---

[2] Plaintiff's Motion also fails to comply with Local Rules. D.N.M.-LR 7.5 ("The length of a motion or, if a separate brief is filed in support of a motion, the combined length of a motion and supporting brief, must not exceed twenty-seven (27) *double-spaced* pages." (emphasis added)); D.N.M.-LR 10.1 ("The left, right, and bottom margins must be at least 1 inch, the top margin must be at least 1½ inches. Except for footnotes and quotations, the text of all documents must be double spaced."). Plaintiff's rambling Motion is twenty-four pages long, but is not double-spaced and has non-traditional margins. Had Plaintiff complied by the district's formatting requirements, his motion would easily exceed the page length. Although Plaintiff is *pro se*, the Court reminds Plaintiff that he is still required to abide by local and federal rules of procedure. *Garrett*, 425 F.3d at 840 ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.").

Defendants violated a declaratory order. Section 1983 requires that a judge have violated an *existing* declaratory order. 42 U.S.C. §1983. Judges cannot violate something that did not exist when they issued their decisions. Plaintiff's accusations focus solely on the past; he offers no new evidence that has come to light that would change the outcome.

Nor has the Court misapprehended the general facts at issue. Plaintiff accuses anyone who does not give him his way of willful misrepresentation and deceit. **Doc. 61 at 19**. But disagreement on what the allegations in the briefing before the Court show does not constitute misrepresentation or misapprehension on the Court's part. It is difficult to determine which facts Plaintiff specifically accuses the Court of misrepresenting, beyond the declaratory relief issue discussed *supra*. Ultimately, Plaintiff has not shown that the Judicial Defendants violated a declaratory decree or that declaratory relief was unavailable.

Second, it is Plaintiff's position that this Court has acted in "direct contradiction" higher court case law. **Doc. 61 at 1**. Plaintiff appears to object to the Court's interpretation of three areas of law: the law governing motions to dismiss, the law governing *pro se* litigants, and the text of 42 U.S.C. §1983. *Id.* **at 1–2**. The Court addresses each in turn.

First, the Court did not misapply the law governing motions to dismiss. Plaintiff argues that the Court erred by "[r]efusing to recognize that his complaint does state plausible claims." **Doc. 61 at 1**. Plaintiff also argues that the Court erred by "[f]ailing to apply the Higher Court's standards regarding 12(b)(6) motions to dismiss." **Doc. 61 at 2**. In making this accusation, Plaintiff cites predominantly to non-binding law, including Fifth Circuit case law. Plaintiff appears to be under the impression that any circuit court binds any district court. That is not the case. Only the United States Supreme Court and Tenth Circuit binds this court, not the Fifth (or any other circuit court). Moreover, both the non-binding law *and* the Tenth Circuit law to which Plaintiff cites

6

came well before the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  Rule 12(b)(6) now permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must have sufficient factual matter that, if true, states a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 677).  As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544.  The Court has already determined that Plaintiff has no right to relief because § 1983 bars the kind of relief Plaintiff has sought.  **Doc. 58 at 6** ("Section 1983 expressly disallows injunctive relief against a judicial officer for an act or omission taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable.").  That means Plaintiff has not stated a claim on which relief may be granted.

Nor has the Court improperly construed *pro se* law as Plaintiff asserts.  **Doc. 61 at 1–2**. Plaintiff asserts that the Court has refused to offer Plaintiff any construction of liberality.  *See Riddle*, 83 F.3d at 1202.  However, affording *pro se* pleadings a liberal construction does not mean automatically considering as wholly valid *any* argument a *pro se* party makes.  Plaintiff still must state claims on which relief can be granted, and he has failed to do so.  *Garrett*, 425 F.3d at 840 ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."); **Doc. 58 at 6**.  Nor does abiding by the text of § 1983 constitute making an argument for a represented party.  The Court is still bound by the text of § 1983 in its entirety— a statute that Plaintiff invokes repeatedly in his Complaint.  ***See generally*** **Doc. 1**.

Finally, despite Plaintiff's assertions otherwise, the judicial exception under § 1983 is not a "technicality" or "novel" discussion. § 1983's text expressly bars injunctive relief against a judicial officer unless that officer violates a declaratory decree or declaratory relief was

7

unavailable. 42 U.S.C. § 1983 (allowing for suits against officials for constitutional violations *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*" (emphasis added)). As discussed already, Plaintiff has not demonstrated that there was any declaratory order; he instead asks the Court to retroactively conjure one out of thin air. He has not offered any new evidence that a declaratory order existed during any of the previous judicial proceedings or that he was meaningfully deprived of declaratory relief otherwise available to him.

Grounds warranting a motion to alter or amend the judgment pursuant to Rule 59(e) also include an intervening change in the controlling law. Plaintiff argues that Judge Strickland's decision in *Ortiz y Pino v. Toulouse Oliver* constitutes such a change. No. 1:24-CV-00240-MIS-JFR, 2024 WL 4591840 (D.N.M. Oct. 28, 2024), *order dissolved sub nom. Ortiz y Pino v. Oliver*, No. 1:24-CV-00240-MIS-JFR, 2025 WL 671821 (D.N.M. Mar. 3, 2025); **doc. 61 at 22**. Plaintiff is incorrect for several reasons. First, courts within the district do not bind each other; this Court is bound only by the Tenth Circuit and the Supreme Court. Even if *Toulouse Oliver* involved identical facts and legal issues, the case would be persuasive at most.[3] Second, the case is factually distinguishable: *Toulouse Oliver* involved a New Mexico state representative, whereas this case involves state judges. Third, and relatedly, the analyses involve different provisions of § 1983. Only this case deals with the judicial provision requiring that the state official have violated an already existing declaratory order.

---

[3] Indeed, its persuasiveness is lacking: the Tenth Circuit ordered the injunction dissolved. *Ortiz y Pino v. Oliver*, No. 1:24-CV-00240-MIS-JFR, 2025 WL 671821 (D.N.M. Mar. 3, 2025)

Finally, there are no additional circumstances warranting relief against manifest injustice. Despite Plaintiff's repeated assertions that there is a grand conspiracy involving all three levels of the New Mexico state court system, a legal aid organization, and now the United States District Court, Plaintiff cannot offer this Court anything beyond unsubstantiated and misinformed allegations of fraud and collusion. Ultimately, Plaintiff overlooks the fact there is no intervening change in the controlling law, new evidence previously unavailable, or a need to correct clear error or prevent manifest injustice. . . . Instead, Plaintiff wants a third bite at the apple." *Morgan v. Cmty. Against Violence*, No. 23-CV-353-WPJ/JMR, 2024 WL 639860 at *4 (D.N.M. Feb. 15, 2024). The Court has already ruled on the Judicial Defendants' motion to dismiss, and Plaintiff is not entitled to the extraordinary remedy of reconsideration. *Lyons*, 308 F. App'x at 254.

II. **Plaintiff states no right to relief under Rule 60(b).**

Rule 60(b) allows relief from a judgment in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud. *See* Fed. R. Civ. P. 60(1)–(3). Rule 60(b)(6) also contains a catchall clause for any other reason that justifies relief. Courts have considerable discretion in deciding whether to reconsider a ruling. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). Relief under Fed.R.Civ.P. 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Lyons v. Zavaras*, 308 F. App'x 252, 254 (10th Cir. 2009) (citing *Davis v. Kan. Dep't of Corrs.,* 507 F.3d 1246, 1248 (10th Cir. 2007) and *Amoco Oil Co. v. U.S. Env't Prot. Agency,* 231 F.3d 694, 697 (10th Cir. 2000)).

The Tenth Circuit has routinely upheld district court's denial of Rule 59(e) and Rule 60(b) motions where there has been a motion to dismiss, and Plaintiff had ample opportunity to seek leave to amend their complaint following that motion. *Pemberton v. Patton*, 673 F. App'x 860, 870 (10th Cir. 2016)("The district court addressed this in its order denying Mr. Pemberton's Rule

9

59(e) motion, observing that Mr. Pemberton had an opportunity to move to amend his complaint after the served defendants filed their motion to dismiss. . . ."); *Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 798 (10th Cir. 2013) ("Defendants' motion to dismiss gave [Plaintiff] "notice and opportunity to amend his complaint," *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991), yet he did not file an amended complaint as permitted by Fed.R.Civ.P. 15(a)(1)(B)."). Plaintiff had more than sufficient notice that his Complaint may have been deficient: the Judicial Defendants filed their Motion in March of 2024, and the Court did not issue its order until November of 2024. Moreover, Plaintiff has sought no leave to amend his Complaint in his new Motion for Reconsideration, which would be the easiest path for granting relief. *Pemberton*, 673 F. App'x at 870. There could be no mistake, surprise, or excusable neglect where Plaintiff had several months' notice of alleged deficiencies in his Complaint and offered no excuse for his neglecting of that opportunity to seek leave to amend. Fed. R. Civ. P. 60(b)(1).

Nor has Plaintiff offered any newly discovered evidence that would have changed the Court's evaluation of the sufficiency of his Complaint. As discussed above, Plaintiff's entire Motion focuses on what the Court has already considered, not new things it must consider. The text of Rule 60(b) clearly requires *new* evidence, not that the Court reconsider evidence it has already examined. Ultimately, "as the Tenth Circuit has repeatedly explained, parties cannot invoke Rule 59(e) or Rule 60(b) to relitigate old matters or to raise arguments that could have been raised in earlier proceedings." *Morgan*, 2024 WL 639860, at *4 (citing *Pueblo of Jemez v. United States*, 63 F.4th 881, 897 (10th Cir. 2023); *Nelson v. City of Albuquerque*, 921 F.3d 925, 930 (10th Cir. 2019)). That is precisely what Plaintiff is doing in his motion—seeking re-litigation and reconsideration of facts because of his perceived bias and discrimination.

Finally, there are no other circumstances warranting relief.  As discussed *supra*, Plaintiff has relied entirely on unsubstantiated conspiracy theories.  Irrespective of whether the motion was filed under Rule 59(e) or 60(b) or as some other request for reconsideration of an interlocutory order, the motion lacks a legitimate legal basis. "Undoubtedly, [Mr. Lowrey] is unhappy with the Court's rulings and apparently is under the misguided impression that if [he] asks for the same thing enough times, the Court will do as [he] pleases. *Morgan*, 2024 WL 639860, at *4.  However, the Court is well within its discretion to deny Plaintiff's Motion to Reconsider where he cannot comply with any of the Federal Rules of Civil Procedure.

## CONCLUSION

Plaintiff's Motion to Reconsider (**doc. 61**) is therefore **DENIED**.  The Court's original Order Granting the Judicial Defendants' Motion to Dismiss for Failure to State a Claim (**doc. 58**) will stand as originally issued.

**IT IS SO ORDERED.**

             \_\_\_\_/S/_____
             KEA W. RIGGS
             UNITED STATES DISTRICT JUDGE