**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

————————————

JARROD LOWREY,

        Plaintiff,

    vs.                                     No. 1:24-cv-00225-KWR-LF

NANCY COLLELA, in her official capacity,
CHERYL H. JOHNSTON, in her official capacity,
JAMES NOEL, in his official capacity,
CHRISTOPHER PEREZ, in his official capacity,
KARL REIFSTECK, in his official capacity,
MEGAN DUFFY, in her official capacity,
SHAMARRAH HENDERSON, in her official capacity,
SHANNON BACON, in her official capacity,
EDNA SPRAGUE, in her official capacity,
SARAH COFFEY, in her official capacity,
SONYA BELLAFANT, in her official capacity,
AMBER CHAVEZ BAKER, in her official capacity,
and JENNIFER REGAN, in her private capacity,

        Defendants.

## MEMORANDUM ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO RECONSIDER

THIS MATTER comes before the Court upon Plaintiff's Rule 59(e) Motion to Alter Judgment (**Doc. 56**) following the Court's Memorandum Order and Opinion Granting Defendants' Motion to Dismiss (**Doc. 54** (order) **and doc. 21** (motion)). Plaintiff asks this Court to review and reverse its ruling dismissing Plaintiff's claims against Defendants Edna Sprague, Sarah Coffey and Sonya Bellafant (*hereinafter* "NMLA Defendants") under Federal Rule of Civil Procedure 12(b)(6). Having reviewed the applicable law and the parties' briefing, the Court finds that Plaintiff's motion is **not well taken** and therefore **DENIED**.

1

## BACKGROUND

This case arises from a child custody proceeding in state court. **Doc. 1**. Plaintiff, proceeding *pro se*, alleges that Defendants have conspired to deprive Plaintiff of his constitutional rights by, among other things, denying Plaintiff meaningful access to New Mexico courts. Defendants include judges of the New Mexico District Court, New Mexico Court of Appeals, and the New Mexico Supreme Court, a hearing officer, attorneys and the executive director of New Mexico Legal Aid (NMLA), and the mother of Plaintiff's son. **Doc. 1 at 1–2**.

At issue here are the "NMLA Defendants": Edna Sprague and Sarah Coffey, attorneys for NMLA representing Plaintiff's ex-spouse in New Mexico state court proceedings, and Sonya Bellafant, Executive Director of New Mexico Legal Aid. **Doc. 21 at 2**. The Complaint asserts several "Counts" against the NMLA Defendants for violations of Plaintiff's rights under the United States and New Mexico Constitutions, and pursuant to the Legal Services Corporation Act, 42 U.S.C. §§ 2996 et seq., the New Mexico Family Preservation Act, N.M.S.A. § 40-15-4, and the New Mexico Family Violence Protection Act, N.M.S.A. § 40-13-1. **Doc 1 at 26–28**.

Defendants filed a Motion to Dismiss seeking to dismiss all claims against them for failure to state a claim upon which relief may be granted. **Doc. 21**. The Court granted that motion on September 30, 2024, as to all claims involving the NMLA Defendants. **Doc. 54**. Defendant now argues that this Court has discriminated against him based on his *pro se* status and granted the NMLA Defendants' Motion unlawfully. **Doc. 56 at 1**. The NMLA Defendants argue that "Plaintiff offers no additional evidence and no additional legal authority that was not available and considered by this Court at the time of Plaintiff's response to the motion to dismiss." **Doc. 57 at 2**. The Court considers Plaintiff's Motion and the associated briefing below.

## LEGAL STANDARD

Plaintiff proceeds *pro se*, which colors the Court's analysis of the sufficiency of his pleadings, despite his numerous admonitions that the Court should *not* consider his *pro se* status.[1] "If the plaintiff proceeds *pro se,* the court should construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, *pro se* parties are expected to follow the same rules as represented parties. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (*quoting Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994)). Moreover, the district court cannot act as a *pro se* party's advocate or counsel, construing arguments and searching the record for him. *Id.*

## ANALYSIS

As was the case in the Court's previous order on Plaintiff's other Motion to Reconsider, **doc. 67,** Plaintiff has filed a motion that does not actually exist under the Federal Rules of Civil Procedure. *Clough v. Rush*, 959 F.2d 182, 186 n. 4 (10th Cir. 1992). These "motions for reconsideration," when involving a *final judgment*, "may be construed in one of two ways: if filed within [28] days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than [28] days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (citing *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.,* 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002)). In addition, "every order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460

---

[1] The Court once again finds it necessary to remind Plaintiff that evaluating his pleadings under the *pro se* standard affords him wider latitude under the law—an advantage to him as an unrepresented party.

U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *see also* Fed.R.Civ.P. 54(b).  Ultimately, these claims may be "treated as a motion to reconsider under Rule 59, Rule 60(b), or as an interlocutory motion before any final judgment. . . ." *Price*, 420 F.3d at 1167.

Plaintiff moves to reconsider an interlocutory order. The Court has discretion to reconsider an interlocutory order and its discretion is not cabined by the standards which apply to Fed. R. Civ. P. 59 and 60 motions. The Court has discretion in deciding what standard to apply to reconsideration of an interlocutory order. *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (stating that in considering a motion to reconsider an interlocutory order, the "court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)").  In its discretion, the Court finds the Rule 59(e) and Rule 60(b) frameworks useful when considering a motion to reconsider an interlocutory order. *Id.*

Plaintiff filed his Motion more than ten days after the entry of the Court's original Order. **Doc. 56** (motion, filed Oct. 28, 2024); **doc. 54** (order, filed Sept. 30, 2024).[2]  While Plaintiff filed his Motion under Rule 59(e), the Court must construe his pleadings liberally.  "Construed liberally, the Motion to Reconsider here appears to raise arguments under Rule 59 and Rule 60. The Court will therefore apply both standards to determine whether Plaintiff is entitled to relief." *Stanley v. GEO Grp., Inc.*, No. 20-CV-236 JCH-GBW, 2022 WL 819593, at *3 (D.N.M. Mar. 18, 2022).

## I.    <u>Plaintiff states no right to relief under Rule 59(e).</u>

Federal Rule of Civil Procedure 59 allows parties to seek a court's reconsideration of its previously entered judgments. Fed. R. Civ. P. 59(e).  Under Rule 59(e), relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of*

---

[2] Plaintiff filed two motions to reconsider for the Court's two orders on motions to dismiss.  **Doc. 56** (NMLA Defendants); **doc. 61** (Judicial Defendants).  The Motions are substantively identical and invoke identical legal standards.  The Court ruled on Plaintiff's Motion regarding the Judicial Defendants on March 28, 2025.  **Doc. 67**. The law in this order and the Court's previous order is therefore also substantively identical.

*Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018). "Grounds warranting a motion to alter or amend the judgment pursuant to Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Id.* However, a motion to alter or amend judgment is inappropriate if it relitigates the same issues, presents new theories, introduces previously available evidence that was not proffered, or reargues the merits. *Id.*

First, Plaintiff argues that the Court cherrypicked and disregarded other relevant facts. The entirety of Plaintiff's Motion refers to documents that the Court has already considered: the Complaint, the NMLA Defendants' Motion to Dismiss and the accompanying briefing, and the Court's Order on the Motion to Dismiss. **Doc. 56.**

Plaintiff attempts to relitigate the same issues of facts because he objects to the Court's necessary synthesization of a thirty-five-page complaint.[3] He offers no new evidence, even evidence that was available at the time of his original Complaint. Rather, he recites back to the Court the contents of his Complaint, the NMLA Defendants' briefing, and the Court's order. **Doc. 56**. In determining what is manifest error for purposes of Rule 59(e), courts have found that mere disagreement with a court's findings does not constitute manifest error. *Denny v. Madrid*, No. CV 05-1313 LH/KBM, 2006 WL 8444261, at *1 (D.N.M. Apr. 26, 2006) (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)). It is clear from Plaintiff's motion that he disagrees with the Court's understanding of the facts at issue and hopes to encourage the Court to reexamine those facts. The Court declines to do so.

---

[3] Here again Plaintiff has failed to comply with the Local Rules. D.N.M.-LR 10.1 ("The typewritten text of all documents must be at least 12 pitch, and type must be of letter quality. The left, right, and bottom margins must be at least 1 inch, the top margin must be at least 1½ inches. Except for footnotes and quotations, the text of all documents must be double spaced."). Plaintiff's Complaint is single-spaced with exceptionally narrow margins.

Moreover, even if the Court were to reconsider the facts at issue, there is nothing in the record that would change the Court's initial decision. Plaintiff alleges two factual circumstances: that the NMLA Defendants are state actors and that they are acting in conspiracy with state actors.

First, Plaintiff still has not established that the NMLA Defendants are state actors. To state a claim under § 1983, the plaintiff must prove two elements: "(1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). The under-color-of-law requirement is "a jurisdictional requisite for a § 1983 action." *Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981). Both the Tenth Circuit and the Supreme Court have found that a public defender whose salary is admittedly paid by the public does not automatically act under color of state law. *Id.*; *Armajo v. Wyoming Pub. Def.*, No. 23-8041, 2024 WL 470547, at *2 (10th Cir. Feb. 7, 2024) ("Thus, when defending a client, a public defender's relationship to the state is necessarily independent, and even adversarial, and she exercises independent judgment in the same manner as an attorney in the private sector."). The Court has already found that Plaintiff has not properly alleged that the NMLA Defendants are state actors in any capacity, and without any newly available evidence to the contrary, the Court declines to disturb its ruling. *See Servants of Paraclete,* 204 F.3d at 1012 (A Rule 59(e) motion is an inappropriate avenue to relitigate already-decided issues without new evidence).

Second, Plaintiff again offers *no* new facts supporting a conspiracy beyond his conclusory allegations. In his Complaint, he alleged no factual allegations showing that the Legal Aid Defendants and Judge Baker and Justice Bacon agreed to and took concerted action to deprive Plaintiff of his civil rights. *See Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022) (To state a Section 1983 conspiracy claim, a plaintiff has to allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal") among

defendants"); *Brooks v. Gaenzle*, 614 F.3d 1213, 1227–28 (10th Cir. 2010) ("while we have said allegations of a conspiracy may form the basis of a § 1983 claim, we have also held a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants" because [c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim"); ***see generally*** Doc. 1. Plaintiff could not allege facts to survive a motion to dismiss, nor has he offered the Court any reason to believe he could do so now. See *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (to state a plausible claim "Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. . . . Allegations that are 'merely consistent with' a defendant's liability stop short of that line.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)); *See Servants of Paraclete,* 204 F.3d at 1012 (A Rule 59(e) motion is an inappropriate avenue to relitigate already-decided issues without new evidence).

Plaintiff also argues that the Court deliberately misapplied and mis-cited the governing law as an act of *pro se* discrimination. **Doc. 56 at 4**. Plaintiff appears to object to the Court's interpretation of three areas of law: the law governing motions to dismiss, the law governing *pro se* litigants, the text of 42 U.S.C. §1983, conspiracies, and New Mexico state law. *Id.* at 1–2. The Court addresses each in turn.

First, the Court did not misapply the law governing motions to dismiss. Plaintiff argues that the Court erred by "[r]efusing to recognize that his complaint does state plausible claims." **Doc. 56 at 1**. Plaintiff also argues that the Court erred by "[f]ailing to apply the Higher Court's standards regarding 12(b)(6) motions to dismiss." **Doc. 56 at 2**. As with his other Motion, Plaintiff cites predominantly to non-binding case law from other circuits. *Id.* Regardless, both the non-binding law *and* the Tenth Circuit law to which Plaintiff cites came well before the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Iqbal*, 556 U.S. at

677. Rule 12(b)(6) now permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must have sufficient factual matter that, if true, states a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 677). As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544. The Court has already determined that Plaintiff has no right to relief under § 1983 pursuant to Section 1983 because the NMLA Defendants are not acting under color of state law by representing Defendant Regan in her domestic abuse case against Plaintiff. **Doc. 54 at 3**. Nor has Plaintiff alleged sufficient facts to state a plausible conspiracy claim because he has not alleged facts of an agreement or concerted action. ***Id.* at 5;** *Brooks*, 985 F.3d at (to state a plausible claim "Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. . . Allegations that are 'merely consistent with' a defendant's liability stop short of that line." (quoting *Iqbal*, 556 U.S. at 678.)). This means Plaintiff has not stated any claim against the NMLA Defendants on which relief could be granted.

Nor has the Court improperly construed *pro se* law as Plaintiff asserts. **Doc. 56 at 1–2**. Plaintiff asserts that the Court has refused to offer Plaintiff any construction of liberality. *See Riddle*, 83 F.3d at 1202. However, affording *pro se* pleadings a liberal construction does not mean automatically considering as wholly valid *any* argument a *pro se* party makes. Plaintiff still must state claims on which relief can be granted, and he has failed to do so. *Garrett*, 425 F.3d at 840 ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."). [4] He has also routinely failed to comply with the rules of procedure governing his case. *Id.*

---

[4] Plaintiff's Motion once again fails to comply with Local Rules. D.N.M.-LR 7.5 ("The length of a motion or, if a separate brief is filed in support of a motion, the combined length of a motion and supporting brief, must not exceed

Second, as discussed *supra*, the NMLA Defendants are not acting under color of state law, despite being a publicly funded organization.  This places them outside the reach of § 1983 cases.  Both the Supreme Court and the Tenth Circuit have "recognized that although public defenders are paid with state funds, they act independent of the state's authority, and exercise independent judgment in representing a criminal defendant."  *Armajo*, 2024 WL 470547, at *3 (citing *Polk County*, 454 U.S. at 317–19).  Thus, despite being paid by the state, "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."  *Polk County*, 454 U.S. at 318.  The same rationale applies whether the attorney is "appointed[] or serving in a *legal aid* or defender program."  *Id*. at 318 (internal quotation marks omitted) (emphasis added)*; cf. Barnard v. Young*, 720 F.2d 1188, 1188-89 (10th Cir. 1983) (recognizing that an attorney does not become a state actor merely by representing clients in court).  Publicly funded attorneys are not inherently state actors, no matter how many times Plaintiff alleges otherwise.  In the same way that public defenders act separate from the state, despite being paid by the state, the NMLA Defendants do not act under color of state law or as de facto prosecutors in representing Defendant Regan in her domestic abuse case against Plaintiff.

It is unclear whether Plaintiff objects to the Court's application of conspiracy law or applicable New Mexico state law.  The gravamen of Plaintiff's objection appears to be with the Court's reliance on binding Supreme Court precedent in determining that the NMLA Defendants are not acting under color of state law.  **Doc. 56 at 17–19**.  Rather, Plaintiff objects to the Court's characterization of Plaintiff's allegations as conclusory.  **Id. at 21**.  The Court has already discussed the sufficiency of Plaintiff's complaint and what the law requires for conspiracy above.  Plaintiff has not made any attempt to rehabilitate his state law justifications.  The Court will therefore

---

twenty-seven (27) *double-spaced* pages." (emphasis added)).  Although Plaintiff is *pro se*, the Court again reminds Plaintiff that he must abide by local and federal rules of procedure.

decline to address either issue any further.  *See Servants of Paraclete,* 204 F.3d at 1012 (A Rule 59(e) motion is an inappropriate avenue to relitigate already-decided issues without new evidence). In each area, Plaintiff simply restates the law to which he has already cited in an increasingly hostile and aggressive fashion.  That is not the same as introducing new case law that changes the outcome of his case.  The law governing *pro se* cases, motions to dismiss, and § 1983 cases is simply not in Plaintiff's favor.

Finally, there are once again no additional circumstances warranting relief against manifest injustice.  Despite Plaintiff's repeated assertions that there is a conspiracy involving all three levels of the New Mexico state court system, a legal aid organization, and now the United States District Court, Plaintiff cannot offer this Court anything beyond unsubstantiated and misinformed allegations.  *Morgan v. Cmty. Against Violence*, No. 23-CV-353-WPJ/JMR, 2024 WL 639860 at *4 (D.N.M. Feb. 15, 2024).  The Court has already ruled on the NMLA Defendants' motion to dismiss, and Plaintiff is not entitled to reconsideration.  *Lyons*, 308 F. App'x at 254.

## II.    <u>Plaintiff states no right to relief under Rule 60(b).</u>

Rule 60(b) allows relief from a judgment in the event of:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud. *See* Fed. R. Civ. P. 60(1)–(3). Rule 60(b)(6) also contains a catchall clause for any other reason that justifies relief. Courts have considerable discretion in deciding whether to reconsider a ruling. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).  Relief under Fed.R.Civ.P. 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Lyons v. Zavaras*, 308 F. App'x 252, 254 (10th Cir. 2009) (citing *Davis v. Kan. Dep't of Corrs.,* 507 F.3d 1246, 1248 (10th Cir. 2007) and *Amoco Oil Co. v. U.S. Env't Prot. Agency,* 231 F.3d 694, 697 (10th Cir. 2000)).

The Tenth Circuit has routinely upheld district court's denial of Rule 59(e) and Rule 60(b) motions where there has been a motion to dismiss, and Plaintiff had ample opportunity to seek leave to amend their complaint following that motion. *Pemberton v. Patton*, 673 F. App'x 860, 870 (10th Cir. 2016)("The district court addressed this in its order denying Mr. Pemberton's Rule 59(e) motion, observing that Mr. Pemberton had an opportunity to move to amend his complaint after the served defendants filed their motion to dismiss. . . ."); *Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 798 (10th Cir. 2013) ("Defendants' motion to dismiss gave [Plaintiff] "notice and opportunity to amend his complaint," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), yet he did not file an amended complaint as permitted by Fed.R.Civ.P. 15(a)(1)(B)."). Plaintiff had sufficient notice that his Complaint was likely deficient and to address any potential issues: the NMLA Defendants filed their motion to dismiss in March of 2024, and the Court did not issue its order until September of 2024. Plaintiff has not sought leave to amend his Complaint with his new motion either. *Pemberton*, 673 F. App'x at 870. Rather, he doubles down on already proffered evidence and case law that the Court has already considered and dismissed. Plaintiff had several months' notice of alleged deficiencies in his Complaint and offered no excuse for his neglecting of that opportunity to seek leave to amend. Fed. R. Civ. P. 60(b)(1). There could be no mistake, surprise, or excusable neglect where Plaintiff so clearly and repeatedly ignored the opportunities afforded to him by the Federal Rules of Civil Procedure.

Nor has Plaintiff offered any new evidence or law not available at the time of the Court's initial order that would have changed the Court's evaluation of the sufficiency of his Complaint. As discussed above, Plaintiff's entire Motion focuses on what the Court has already considered, not new things it must consider. The text of Rule 60(b) clearly requires *new* evidence, not that the Court reconsider evidence it has already examined. The NMLA Defendants rightly point this out:

> In Plaintiff's instant Rule 59(e) Motion to Alter Judgement, Plaintiff offers no additional evidence and no additional legal authority that was not available and considered by this Court at the time of Plaintiff's response to the motion to dismiss. Indeed, the opposite appears to be true: the Motion essentially goes through all of the facts and legal authorities that were already presented by the parties and considered by this Court, as reflected in the Order, and argues that this Court simply "got it wrong" in granting the motion to dismiss. As reflected in the case law below from this very Court, arguing that the Court "got it wrong the first time," without more, is not a valid basis to grant a Rule 59(e) motion.

**Doc. 57 at 3.**

Ultimately, "as the Tenth Circuit has repeatedly explained, parties cannot invoke Rule 59(e) or Rule 60(b) to relitigate old matters or to raise arguments that could have been raised in earlier proceedings." *Morgan*, 2024 WL 639860, at *4 (citing *Pueblo of Jemez v. United States*, 63 F.4th 881, 897 (10th Cir. 2023); *Nelson v. City of Albuquerque*, 921 F.3d 925, 930 (10th Cir. 2019)). A motion to reconsider under either rule is not a second bite at the apple because Plaintiff is dissatisfied with the Court's interpretation.

Finally, there are no other circumstances warranting relief. As discussed *supra*, Plaintiff has relied entirely on unsubstantiated conspiracy theories. Irrespective of whether the motion was filed under Rule 59(e) or 60(b) or as some other request for reconsideration of an interlocutory order, the motion lacks a legitimate legal basis. Plaintiff merely seeks to relitigate and re-decide issues that have already been afforded due consideration without any new evidence, case law, or additional compelling circumstances. That is not the kind of situation for which Rules 59(e) and 60(b) exist. The Court is well within its discretion to deny each of Plaintiff's Motions where he cannot comply with the federal and local rules of procedure or with the governing case law, and it does so here once again.

**CONCLUSION**

Plaintiff's Motion to Reconsider (**doc. 56**) is **DENIED**.  The Court's original Order

Granting the Judicial Defendants' Motion to Dismiss for Failure to State a Claim (**doc. 54**) will

stand as originally issued.

**IT IS SO ORDERED.**

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE