THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

    Plaintiff,

vs.                                      No. 1:24-cv-00225-KWR-LF

NANCY COLLELA, in her official capacity,
CHERYL H. JOHNSTON, in her official capacity,
JAMES NOEL, in his official capacity,
CHRISTOPHER PEREZ, in his official capacity,
KARL REIFSTECK, in his official capacity,
MEGAN DUFFY, in her official capacity,
SHAMARRAH HENDERSON, in her official capacity,
SHANNON BACON, in her official capacity,
EDNA SPRAGUE, in her official capacity,
SARAH COFFEY, in her official capacity,
SONYA BELLAFANT, in her official capacity,
AMBER CHAVEZ BAKER, in her official capacity,
and JENNIFER REGAN, in her private capacity,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court sua sponte. A federal court has an affirmative duty to ensure subject matter jurisdiction is established. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *Firstenberg v. City of Sante Fe, N.M.*, 696 F.3d 1018, 1022–23 (10th Cir. 2012) ("Federal subject matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts."). Federal Rule of Civil Procedure 12 says that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

This case arises from child custody and domestic abuse proceedings in state court. **Doc. 1** ("Complaint"). Plaintiff alleges that Defendants are depriving Plaintiff of his Constitutional rights through their actions in the state court proceedings. Defendants include judges of the New Mexico

1

District Court, New Mexico Court of Appeals, and the New Mexico Supreme Court, a hearing officer, the mother of Plaintiff's son, and attorneys and the executive director of New Mexico Legal Aid. *Id.* **at 1–2**.

The Court dismissed Defendants Edna Sprague, Sarah Coffey and Sonya Bellafant (NMLA Defendants) on September 30, 2024, and dismissed Defendants Shannon Bacon, Amber Chavez-Baker, Nancy Collela, Megan Duffy, Shamarrah Henderson, Cheryl H. Johnston, James Noel, Christopher Perez, and Karl Reifsteck (Judicial Defendants) on November 19, 2024. **Doc. 54; Doc. 58**. The Court upheld those orders following motions for reconsideration on March 28, 2025, and April 1, 2025. **Doc. 67; Doc. 68**.

Specifically at issue here is Defendant Jennifer Regan, the mother of Plaintiff's son. On May 30, 2025, she filed a Motion to Dismiss for failure to state a claim. **Doc. 45** (alleging that Plaintiff lacks standing). The Court denied her Motion as deficient on July 26, 2024. **Doc. 54**. Following the dismissal of all state actor Defendants, the Court now evaluates whether it retains jurisdiction over Defendant Regan.

Plaintiff alleges nine counts against Defendant Regan: violations of the First Amendment, Fifth Amendment, and Fourteenth Amendment for malicious abuse of process of the United States Constitution, violation of the Legal Services Corporation Act, violations of Article II, §§4, 15, 17, and 18 of the New Mexico Constitution, violation of New Mexico's Family Preservation Act, and violation of New Mexico's Family Violence Protection Act. **Doc. 1 at 24–27**. Plaintiff alleges the Court has jurisdiction over all of these claims either through federal question jurisdiction by invoking 42 U.S.C. § 1983 or supplemental jurisdiction. *Id.* **at 1**.

Plaintiff does not allege that Defendant Regan is a state official covered by § 1983. Rather, Plaintiff alleges that Defendant Regan "conspired" with the NMLA Defendants to fraudulently

2

obtain legal services, and that the NMLA Defendants are conspiring with the Judicial Defendants to maliciously prosecute Plaintiff.  **Doc. 1 at ¶325**.

§1983 claims require that a person be acting under color of state law.  42 U.S.C. § 1983 (covering the conduct of "[e]very person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.").  A private party may be considered a state actor where it conspires with state officials.  *Hoai v. Vo*, 935 F.2d 308, 313 (D.C. Cir. 1991) ("Private parties. . . may be deemed to have acted under color of law in two circumstances: when they conspire with state officials, and when they willfully engage in joint activity with a state or its agents.").  However, it is not at all clear to the Court that Defendant Regan is in any way a state actor.  Plaintiff's single allegation of conspiracy with the NMLA Defendants, whom the Court has already determined are not state actors, **doc. 68,** does not automatically render her a state actor.  This necessarily calls into question the nature of Plaintiff's First Amendment, Fifth Amendment, and Fourteenth Amendment claims against Defendant Regan.  Without more, the Court cannot determine with any certainty that it retains jurisdiction over Defendant Regan.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Court similarly cannot determine whether it retains jurisdiction over Plaintiff's malicious abuse of process claim without demanding additional briefing.  Federal malicious prosecution claims are brought under 42 U.S.C. § 1983 and the Fourth Amendment. *See Margheim v. Buljko*, 855 F.3d 1077, 1085 (holding *Fourth Amendment* provides basis for asserting Section 1983 malicious prosecution claims). "A Section 1983 malicious prosecution claim includes five

elements: (1) the defendant caused the plaintiff's ... prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the ... prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *M.G. v. Young*, 826 F.3d 1259, 1262 (10th Cir. 2016). This necessarily involves a *criminal* proceeding. *Id.* ("To satisfy the second element of this test, the plaintiff must show more than just the withdrawal or vacating of criminal charges—the plaintiff must demonstrate that the criminal proceedings were dismissed for reasons indicative of innocence, and not because of an agreement of compromise, an extension of clemency, or technical grounds having little or no relation to the accused's guilt."). It is not clear at all that the Court retains jurisdiction over this § 1983 claim because Plaintiff has not clearly demonstrated any of the elements regarding Defendant Regan, who the Court cannot determine is a state actor via conspiracy, nor has he even alleged the claim under the proper amendment.

Plaintiff's malicious abuse of process claim more clearly parallels a state law claim under the New Mexico Tort Claims Act. "One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." *Richardson v. Rutherford*, 109 N.M. 495, 501, 787 P.2d 414, 420 (1990); *Mocek v. City of Albuquerque*, 3 F. Supp. 3d 1002, 1065 (D.N.M. 2014), *aff'd*, 813 F.3d 912 (10th Cir. 2015). The elements of a malicious-abuse-of-process action are: (i) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (ii) a primary motive in the use of process to accomplish an illegitimate end; and (iii) damages. *See Durham v. Guest,* 145 N.M. at 701; 204 P.3d at 26.

Plaintiff's allegations of civil system abuse are more easily read as a malicious abuse of process claim under New Mexico state law. As discussed below, it would thus be a state law claim over which the Court does not retain supplemental jurisdiction.

It does not appear that the Court retains any federal question jurisdiction absent the state actor defendants. It is therefore necessary that Plaintiff show cause as to why the Court has jurisdiction over the lone remaining defendant and why it should not decline to exercise supplemental jurisdiction. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011). A district court may decline to exercise supplemental jurisdiction even where other jurisdictional or merits issues remain, as allowing state courts to address remaining issues promotes comity and federalism. "[N]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 2011)), *abrogated on other grounds by Torres v. Madrid*, 141 S. Ct. 989 (2021); *see also Kinney v. Blue Dot Serv. of Kan.*, 505 F. App'x 812, 814–15 (10th Cir. 2012) (affirming district court's decision to not exercise supplemental jurisdiction over state law claims when federal claims were dismissed)

In evaluating the sufficiency of subject matter jurisdiction, a court "may consider evidence to resolve disputed jurisdictional facts. *Pringle v. United States,* 208 F.3d 1220, 1222 (10th Cir. 2000). *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). And indeed "a court can *require* an evidentiary showing of jurisdiction to resolve disputed facts or inadequate allegations." *Mikelson v. Conrad*, 839 F. App'x 275, 277 (10th Cir. 2021) (emphasis added). "[A]mendment is appropriate for technical changes, such as the exact grounds underlying diversity

jurisdiction." *Phelps Oil & Gas, LLC v. Noble Energy Inc.*, No. 23-1243, 2023 WL 6121016, at *3 (10th Cir2023) (quoting *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014)).

It is therefore ordered that Plaintiff shall provide evidence to demonstrate that this Court has subject matter jurisdiction over all federal *and* state law claims regarding Defendant Regan in this case within fourteen days of entry of this order. The filing should clearly state whether this Court has subject matter jurisdiction, the basis for jurisdiction, and provide evidence supporting subject matter jurisdiction. Defendant may reply to Plaintiff's response within fourteen days of service of the response. If Plaintiff fails to show cause, the Court will dismiss this action in its entirety without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　____/S/_____
　　　　　　　　　　　　　　　　　　KEA W. RIGGS
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE