**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JARROD LOWREY,

Plaintiff,

vs. No. 1:24-cv-00225-KWR-LF

NANCY COLLELA, in her official capacity,
CHERYL H. JOHNSTON, in her official capacity,
JAMES NOEL, in his official capacity,
CHRISTOPHER PEREZ, in his official capacity,
KARL REIFSTECK, in his official capacity,
MEGAN DUFFY, in her official capacity,
SHAMARRAH HENDERSON, in her official capacity,
SHANNON BACON, in her official capacity,
EDNA SPRAGUE, in her official capacity,
SARAH COFFEY, in her official capacity,
SONYA BELLAFANT, in her official capacity,
AMBER CHAVEZ BAKER, in her official capacity,
and JENNIFER REGAN, in her private capacity,

Defendants.

**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

THIS MATTER comes before the Court upon the Court's Order to Show Cause (**Doc. 69**) and Plaintiff's Response (**Doc. 70**). Following the dismissal of all other Defendants, the Court *sua sponte* ordered Plaintiff to demonstrate why the Court retained subject matter jurisdiction over Defendant Jennifer Regan. **Doc. 69**. Plaintiff has plainly failed to do so. The Court therefore **DISMISSES Counts 149, 150, 151, 152, 153 and 154 without prejudice** and **DISMISSES Counts 145, 146, 147, and 148 with prejudice**.

**FACTUAL BACKGROUND**

This case arises from child custody and domestic abuse proceedings in state court. **Doc. 1** ("Complaint"). Plaintiff alleges that Defendants are depriving Plaintiff of his Constitutional rights through their actions in the state court proceedings. Defendants include judges of the New Mexico

District Court, New Mexico Court of Appeals, and the New Mexico Supreme Court, a hearing officer, the mother of Plaintiff's son, and attorneys and the executive director of New Mexico Legal Aid. ***Id.* at 1–2**.

The Court dismissed Defendants Edna Sprague, Sarah Coffey and Sonya Bellafant (NMLA Defendants) on September 30, 2024, and dismissed Defendants Shannon Bacon, Amber Chavez-Baker, Nancy Collela, Megan Duffy, Shamarrah Henderson, Cheryl H. Johnston, James Noel, Christopher Perez, and Karl Reifsteck (Judicial Defendants) on November 19, 2024. **Doc. 54; Doc. 58**. The Court upheld those orders following motions for reconsideration on March 28, 2025, and April 1, 2025. **Doc. 67; Doc. 68**.

Specifically at issue here is Defendant Jennifer Regan, the mother of Plaintiff's son. On May 30, 2025, she filed a Motion to Dismiss for failure to state a claim. **Doc. 45** (alleging that Plaintiff lacks standing). The Court denied her Motion as deficient on July 26, 2024. **Doc. 54**. Plaintiff alleges nine counts against Defendant Regan: violations of the First Amendment, Fifth Amendment, and Fourteenth Amendment for malicious abuse of process of the United States Constitution, violation of the Legal Services Corporation Act, violations of Article II, §§4, 15, 17, and 18 of the New Mexico Constitution, violation of New Mexico's Family Preservation Act, and violation of New Mexico's Family Violence Protection Act. **Doc. 1 at 24–27**. Plaintiff alleges the Court has jurisdiction over all of these claims either through federal question jurisdiction by invoking 42 U.S.C. § 1983 or supplemental jurisdiction. ***Id.* at 1**.

Having dismissed all other defendants and denied Plaintiff's motions to reconsider those dismissals, the Court subsequently ordered Plaintiff to show cause as to why the Court retained subject matter jurisdiction over Defendant Regan. **Doc. 69**. The Court considers Plaintiff's Response below.

## LEGAL STANDARD

A federal court has an affirmative duty to ensure subject matter jurisdiction is established. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *Firstenberg v. City of Sante Fe, N.M.*, 696 F.3d 1018, 1022–23 (10th Cir. 2012) ("Federal subject matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts."). Federal Rule of Civil Procedure 12 says that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In evaluating the sufficiency of subject matter jurisdiction, a court "may consider evidence to resolve disputed jurisdictional facts. *Pringle v. United States,* 208 F.3d 1220, 1222 (10th Cir. 2000). *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). And indeed "a court can *require* an evidentiary showing of jurisdiction to resolve disputed facts or inadequate allegations." *Mikelson v. Conrad*, 839 F. App'x 275, 277 (10th Cir. 2021) (emphasis added). "[A]mendment is appropriate for technical changes, such as the exact grounds underlying diversity jurisdiction." *Phelps Oil & Gas, LLC v. Noble Energy Inc.*, No. 23-1243, 2023 WL 6121016, at *3 (10th Cir2023) (quoting *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014)).

## ANALYSIS

Plaintiff's Response to the Court's order to show cause contains little to none of the material this Court requested—that is, evidence demonstrating that the Court retains subject matter jurisdiction over Plaintiff's claims against Defendant Regan. **Doc. 70**. Rather, Plaintiff once again accuses this Court of *pro se* discrimination by defying "higher authority." ***Id.* at 4**. Indeed, Plaintiff admonishes the Court for asking him to "file a pleading to show cause why [the Court] has jurisdiction. . . but Plaintiff cannot, in good faith, offer up that which he does not believe to be lawful." ***Id.*** It is not wholly clear to the Court what Plaintiff means by this; federal courts are well

within their right to seek further information from the parties about whether it retains jurisdiction and are indeed obligated to ensure that they retain subject matter jurisdiction at all points in the case. Fed. R. Civ. P. 12(h)(3)

Even more confusingly, Plaintiff concludes his Response by asking "the Court to issue it's [sic] final order immediately so that this case can be reversed on direct appeal to the 10th Circuit." ***Id.* at 5**. Plaintiff appears to be asking this Court to dismiss the action wholesale because he is tired of the Court's disposition of each of his motions and hopes to seek fairer seas at the appellate level. Because Plaintiff proceeds *pro se*, the Court will give Plaintiff the liberal construction to which he is entitled and will not construe this odd language as consent to dismiss. The Court will instead proceed with its evaluation of whether it retains subject matter jurisdiction, as is required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(h)(3).

## I. The Court does not retain federal question jurisdiction over Defendant Regan.

Plaintiff alleges that this Court has jurisdiction because his complaint raises federal questions. However, Plaintiff's complaint raises no well-pleaded federal questions concerning Defendant Regan.

Absent diversity of citizenship, a plaintiff must demonstrate that a court retains what is known as federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint." *Id.* "[T]he vast majority of cases brought under the general federal-question jurisdiction of the derail courts are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("This provision for federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law (*e.g.,* claims

under 42 U.S.C. § 1983).”). A court evaluating its subject matter jurisdiction must look to see if the complaint supports retaining jurisdiction and must dismiss the action if the complaint does not properly plead a federal question. Fed. R. Civ. P. 12(h)(3).

Plaintiff alleges several federal claims against Defendant Regan and invokes federal question jurisdiction exclusively to do so. **Doc. 1 at ¶2** (“Plaintiff now brings this complaint under 42 U.S.C. Section 1983. . . The court has jurisdiction of this action under [several federal statutes including §1983].”). First, he alleges that she violated 42 U.S.C. § 2996, or the Legal Services Corporation Act. Next, he alleges that pursuant to 42 U.S.C. § 1983, Defendant is civilly liable for violations of the First, Fifth and Fourteenth Amendments of the United States Constitution. Specifically, Plaintiff alleges that Defendant violated Plaintiff’s right to free speech, right to be free from double jeopardy, and right to due process via malicious prosecution. For the reasons discussed below, the Court does not retain subject matter jurisdiction over Defendant Regan as to any of these claims.

*a. There are no viable First and Fifth Amendment claims under § 1983 against Defendant Regan over which the Court retains jurisdiction.*

§1983 claims mandate that a person be acting under color of state law. 42 U.S.C. § 1983 (covering the conduct of “[e]very person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.”). A private party may be considered a state actor where it conspires with state officials. *Hoai v. Vo*, 935 F.2d 308, 313 (D.C. Cir. 1991) (“Private parties. . . may be deemed to have acted under color of law in two circumstances: when they conspire with state officials, and when they willfully engage in joint activity with a state or its agents.”).

Plaintiff does not allege that Defendant Regan is a state official covered by § 1983. Rather, Plaintiff alleges that Defendant Regan "conspired" with the NMLA Defendants to fraudulently obtain legal services, and that the NMLA Defendants are conspiring with the Judicial Defendants to maliciously prosecute Plaintiff. **Doc. 1 at ¶325**. Plaintiff's single allegation of conspiracy with the NMLA Defendants, whom the Court has already determined are not state actors, **doc. 68,** does not automatically render her a state actor. This is particularly clear given that Plaintiff himself repeatedly concedes that Defendant Regan is not a state actor and cannot offer any evidence of a conspiracy beyond his increasingly aggressive assertions to the contrary. The Court gave Plaintiff the opportunity to provide further evidence of a conspiracy sufficient to find that Defendant Regan is a state actor. **Doc. 69;** *Pringle,* 208 F.3d at 1222 (In evaluating the sufficiency of subject matter jurisdiction, a court "may consider evidence to resolve disputed jurisdictional facts."). Indeed, the Court mandated, as is its right, that Plaintiff proffer *any* evidence that this Court retains subject matter jurisdiction. *Conrad*, 839 F. App'x at 277 (Finding that "a court can require an evidentiary showing of jurisdiction to resolve disputed facts or inadequate allegations."). Plaintiff has wholly failed to do so, instead accusing the Court of unlawful behavior and doubling down on his bareboned assertions which the Court cautioned him were likely deficient. **Doc. 70**.

Plaintiff's Complaint does not demonstrate that § 1983 creates a cause of action against Defendant Regan because it outright concedes that she is not a state actor and offers no well-pleaded factual allegations that Defendant conspired with any state actor. *See Merrell Dow Pharms. Inc.*, 478 U.S. at 809 ("[R]espondents do not allege that federal law creates any of the causes of action that they have asserted."). Without evidence from either the Complaint or Plaintiff's Response to demonstrate that Defendant Regan is subject to liability under § 1983 via

conspiracy or as a state actor, the Court does not have jurisdiction. This renders Plaintiff's First and Fifth Amendment claims dead in the water.

*b. The Court also does not retain jurisdiction over Plaintiff's Fourteenth Amendment claim because Defendant is not a state actor.*

The only claim that might be legitimately within the Court's purview (when construed liberally) is Plaintiff's malicious abuse of process claim.

Federal malicious prosecution claims are brought under 42 U.S.C. § 1983 and the Fourth Amendment. *See Margheim v. Buljko*, 855 F.3d 1077, 1085 (holding *Fourth Amendment* provides basis for asserting Section 1983 malicious prosecution claims). "A Section 1983 malicious prosecution claim includes five elements: (1) the defendant caused the plaintiff's ... prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the ... prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *M.G. v. Young*, 826 F.3d 1259, 1262 (10th Cir. 2016). This necessarily involves a *criminal* proceeding. *Id.* ("To satisfy the second element of this test, the plaintiff must show more than just the withdrawal or vacating of criminal charges—the plaintiff must demonstrate that the criminal proceedings were dismissed for reasons indicative of innocence, and not because of an agreement of compromise, an extension of clemency, or technical grounds having little or no relation to the accused's guilt.").

Plaintiff still has not demonstrated that Defendant is a state actor. *Schoenfeld v. Sides*, 719 F. App'x 854, 855 (10th Cir. 2018) ("When someone is falsely arrested or maliciously prosecuted, *state actors* face potential liability under 42 U.S.C. § 1983." (emphasis added)). Indeed, he repeatedly concedes the opposite. **Doc. 1 at ¶3** (admitting that Jennifer Regan is a third party allegedly conspiring with the NMLA Defendants). And this Court has repeatedly held that the NMLA Defendants are not state actors, thus mooting any conspiracy § 1983 liability. *See Hoai*,

935 F.2d at 313 ("Private parties. . . may be deemed to have acted under color of law in two circumstances: when they conspire *with state officials*, and when they willfully engage in joint activity *with a state or its agents*." (emphasis added)).

Even if Defendant Regan were somehow a state actor, § 1983 does not create a cause of action for civil abuse of process. *See Weidner v. McHale*, No. 24-1145, 2025 WL 707446, at *10 (10th Cir. Mar. 5, 2025) (differentiating between federal malicious prosecution claims and state abuse of process claims). And "[t]o state a malicious prosecution claim, plaintiffs must show they were prosecuted. *Advantageous Cmty. Servs., LLC v. King*, 844 F. App'x 58, 63 (10th Cir. 2021) (citing *Mglej v. Gardner*, 974 F.3d 1151, 1170 (10th Cir. 2020)). Plaintiff's Complaint refers obliquely to "domestic violence petitions" and family court proceedings, not criminal prosecutions. Even if he had referred to specific criminal prosecutions, he never demonstrated with well-pleaded factual allegations that there was no probable cause for those proceedings. *Young*, 826 F.3d at 1262 (requiring that there have been no probable cause for the underlying criminal proceedings); *Caterpillar Inc.*, 482 U.S. 392 (evaluating subject matter jurisdiction on the sufficiency of the complaint).

However,"[i]f [a party] proceeds *pro se,* the court should construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Plaintiff alleges his malicious prosecution claim under § 1983, which would make the claim a federal question. Defendant Regan is clearly not a state actor subject to § 1983, meaning read as alleged, the Court retains no subject matter jurisdiction. Construed liberally, on the other hand, Plaintiff's claims could also be read as New Mexico tort law claims: the malicious abuse of process claim more clearly parallels a state law claim under the New Mexico Tort Claims Act.

"One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." *Richardson v. Rutherford*, 109 N.M. 495, 501, 787 P.2d 414, 420 (1990); *Mocek v. City of Albuquerque*, 3 F. Supp. 3d 1002, 1065 (D.N.M. 2014), *aff'd*, 813 F.3d 912 (10th Cir. 2015). The elements of a malicious-abuse-of-process action are: (i) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (ii) a primary motive in the use of process to accomplish an illegitimate end; and (iii) damages. *See Durham v. Guest,* 145 N.M. at 701; 204 P.3d at 26. These elements more clearly parallel the facts alleged in Plaintiff's Complaint, making it easy to construe it as a New Mexico state law malicious abuse of process claim. **Doc. 1 at 24.**

Construed liberally, this final claim against Defendant Regan would thus be a state law claim over which the Court could have retained supplemental jurisdiction in the presence of other federal defendants. However, as discussed *infra*, the Court will decline to exercise supplemental jurisdiction over it, as it does with all other remaining state law claims.

*c. 42 U.S.C. § 2996 does not create a federal question regarding Defendant Regan.*

Finally, 42 U.S.C. § 2996 does not create any cause of action over which this Court would retain jurisdiction.

42 U.S.C. §2996 does not itself create a cause of action. It is true that a defendant may seek reasonable costs and fees where "the Corporation or a recipient's plaintiff" maliciously abuses the legal process. 42 U.S.C. § 2996(e). However, that requires "a finding by the court that the action was commenced or pursued for the sole purpose of harassment of the defendant or that the Corporation or a recipient's plaintiff maliciously abused legal process," something Plaintiff wholly lacks, at least based on the allegations of his Complaint. *Id.*; **Doc. 1**.

Instead, Plaintiff alleges that this statute makes the NMLA Defendants state actors, and that by allegedly conspiring with them, Defendant Regan has taken action attributable to the state. **Doc. 1 at ¶3**. Plaintiff contends that New Mexico Legal Aid's attorneys are state actors because the Legal Services Corporation Act states "Employees of the Corporation and staff attorneys shall be deemed to be State or local employees *for purposes of chapter 15 of title 5*." **Doc. 26 at 4** (quoting 42 U.S.C. § 2996e(e)(2)) (emphasis added). Chapter 15 of Title 5 prohibits state and local employees from using their official authority or influence for the purpose of interfering with or affecting the result of an election and from being a candidate for elective office "if the salary of the employee is paid completely, indirectly or indirectly, by loans or grants made by the United States or a Federal agency." 5 U.S.C. § 1502(a). The Legal Services Corporation Act, 42 U.S.C. § 2996e(e)(2), deems staff attorneys as state employees "for purposes of chapter 15 of Title 5 [5 U.S.C. §§ 1501 et seq.]," but does not deem staff attorneys to be state employees for purposes of 42 U.S.C. § 1983. There can be no § 1983 conspiracy liability where a defendant did not conspire with someone acting under color of state law.

Plaintiff's Complaint likewise thus does not support a claim under 42 U.S.C. 2996 that would grant the Court federal question jurisdiction to retain the case.

## II. <u>The Court will not exercise supplemental jurisdiction over Defendant Regan.</u>

Plaintiff's remaining claims allege several violations of Article II of the New Mexico State Constitution, violations of NM Stat. §40-15-4, and violations of NM Stat. §40-13. None of these claims present federal question. The Court must necessarily decide whether to exercise supplemental jurisdiction and hold onto the state law claims over Defendant Regan. The Court declines to do so.

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011). A district court may decline to exercise supplemental jurisdiction even where other jurisdictional or merits issues remain, as allowing state courts to address remaining issues promotes comity and federalism. "[N]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 2011)), *abrogated on other grounds by Torres v. Madrid*, 141 S. Ct. 989 (2021); *see also Kinney v. Blue Dot Serv. of Kan.*, 505 F. App'x 812, 814–15 (10th Cir. 2012) (affirming district court's decision to not exercise supplemental jurisdiction over state law claims when federal claims were dismissed). Given that there are no remaining federal defendants or remaining federal questions, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant Regan.

When declining to exercise supplemental jurisdiction, a district court may dismiss the state law claims without prejudice or remand the claims to state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988). Because this case was originally filed in federal court, the Court finds that dismissal without prejudice is appropriate.

**III. The Court declines to *sua sponte* offer leave to amend.**

Plaintiff did not respond to the motion to dismiss or request leave to amend. The Court therefore declines to *sua sponte* offer Plaintiff leave to amend.

Generally, a party must make a motion for leave to amend a complaint, and a district court need not offer leave to amend *sua sponte*. Local rule 15.1 requires that "a proposed amendment to a pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1. The Tenth Circuit has held that the federal rules also require a motion to be filed. *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023) (*pro se* plaintiff "never separately filed a motion with a proposed amended complaint adding those claims, as required by Federal Rule of Civil Procedure 15(a)(2) and District of Colorado Rule 15.1(b)."). Rule 7 requires a request for relief to be made by a motion that (1) is in writing, (2) "states with particularity the grounds for seeking the order," and (3) specifies the relief sought. Fed.R.Civ.P. 7(b)(1). "We have recognized the importance of Fed.R.Civ.P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion." *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999).

Moreover, it is not arbitrary or capricious for a district court to deny leave to amend where a party failed to file a motion for leave to amend. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021) ("We have long held that bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court."); *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014) (court did not abuse discretion in denying leave to amend where party did not file a motion); *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("We have recognized the importance of Fed.R.Civ.P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion."); *Glenn v. First National Bank in Grand Junction,* 868 F.2d 368, 369–72 (10th Cir. 1989) ("Appellant did not move the court for leave to amend the complaint and therefore the district judge committed no error in not ruling thereon."). Therefore,

when a party does not request leave to amend after following a motion to dismiss, Tenth Circuit law is clear that a district court generally need not *sua sponte* offer leave to amend.

In some cases, a court should offer a *pro se* party leave to amend *sua sponte*, such as where the Court dismisses a complaint *sua sponte* and a motion to dismiss has *not* been filed. *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1173 n.4 (10th Cir. 2023); *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

That is not the case here. Defendant filed a motion to dismiss, which the Court evaluated. Plaintiff was on notice from the Court that his Complaint was likely deficient. *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1173 n.4 (10th Cir. 2023) (noting that court need not grant pro se plaintiff leave to amend where a motion to dismiss was filed, distinguishing cases where court *sua sponte* screened and dismissed complaint); *see also Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991) (recognizing that a motion to dismiss provides a plaintiff notice and opportunity to amend complaint, as opposed to sua sponte dismissal). Moreover, Plaintiff has requested that the Court issue its final order so he can get on with his appeal. There seems no reason to offer Plaintiff leave to amend his Complaint at this stage, given his request and the Court's repeated admonitions that his Complaint is deficient.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Counts 149, 150, 151, 152, 153 and 154 are **DISMISSED without prejudice** and that Counts 145, 146, 147, and 148 are **DISMISSED with prejudice.**

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE